IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PENNANT MANAGEMENT, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 14 CV 7581 |
| | ) | |
| FIRST FARMERS FINANCIAL, LLC, | ) | Hon. Amy J. St. Eve |
| NIKESH AJAY PATEL, TRISHA N. PATEL, | ) | United States District Court Judge |
| ALENA HOSPITALITY, LLC, ALENA | ) | |
| LABORATORIES, LLC, ALENA AVIATION, | ) | |
| LLC, ABLE CONNECTION, LLC, NPSSS, | ) | |
| LLC,  KUBER CAPITAL FUNDING, LLC, | ) | |
| KUBER CONSULTING, SURI HOSPITALITY, | ) | |
| LLC, and SURI HOSPITALITY | ) | |
| INTERNATIONAL, LLC | ) | |
| | ) | |
| Defendants. | ) | |

**AGREED ORDER FOR PRELIMINARY INJUNCTION
BY CONSENT OF THE PARTIES**

WHEREAS, this matter came before the Court for hearing on September 29, 2014, on the complaint of Plaintiff Pennant Management, Inc. ("Pennant") and its *Ex Parte* Emergency Motion for Entry of Temporary Restraining Order and Preliminary Injunction or, Alternatively, an Order for Prejudgment Attachment (the "Motion"), and the declarations and exhibits filed in support of the Motion (D.E. # 5), against Defendants First Farmers Financial, LLC ("FFF"), Nikesh Ajay Patel ("Nikesh"), Trisha N. Patel ("Trisha"), Alena Hospitality, LLC, Alena Laboratories, LLC, Alena Aviation, LLC, Able Connection, LLC, NPSSS, LLC, Kuber Capital Funding, LLC, Kuber Consulting, Suri Hospitality, LLC, and Suri Hospitality International, LLC (which, together with Alena Hospitality, LLC, Alena Laboratories, LLC, Alena Aviation, LLC, Able Connection, LLC, NPSSS, LLC, Kuber Capital Funding, LLC,

1

and Suri Hospitality, LLC shall be collectively referred to as the "Patel Entities"), seeking, among other things, entry of a temporary restraining order pursuant to Federal Rule of Civil Procedure 65, restraining and enjoining Defendants from removing, transferring, or otherwise disposing of any of the assets currently believed to be held in accounts in the name of one or more of the Defendants or Patel Entities at financial institutions including but not limited to BMO Harris Bank, Bank of America, Sun Trust Bank, PNC Bank, BB&T Bank and Trust, Wells Fargo Bank, Fifth Third Bank, JPMorgan Chase Bank, Banes Capital High Income Fund, and E-Trade, which contain funds that are allegedly rightfully the property of Pennant but have been fraudulently obtained by Defendants, as well as any additional real or tangible assets which may be identified, including but not limited to, the following real property held in the names of Alena Hospitality LBV, LLC, Alena Hospitality SSF, LLC, Alena Hospitality UCF, LLC, 7411 Investments, LLC, Point Cypress, LLC, Alena Hospitality, LLC, and/or Alena Hospitality, Inc.:

- 9850 Laurel Valley, Windermere, FL;
- 9120 Kilgore Rd., Orlando, FL;
- 12490 S. Apopka Vineland Rd., Orlando, FL;
- 400 W. Livingston St., Orlando, FL;
- 12125 High Tech Ave., Orlando, FL;
- 50 Kenny Place, Saddle Brook, NJ
- 7411 International Drive, Orlando, FL;
- Point Cypress Drive, Orlando, FL; and
- 500 Hamilton Blvd., Peoria, IL;

In addition, injunctive relief was sought regarding franchise agreements with Bennigan's, personal property of the Defendants including a Lamborghini Gallardo, a Rolls Royce, jewelry, gold coins held in safe deposit boxes in the name of one or more defendants, and any loans made by FFF including one or more loans made by FFF to one or more charter schools until such time as this Court has held a preliminary injunction hearing determining Pennant's right to injunctive relief arising out of Defendants' widespread and systematic fraud;

WHEREAS, on September 29, 2014, this Court entered an Order Granting Temporary Restraining Order (the "Injunction Order") against each of the Defendants for the reasons indicated and on the terms set forth therein, and scheduling a hearing on Plaintiff's Motion for a Preliminary Injunction on October 8, 2014 at 9:30 a.m. A copy of such Injunction Order is hereby incorporated by reference [D.E. # 10];

