**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| PENNANT MANAGEMENT, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 14 CV 7581 |
| | ) | |
| FIRST FARMERS FINANCIAL, LLC, | ) | Hon. Amy J. St. Eve |
| NIKESH AJAY PATEL, TRISHA N. PATEL, | ) | United States District Judge |
| ALENA HOSPITALITY, LLC, ALENA | ) | |
| LABORATORIES, LLC, ALENA AVIATION, | ) | |
| LLC, ABLE CONNECTION, LLC, NPSSS, | ) | |
| LLC, KUBER CAPITAL FUNDING, LLC, | ) | |
| KUBER CONSULTING, SURI HOSPITALITY, | ) | |
| LLC, and SURI HOSPITALITY | ) | |
| INTERNATIONAL, LLC | ) | |
| | ) | |
| Defendants. | ) | |

## AGREED ORDER APPOINTING RECEIVER

This matter having come before the Court upon the Parties' Agreed Motion for Appointment of Receiver ("Agreed Motion for Appointment of Receiver") and the Court having reviewed the Agreed Motion and orders referenced therein, and being duly advised in the premises, hereby

ORDERS and ADJUDGES as follows:

1. The Court has jurisdiction over the subject matter and the Parties to this cause.

2. Plaintiff's Agreed Motion for Appointment of Receiver is granted. A receiver is appointed to exercise control over the assets owned by Defendants and to control the Defendant Entities (collectively, the "Receivership Estate"), with the assistance of Nikesh Patel and individuals employed by the Defendant entities, to conserve, protect, and maintain the Receivership Estate and market and sell the Receivership Estate for partial satisfaction of the

1

claims asserted by Plaintiff in this action consistent with the terms and conditions of this Agreed Order and the Engagement Letter entered into between Janus Hotel Management Services, LLC and Plaintiff Management, Inc., dated as of November 6, 2014 and attached hereto as Exhibit A.

3. The Receivership Estate *shall* include, for the purposes of securing, safeguarding, maintaining, preserving, and, to the extent requested by the Plaintiff to do so, marketing and selling, *inter alia*, the following assets identified to date and that are available to be transferred and surrendered to Plaintiff, with the assistance of Nikesh Patel and individuals employed by the Defendant entities, as well as other assets that may be discovered or identified in connection with this case:

(a) Five separate hospitality properties identified as follows: (i) Crowne Plaza Orlando – Lake Buena Vista, 12490 Apopka-Vineyard Rd., Orlando, FL 32836; (ii) Crowne Plaza Saddle Brook, 50 Kenny Pl., Saddle Brook, NJ 07663; (iii) Four Points by Sheraton, 500 Hamilton Blvd., Peoria, IL 61602; (iv) Doubletree by Hilton Hotel - Orlando East, UCF Arena, 12125 High Tech Ave., Orlando, FL 32817; and (v) Renaissance by Marriott – Orlando Downtown, 400 W. Livingston St., Orlando, FL 32801 (the properties described in the five subparts of this Paragraph shall be collectively referred to as the "Alena Hospitality Portfolio");

(b) Certain real property and improvements located at (i) 9850 Laurel Valley Drive, Windermere, FL; and (ii) Point Cypress Dr., Orlando, FL; and

(c) Miscellaneous personal property including: (i) a Lamborghini Gallardo; (ii) a Rolls Royce Wraith; (iii) Mercedes Benz SLK Roadster; (iv) Mercedes Benz 380 SL Roadster; (v) Ski Nautique Power Boat; (vi)

interests in Mingo's Restaurants; (vii) watches and other jewelry; and (viii) gold coins and a gold bar held in safe deposit boxes in the name of one or more Defendants.

4. The Receivership Estate *may* include, to the extent the Receiver is requested by Plaintiff to do so, for the purposes of securing, safeguarding, and/or marketing and selling, *inter alia*, the following assets identified to date and that are available to be transferred and surrendered to Plaintiff, with the assistance of Nikesh Patel and individuals employed by the Defendant entities, as well as other assets that may be discovered or identified in connection with this case:

(a) The sum of Six Million One Hundred Twenty-Three Thousand Nine Hundred and 00/100 Dollars ($6,123,900.00) currently held by GreatBanc Trust Company in a custodian account for First Farmers Financial, LLC;

