**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| PENNANT MANAGEMENT, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 14 CV 7581 |
| | ) | |
| FIRST FARMERS FINANCIAL, LLC, | ) | Hon. Amy J. St. Eve |
| NIKESH AJAY PATEL, TIMOTHY GLENN | ) | United States District Judge |
| FISHER, TRISHA N. PATEL, | ) | |
| ALENA HOSPITALITY, LLC, ALENA | ) | |
| LABORATORIES, LLC, ALENA AVIATION, | ) | |
| LLC, ABLE CONNECTION, LLC, NPSSS, | ) | |
| LLC, KUBER CAPITAL FUNDING, LLC, | ) | |
| KUBER CONSULTING, SURI HOSPITALITY, | ) | |
| LLC, SURI HOSPITALITY | ) | |
| INTERNATIONAL, LLC, TRANSLUCENT | ) | |
| ENTERTAINMENT, LLC, ALENA | ) | |
| PRODUCTION, LLC, and ASL PICTURES, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER GRANTING TEMPORARY RESTRAINING ORDER**

This matter having come before the Court for hearing on November 13, 2014, on the complaint of Plaintiff Pennant Management, Inc. ("Pennant") and its *Ex Parte* Emergency Motion for Entry of Temporary Restraining Order and Preliminary Injunction or, Alternatively, an Order for Prejudgment Attachment (the "Motion"), and the declarations and exhibits filed in support of the Motion, against Defendants Timothy Glenn Fisher ("Fisher"), Translucent Entertainment, LLC ("Translucent Entertainment"), Alena Production, LLC ("Alena Production") and ASL Pictures, LLC ("ASL"), (collectively, the "Fisher Defendants"), seeking, among other things, entry of a temporary restraining order pursuant to Federal Rule of Civil Procedure 65, restraining and enjoining the Fisher Defendants from removing, transferring, or

1

otherwise disposing of any of the assets currently believed to be held in accounts in the name of one or more of the Fisher Defendants at Citibank and/or Wells Fargo, which contain funds that are allegedly rightfully the property of Pennant but have been fraudulently obtained by the Fisher Defendants, as well as any additional real or tangible assets which may be identified, including but not limited to, the real property located at 2853 Pinelawn Drive, La Crescenta, California 31214, or interests held by Fisher in companies and/or any of the entities he controls, including Translucent Entertainment, Alena Production, and ASL Pictures, or until such time as this Court has held a preliminary injunction hearing determining Pennant's right to injunctive relief arising out of Fisher Defendants' widespread and systematic fraud,

IT IS HEREBY FOUND AND DETERMINED THAT:

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1332 in that there is complete diversity between the parties, and the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00;

2. Pennant has a reasonable likelihood of success on the merits of its claim against the Fisher Defendants for fraudulent conduct perpetrated by the Fisher Defendants in connection with what purported to be USDA-guaranteed loans that were sold by the Fisher Defendants to Pennant based on the evidence presented;

3. Without the injunctive relief sought, Pennant would suffer the risk of irreparable harm, and that this irreparable harm outweighs the irreparable harm the Fisher Defendants would suffer;

4. That the injunctive relief sought will not harm the public interest. The public interest, in fact, would be furthered by entry of a temporary restraining order, particularly given

that those affected by the fraud include community banks, Qualified Retirement Funds, municipalities and government entities, and labor unions.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Fisher Defendants, their respective officers, agents, representatives, relatives, attorneys, other professionals, all persons in active concert or participation with them, and any others with actual notice of this order are restrained and enjoined from removing, transferring, or otherwise disposing of any of the assets of the Fisher Defendants, including those currently believed to be held in accounts in the name of one or more of the Fisher Defendants at Citibank and/or Wells Fargo, which are believed to contain funds that are allegedly rightfully the property of Pennant but have been fraudulently obtained by the Fisher Defendants, as well as any additional real or tangible assets which may be identified, including but not limited to, the real property located at 2853 Pinelawn Drive, La Crescenta, California 31214, or any ownership interests in entities owned or controlled by Fisher, until such time as this Court has held a preliminary injunction hearing determining Pennant's right to injunctive relief arising out of the widespread and systematic fraudulent conduct the Fisher Defendants are alleged to have engaged in, as demonstrated by the evidence submitted in this case.

It is further ORDERED THAT, given the nature and extent of the alleged fraud, and the prospect that all assets whose transfer is being enjoined hereunder could not have been acquired but for the fruits of the alleged fraud, for good cause shown and given the prior bond that has been submitted and the prior orders of this Court, the existing $100,000 bond filed with this Court [D.E. # 11] shall be deemed sufficient for purposes of this temporary restraining order and the security provisions of Federal Rule of Civil Procedure 65(c) and no further or additional bond shall be required at this time.

It is further ORDERED THAT Pennant's motion for preliminary injunction is set for further hearing on November 27, 2014 at 3:30 p.m., and that this Temporary Restraining Order shall continue in full force and effect until completion of the hearing on November 27, 2014, or until further order of the Court.

Dated: November 13, 2014

*Ronald A. Guzman*

United States District Court Judge