WHEREAS, on October 6, 2014, the parties jointly moved this Court for an Order extending the Temporary Restraining Order through and including October 14, 2014 and continuing the hearing on Plaintiff's Motion for a Preliminary injunction to October 14, 2014 at 9:45 a.m. [D.E. # 12] in order to provide the parties with an opportunity to arrive at an agreed injunction order;

WHEREAS, on October 7, 2014, this Court entered an Agreed Order extending the Temporary Restraining Order and continuing the hearing on Plaintiff's Motion for a Preliminary Injunction to October 14, 2014 at 9:45 a.m. A copy of such Agreed Order is hereby incorporated by reference [D.E. # 15]; and

WHEREAS, counsel for the Parties have engaged in extensive discussions, including in person meetings regarding this matter and in furtherance of those discussions, have agreed

to enter into an Agreed Order for a Preliminary Injunction by Consent of the Parties until further order of this Court.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED BY AGREEMENT OF THE PARTIES, that subject to the following specific matters listed in paragraphs 1-8 below, Defendants, their respective officers, agents, representatives, relatives, attorneys, other professionals, all persons in active concert or participation with them, and any others with actual notice of this order are enjoined from removing, transferring, or otherwise disposing of any of the assets of Defendants, including those currently believed to be held in accounts in the name of one or more of the Defendants or Patel Entities at financial institutions including but not limited to BMO Harris Bank, Bank of America, Sun Trust Bank, PNC Bank, BB&T Bank and Trust, Wells Fargo Bank, Fifth Third Bank, JPMorgan Chase Bank, Banes Capital High Income Fund, and E-Trade, which contain funds that are allegedly rightfully the property of Pennant but have been fraudulently obtained by Defendants, as well as any additional real or tangible assets which may be identified, including but not limited to, the following real property held in the names of Alena Hospitality LBV, LLC, Alena Hospitality SSF, LLC, Alena Hospitality UCF, LLC, 7411 Investments, LLC, Point Cypress, LLC, Alena Hospitality, LLC, Alena Hospitality Saddle Brook, LLC, and/or Alena Hospitality, Inc.:

- 9850 Laurel Valley Drive, Windermere, FL;
- 9120 Kilgore Rd., Orlando, FL;
- 12490 S. Apopka Vineland Rd., Orlando, FL;
- 400 W. Livingston St., Orlando, FL;
- 12125 High Tech Ave., Orlando, FL;

4

- 7411 International Drive, Orlando, FL, subject to the Defendants' ability to quitclaim this property to NeJame Law without prejudice to Plaintiff's right to seek to have that quitclaim deed rescinded to the extent said property was acquired with proceeds of the Defendants' fraud;

- 50 Kenny Place, Saddle Brook, NJ

- Point Cypress Drive, Orlando, FL; and

- 500 Hamilton Blvd., Peoria, IL;

In addition, this injunction order shall apply to franchise agreements with Bennigan's, personal property of the Defendants including a Lamborghini Gallardo, a Rolls Royce, jewelry, including a Rolex, two Henry Mille, and two Hublot watches (but excluding Trisha's jewelry acquired prior to or at the time of their wedding), gold coins held in safe deposit boxes in the name of one or more defendants, and one or more loans made by FFF to one or more charter schools.

Notwithstanding the foregoing injunction, the Parties have agreed to the following:

1. The sum of Six Million One Hundred Twenty-Three Thousand Nine Hundred and 00/100 Dollars ($6,123,900.00) currently held by GreatBanc Trust Company in a custodian account for FFF shall be immediately transferred and surrendered to Pennant in partial satisfaction of the claims of Pennant against FFF alleged in this action;

2. By this Order, the following operating accounts held at BMO Harris Bank, N.A., and only these accounts, shall be released from the prior Temporary Restraining Order and excluded from this Agreed Preliminary Injunction: account number x6113 in the name of Alena Hospitality UCF, LLC; account number x6105 in the name of Alena Hospitality LBV, LLC; account number x8325 in the name of Alena Hospitality Saddle Brook, LLC;

account number x6136 and x6091 in the name of Able Connection, LLC, and accounts 481512152; 4815152101; 4815152128; 4815152136; 4815152144; 4815152160; 4813637019 in the name of True Line Contracting and Remodeling Services, Inc.