(b) Funds in bank and other accounts including accounts at BMO Harris, E*Trade, Bank of America, Sun Trust, PNC Bank, Branch Bank & Trust, Wells Fargo, Fifth Third Bank, JPMorgan Chase, and Banes Capital, some of which are currently used for the operation of the Alena Hospitality Portfolio, including the following BMO Harris accounts: account number x6113 in the name of Alena Hospitality UCF, LLC; account number x6105 in the name of Alena Hospitality LBV, LLC; account number x8325 in the name of Alena Hospitality Saddle Brook, LLC; and account number x6136 and x6091 in the name of Able Connection, LLC;

(c) Loan receivables held in whole or in part by First Farmers Financial, LLC, including loans made to (i) Lancaster Energy Partners; (ii) Beds for Less;

          (iii) Sunday Horse; (iv) Sunshine Hotel; (v) Charter School Development, Inc.; and (vi) one additional loan for $100,000.00 to a commercial office building owner or operator yet to be identified;

    (d)    Certain real property and improvements located at (i) 7411 International Drive, Orlando, FL; and (ii) 9120 Kilgore Road, Orlando, FL;

    (e)    Miscellaneous personal property including a (i) Cadillac Escalade; and (ii) Range Rover; and

    (f)    Earnest money deposits from aborted transactions, including funds in connection with the planned acquisition of property on Las Olas Boulevard, Fort Lauderdale, FL, and at Crystal Cove, Marathon Key, FL.

5.    Michael M. Nanosky of Janus Hotel Management Services, LLC ("Receiver"), whose address is 2300 Corporate Boulevard NW, Suite 232, Boca Raton, Florida 33431, is hereby appointed as Receiver of the Receivership Estate.

6.    The Receiver shall file with the Court an Oath of Receiver within ten (10) days of the date of this Order which shall bind the Receiver to the terms and conditions set forth therein.

7.    The Receiver is directed to obtain a surety bond in the amount of One Hundred Thousand Dollars ($100,000.00) with a good and sufficient corporate surety, the form of which shall be approved by the Clerk of the Court. Said bond shall be conditioned upon the faithful performance of the Receiver of his duties. The bond shall provide coverage to the Plaintiff and Defendants, as their respective interests may appear in this action. The bond shall be filed with the Clerk of this Court within fourteen (14) days of the date of this Order. Any party may, within ten (10) days of the filing of the bond, file and serve on all other parties of record any objections to the sufficiency or propriety of the surety.

8.      Immediately upon filing of the bond and taking the oath as set forth above, Receiver shall be vested with all the powers and responsibilities of a receiver as provided by law to receivers and as specifically set forth herein, and, with the assistance of Nikesh Patel and individuals employed by the Defendant entities, shall take possession and be appointed as the receiver of the Receivership Estate.  Receiver shall take immediate possession and control of the Receivership Estate, including all of the assets identified in Paragraph 3 above and, to the extent requested to do so by Plaintiff, the assets identified in Paragraph 4 above, as well as (1) all assets, contracts, royalties, rents, receivables, accounts, deposits, profits, equities, and any other rights associated with that property; (2) all materials, supplies, fixtures, furniture, equipment, inventory, tools, vehicles, and other personalty associated with that property; (3) all leaseholds, easements, lease agreements and rights of access associated with that property; (4) all books, ledgers, checkbooks, bank statements, accounting records, customer lists, billing records, tax returns and records of any kind; and (5) other records pertaining to that property or the Receivership Estate more generally.

9.      Within 30 days of qualification hereunder, Receiver shall, with the assistance of Nikesh Patel and individuals employed by the Defendant entities, file in this action an initial inventory of all property, including all real property, monies, accounts, receivables, written or oral leases, rental contracts, options, contracts for sale, insurance policies, and personal property of which Receiver shall have taken possession pursuant hereto, and if Receiver subsequently shall come into possession of additional property, receiver shall file a supplemental inventory thereof.