      3.      Up to One Hundred Thousand Dollars ($100,000.00) shall be made available for the payment of an initial retainer to counsel for Defendants, NeJame Law of Orlando, Florida. Said sum shall be made available first from amounts on deposit in NeJame Law's client trust account held for the account of one or more of the Defendants, and any shortfall shall be made available from the amounts transferred and surrendered pursuant to Paragraph 1 above. The Parties understand and agree that further amounts may be paid to NeJame Law from assets that are the subject to this Agreed Order by further agreement of the Parties and this Paragraph is not intended to constitute the sole or exclusive amounts which may ultimately be paid to NeJame Law;

      4.      The Parties will work cooperatively to market and sell five separate hospitality properties identified as follows:

      a.      Crowne Plaza Orlando – Lake Buena Vista; 12490 Apopka-Vineyard Rd., Orlando, FL 32836;

      b.      Crowne Plaza Saddle Brook, 50 Kenny Pl., Saddle Brook, NJ 07663;

      c.      Four Points by Sheraton, 500 Hamilton Blvd., Peoria, IL 61602;

      d.      Doubletree by Hilton Hotel - Orlando East, UCF Arena, 12125 High Tech Ave., Orlando, FL 32817; and

      e.      Renaissance by Marriott – Orlando Downtown, 400 W. Livingston St., Orlando, FL 32801. The properties described in the five subparts of this Paragraph shall be collectively referred to as the "Alena Hospitality Portfolio."

5. The Alena Hospitality Portfolio is currently the subject of a Letter of Intent provided by Continental Properties Acquisitions Corporation ("Continental") of Miami, FL (the "Continental LOI") evidencing Continental's interest in acquiring the Alena Hospitality Portfolio. The parties are in discussions with Continental regarding the purchase and sale of the Alena Hospitality Portfolio, and are prepared to move forward with those negotiations with Continental on an exclusive basis for a defined period of time to be determined by further agreement of the parties, provided that the parties may also consider and pursue other opportunities to sell the Alena Hospitality Portfolio following the conclusion of that exclusivity period if it has not resulted in a binding purchase agreement, and provided further that the approval of Pennant shall be required in connection with any sale of the Alena Hospitality Portfolio or any of the individual properties and the net proceeds from such a sale shall be transferred and surrendered to Pennant in partial satisfaction of the claims of Pennant against FFF alleged in this action.

6. The Parties understand and agree that certain sums are necessary to maintain and, in some cases operate, the properties comprising the Alena Hospitality Portfolio, and that those sums should, in the first instance, come from the operating accounts released from the prior Temporary Restraining Order pursuant to Paragraph 2 above. To the extent the amounts on deposit in those accounts are insufficient to defray such necessary expenses, the Parties shall consider making additional funds available by agreement of the Parties from amounts turned over to Pennant pursuant to Paragraph 1 or from accounts whose transfer is otherwise enjoined hereunder pursuant to further order of Court, PROVIDED HOWEVER,

    a. All amounts needed for such operations or maintenance shall be detailed in a weekly budget which shall be provided by Defendants to Plaintiff, and no amounts shall be withdrawn or spent without prior written approval by Plaintiff; and

    b. In the event the Parties are unable to agree on the amounts which are needed for such operations and maintenance, either Party may bring a motion before this Court to have that issue heard and determined.

  7. The Parties will also work cooperatively to market and sell the real property located at

    a. 9850 Laurel Valley Drive, Windemere, FL; and

    b. Point Cypress Dr., Orlando, FL.;

The net proceeds from such sales shall be transferred and surrendered to Pennant in partial satisfaction of the claims of Pennant against FFF alleged in this action.

  8. The Parties will also work cooperatively to market and sell or otherwise liquidate the personal property of the Defendants including but not limited to the Lamborghini Gallardo, the Rolls Royce, jewelry including a Rolex, two Henry Mille, and two Hublot watches (but excluding Trisha's jewelry acquired prior to or at the time of their wedding), gold coins held in safe deposit boxes in the name of one or more defendants, and any loans made by FFF including one or more loans made by FFF to one or more charter schools, and the net proceeds from such sales shall be transferred and surrendered to Pennant in partial satisfaction of the claims of Pennant against FFF alleged in this action.

  It is further ORDERED, by agreement of the Parties, that no bond shall be required in connection with the entry of this Preliminary Injunction by Consent of the Parties.

It is further ORDERED that this matter is continued for a report on status to October 28, 2014 at 8:30 a.m.

Dated: October 14, 2014

_____
The Honorable Amy J. St. Eve
United States District Court Judge