10.     As set forth herein, Receiver is authorized to take possession of the Receivership Estate and, with the assistance of Nikesh Patel and individuals employed by the Defendant

entities, to take all necessary steps as directed by Plaintiff to care for, manage, preserve, maintain and dispose of the Receivership Estate, including the following acts:

    (a)    Receiver may notify all necessary local, state, and federal governmental agencies (including any taxing authorities), vendors, suppliers, customers, and other interested parties of the appointment of the Receiver;

    (b)    Receiver shall not be obligated to file any federal or state income tax returns, schedules, or other forms, which shall continue to be an obligation of the Defendants;

    (c)    Receiver shall collect any and all royalties, rents, income, issues, and profits from the Receivership Estate;

    (d)    All royalties, rents, income, issues, and profits collected by Receiver may be applied, in Receiver's discretion after consultation with Plaintiff, to the care, management, preservation, and maintenance of the Receivership Estate and to pay expenses and debts of the Receivership Estate subject to the provisions of this Order. Receiver shall hold any excess monies not expended for such purposes and all monies received from the disposition of any assets directed by Plaintiff shall be remitted to the segregated account as set forth in Paragraph 14 below and subject to further order of this Court. Receiver or Plaintiff may, from time to time and on due notice to all parties entitled thereto, apply to this Court for orders instructing Receiver as to the disposition of amounts collected by Receiver;

    (e)    Receiver may operate the Receivership Estate in the ordinary and usual course of business and without making any upgrades or improvements to

        the Receivership Estate; may pay obligations associated with the Receivership Estate (including state and federal taxes); may employ and terminate servants, agents, employees, clerks and accountants; purchase materials, supplies, advertising, and other services at ordinary and usual rates and prices using funds that shall come into Receiver's possession; may collect or compromise debts of the Receivership Estate; and may incur the risks and obligations ordinarily incurred by owners, managers, and operators of similar enterprises, which in the Receiver's reasonable judgment, are necessary for the operation of the business.  No such risk or obligation so incurred shall be the personal risk or obligation of Receiver but shall be a risk or obligation of the Receivership Estate;

(f)   Receiver may authorize the prosecution of all proper actions for the collection of receivables or rents due on the Receivership Estate, for the removal of any occupant, tenant, or other persons in default from the Receivership Estate and to bring and prosecute all actions for the protection of the Receivership Estate or to recover possession thereof;

(g)   Receiver may conduct appropriate marketing or other promotional activity directed to any appropriate parties for the benefit of the Receivership Estate;

(h)   Upon written consent of Plaintiff or upon further order of this Court, Receiver may hire, employ, and retain legal counsel, certified public accountants, marketing, communications and construction consultants, computer or information systems consultants, appraisers, investigators,

7

and any other professionals which Receiver deems necessary to assist in the discharge of duties under this order without further approval of this court. Further, upon written consent of Plaintiff to Receiver's proposed budget or further order of this Court, Receiver may pay any such professional at the ordinary and usual rate out of the funds that shall come into Receiver's possession;

(i) To the extent authorized to do so consistent with Paragraph 4 above, Receiver shall take possession of and receive from all depositories, banks, savings and loan associations, thrifts, brokerages, and otherwise, any money on deposit in such institutions relating to the Receivership Estate, or income accounts of the Receivership Estate, and may open or close any and all monetary accounts, including bank, checking, savings, money market, certificate of deposit or brokerage accounts, and the receipt of Receiver of these funds shall discharge any institutions from further responsibility for accounting for these funds for which Receiver shall give a receipt;

(j) Receiver shall take possession of, succeed to, and exercise Defendants' rights in and under all executory contracts, leases, options or other agreements affecting the Receivership Estate. Receiver may cancel, extend, modify, or enter into any agreements, franchise agreements, contracts, or leases necessary or appropriate for the operation of the Receivership Estate. Receiver may pay, collect, hold, or refund security

        deposits as Receiver deems appropriate for the management and preservation of the Receivership Estate; and

(k)    Receiver shall, with the assistance of Nikesh Patel and individuals employed by the Defendant entities, take all necessary and proper steps to market and sell the assets in the Receivership Estate, as instructed by Plaintiff, and to perform all powers and duties necessary to conduct an orderly liquidation of assets for distribution to Plaintiff as partial consideration of the claims asserted by Plaintiff.

11.    Receiver shall pay only those bills which are reasonable and necessary for the operation of the Receivership Estate and shall allocate funds in the following order of priority: (1) the costs and expenses of operating the Receivership Estate including utilities, hazard and workers' compensation insurance premiums related to the protection of the interest of the Receivership Estate or Plaintiff, general and special taxes or assessments levied on the real property and improvements thereon; (2) the fees and expenses incurred by the Receiver in managing the estate; (3) payments to creditors, which relate to periods prior to the appointment of the Receiver and which are, in the Receiver's judgment, bona fide expenses, reasonably necessary for the continued operation of the Receivership Estate; provided, however, that Receiver shall not pay any tax liabilities of any Defendants arising prior to the inception of the Receivership Estate with the exception of any federal or state employee withholdings arising from the pay period immediately prior to the inception of the Receivership Estate; (4) the creation and retention by the Receiver of a reasonable working capital fund for operation of the Alena Hospitality Portfolio until such assets can be sold; (5) amounts due to Plaintiff in partial consideration of the claims asserted by Plaintiff in this case by order of this Court.

12. Receiver shall determine upon taking possession of the Receivership Estate whether or not there is sufficient insurance coverage including worker's compensation, and if he determines there is not, shall procure such coverage as soon as practicable, provided that funds are available. Neither the Receiver nor the Receiver's manager shall be personally liable for claims arising before the procurement of sufficient insurance that covers the Receivership Estate and any employees, and which names the Receiver and the Receiver's agents as additional insureds. If sufficient insurance coverage does exist, Defendants shall be responsible for and are hereby ordered to make certain that Receiver is named as an additional insured on all such policies for the period that the Receiver shall be in possession. Receiver shall maintain existing insurance policies and pay any premiums, but neither Receiver, nor Receiver's manager shall be responsible for claims arising from lack of insurance on the Receivership Estate or its employees if such insurance did not exist at the inception of the receivership. Receiver is authorized to procure or increase insurance coverage, as Receiver deems prudent, but neither Receiver, nor Receiver's manager shall be liable for any failure to procure or increase coverage, unless Receiver is ordered to do so by the Court.

13. Upon submission of a monthly report, all addenda, and all statements of Receiver's fees, Receiver's assistant's fees, Receiver's administrative fees, Receiver's payroll fees and all expenses, after ten days' notice to the parties, Receiver shall be authorized to utilize all available funds of the Receiver Estate to pay the stated invoices monthly. The Receivership Estate may pay the fee and advance all receivership expenses to Receiver as early in each month as sufficient funds exist. The amounts thereby paid to Receiver shall be subject to a monthly accounting of Receiver's activities, which shall include accountings of income and expenses, a description of services rendered by Receiver, and the fees requested or already paid therefore.

Receiver shall serve a copy of the accounting by mail on each of the parties who have appeared in this action. Receiver shall submit these statements to the court for its approval and confirmation, in the form of either a noticed interim approval of fees paid, or by means of a stipulation among the parties, or pursuant to Receiver's final account and report. To the extent Plaintiff chooses to advance any funds to operate or maintain the Receivership Estate, which it is not obligated to do, the repayment of such advances shall be secured by receivership certificates to be issued by the Court, and which certificates shall take priority over all other liens and interests as provided by applicable law.

14. Monies and funds coming into the possession of Receiver and not expended for any of the purposes herein authorized shall be remitted to Plaintiff for deposit into a segregated account to be established on behalf of Plaintiff for ultimate disposition consistent with further orders this Court. Receiver is empowered to establish bank accounts as set forth herein.

15. Receiver is authorized to demand, receive, and collect all income, royalties, rents, revenues, issues, profits, accounts receivable, or other income and proceeds from the Receivership Estate unpaid as of the entry of this order, and all such monies arising from the Receivership Estate, including all income, royalties, rents, issues, profits, accounts receivable, or other income and profits collected by Defendants or by any person acting on their behalf after the entry of this order.

16. Receiver may engage Janus Hotel Management Services, LLC as manager for the management of the day to day operations of the Alena Hospitality Portfolio and, upon approval from Plaintiff, and with the assistance of Nikesh Patel and individuals employed by the Defendant entities, perform such tasks as may be necessary to carry out the Receiver's duties hereunder. Upon written direction of Plaintiff, Receiver, with the assistance of Nikesh Patel and

individuals employed by the Defendant entities, shall execute documents and has the power of sale upon approval of Plaintiff and shall act as reasonably necessary to facilitate the sale of any or all assets of the Receivership Estate and the transfer of all licenses or other permits to any prospective purchaser of any of the assets of the Receivership Estate.

17. Defendants, and any person or entity acting under their direction or on their behalf, and in cooperation with Plaintiff and the Receiver, are directed and ordered to forthwith surrender and deliver to Receiver within two (2) days from the date hereof, or as soon as practicable thereafter, all of the following items relating to the Receivership Estate:

(a) All monies, royalties, rents, revenues, issues, profits, income, and the like in Defendants' possession;

(b) All deposits which have not been returned to the applicable party or otherwise applied under the terms and conditions of any agreement with the applicable party in Defendants' possession, together with all books, records, deposit books, and bank documents relating the security deposits;

(c) All client or customer records, books of account, general ledgers, accounts receivable records, accounts payable records, cash receipts records, checkbooks, accounts, passbooks, and other accounting documents in Defendants' possession;

(d) All accounts receivable and documents relating thereto;

(e) All executory contracts, loans, agreements, leases and subleases, including all amendments, modifications, and renewals thereof, as well as all proposed executory contracts, agreements, leases and subleases (whether

or not executed) and copies of any and all documents pertaining to any negotiations for the Receivership Estate;

(f) All currently existing insurance policies, including amount of liability and property damage coverage, name and address of insurance company, and expiration dates;

(g) The names, addresses, and account numbers of all currently existing utility and communications companies providing services to the Receivership Estate;

(h) All environmental reports or environmental studies, including ADA surveys;

(i) All tax assessments, liens, and notices of delinquency, and penalty notices (which remain unpaid);

(j) All mechanic's liens, stop notices, or demands for payment by actual or potential mechanic's lienors (which have not been paid or cured);

(k) All currently existing maintenance/service contracts;

(l) All bills and invoices unpaid as of the date of this order;

(m) All currently existing licenses, permits, government approvals, notices issued by governmental or public agencies, citations, violations, and fines;

(n) All keys, security codes, or other security information relating to the buildings and improvements utilized by the Receivership Estate;

(o) All work orders, including all amendments, modifications, and revisions thereof, whether in process or recently completed;

(p)     All documents relating to repairs, including all estimated costs of repair, whether in process or recently completed;

(q)     All inspection reports, appraisals, assessments, correspondence, or memoranda regarding the condition or value of the Receivership Estate;

(r)     All records relating to the assets of the Receivership Estate; and

(s)     All documents relating to any potential purchasers or their agents interested in the acquisition of any property of the Receivership Estate.

18.     Defendants and any person or entity acting under their direction or on their behalf, in cooperation with Plaintiff and the Receiver, are further directed and ordered to deliver to Receiver all rents, revenues, issues, profits, security deposits, bank accounts, savings accounts, and the like, which may yet come into their possession or come under their control.

19.     Defendants and anyone claiming under them are excluded from filing any claims for payment against the Receivership Estate.

20.     Plaintiff shall maintain its existing bond in the amount of $100,000.00 during the pendency of the receivership and Receiver's performance of the duties set forth herein in the event that the appointment of the Receiver is deemed wrongful or without cause as provided under the law and Plaintiff shall not be required to maintain any further bond in connection with the entry of this Agreed Order Appointing Receiver.

21.     In addition to the terms set forth in the Agreed Order Granting Preliminary Injunction [D.E. # 22], Defendants, and each of them, and their respective agents, servants, employees, assignees, successors, representatives, attorneys, and all persons acting under their direction or on their behalf, and in cooperation with Plaintiff and Receiver, are further restrained

and enjoined during the pendency of this action from engaging in, committing or performing, directly or indirectly, any or all of the following acts:

    (a)    Demanding, collection, receiving, or in any way diverting or using any of the income, royalties, rents, issues, profits, accounts receivable or other income from the Receivership Estate and from interfering in any manner with collecting or receiving any rents, royalties, issues, accounts receivable, profits, or income or substitution thereof;

    (b)    Committing or permitting any waste on the premises or any part thereof, or suffering or committing or permitting any act on the premises or any part thereof in violation of law, or removing, transferring, encumbering, or otherwise disposing of any of the equipment or fixtures presently on the Receivership Estate or any part thereof, until further order of this court;

    (c)    Entering the premises, except upon the express authorization or request of Receiver;

    (d)    Interfering with or hindering in any manner whatsoever Receiver in the performance of Receiver's duties herein described or in the performance of any duties incidental thereto; and

    (e)    Transferring or conveying their title or ownership interest in the Receivership Estate, in whole or part, to any other person or entity during the time that Receiver is in control and possession of the Receivership Estate.

Dated: November 10, 2014

                                                    The Honorable Amy J. St. Eve
United States District Judge