IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PENNANT MANAGEMENT, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 14 CV 7581 |
| | ) | |
| FIRST FARMERS FINANCIAL, LLC, | ) | Hon. Amy J. St. Eve |
| NIKESH AJAY PATEL, TIMOTHY GLENN | ) | United States District Judge |
| FISHER, TRISHA N. PATEL, | ) | |
| ALENA HOSPITALITY, LLC, ALENA | ) | |
| LABORATORIES, LLC, ALENA AVIATION, | ) | |
| LLC, ABLE CONNECTION, LLC, NPSSS, | ) | |
| LLC,  KUBER CAPITAL FUNDING, LLC, | ) | |
| KUBER CONSULTING, SURI HOSPITALITY, | ) | |
| LLC, and SURI HOSPITALITY | ) | |
| INTERNATIONAL, LLC, TRANSLUCENT | ) | |
| ENTERTAINMENT, LLC, ALENA | ) | |
| PRODUCTION, LLC, and ASL PICTURES, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**AGREED ORDER FOR PRELIMINARY INJUNCTION BY CONSENT OF
DEFENDANTS TIMOTHY GLENN FISHER, TRANSLUCENT ENTERTAINMENT,
LLC, ALENA PRODUCTION, LLC, AND ASL PICTURES, LLC**

WHEREAS, this matter came before the Court for hearing on November 13, 2014, on the First Amended Complaint of Plaintiff Pennant Management, Inc. ("Pennant") and its *Ex Parte* Emergency Motion for Entry of Temporary Restraining Order and Preliminary Injunction Against Defendants Timothy Glenn Fisher, Translucent Entertainment, LLC, Alena Production, LLC, and ASL Pictures, LLC (the "Motion"), and the declarations and exhibits filed in support of the Motion (D.E. # 31), against Defendants seeking, among other things, entry of a temporary restraining order pursuant to Federal Rule of Civil Procedure 65, restraining and enjoining Defendants from removing, transferring, or otherwise disposing of all assets currently held in accounts in the name of one or more of the Defendants at Citibank and/or Wells Fargo, which

1

contain funds that are allegedly rightfully the property of Pennant but have been allegedly fraudulently obtained by Defendants, as well as any additional real or tangible assets which may be identified, or interests held by Fisher in companies and/or any of the entities he controls, including Translucent Entertainment, LLC, Alena Production, LLC, and ASL Pictures, LLC, until such time as this Court has held a preliminary injunction hearing determining Pennant's right to injunctive relief;

WHEREAS, on November 13, 2014, this Court entered an Order Granting Temporary Restraining Order (the "Injunction Order") against each of the Defendants for the reasons indicated and on the terms set forth therein, and scheduled a hearing on Plaintiff's Motion for a Preliminary Injunction on November 27, 2014 at 9:30 a.m.  A copy of such Injunction Order is hereby incorporated by reference [D.E. # 34];

WHEREAS, on November 21, 2014, the Parties jointly moved this Court for an Order Granting Extension of Temporary Restraining Order Against Defendants Timothy Glenn Fisher, Translucent Entertainment, LLC, Alena Production, LLC, and ASL Pictures, LLC, and continuing the hearing on Plaintiff's Motion for a Preliminary Injunction [D.E. # 51] in order to provide the parties with an opportunity to negotiate an agreed injunction order;

WHEREAS, on November 24, 2014, this Court entered an Agreed Order extending the Temporary Restraining Order and continuing the hearing on Plaintiff's Motion for a Preliminary Injunction to December 18, 2014 at 9:45 a.m.  A copy of such Agreed Order is hereby incorporated by reference [D.E. # 54]; and

WHEREAS, the Parties have reached agreement on the terms of this Agreed Order for a Preliminary Injunction by Consent of Defendants Timothy Glenn Fisher, Translucent

Entertainment, LLC, Alena Production, LLC, and ASL Pictures, LLC until further order of this Court.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED BY AGREEMENT OF THE PARTIES, that subject to the following specific matters listed in paragraphs 1-5 below, Defendants, their respective officers, agents, representatives, relatives, attorneys, other professionals, all persons in active concert or participation with them, and any others with actual notice of this order are restrained and enjoined from removing, transferring, or otherwise disposing of any of the assets currently held in accounts in the name of, or for the benefit of, one or more of the Defendants at Citibank and/or Wells Fargo or any other financial institution, which contain funds that are allegedly rightfully the property of Pennant but have been fraudulently obtained by Defendants, as well as any additional real or tangible assets which may be identified, including but not limited to, interests held by Fisher in companies and/or any of the entities he controls, including Translucent Entertainment, LLC, Alena Production, LLC, and ASL Pictures, LLC.

Notwithstanding the foregoing injunction, the Parties have agreed to the following:

1. A loan in the principal amount of Two Million Dollars ($2,000,000.00) to Standley Plastics shall be immediately transferred and surrendered to Pennant in partial satisfaction of the claims Pennant has asserted in this action, and Defendants shall take all steps reasonably necessary to effect such transfer;

2. A loan in the principal amount of Eight Hundred Thousand Dollars ($800,000) to ProFeed Solutions, LLC shall be immediately transferred and surrendered to Pennant in partial satisfaction of the claims Pennant has asserted in this action, and Defendants shall take all steps reasonably necessary to effect such transfer;

3. An investment in Diabetes Company (partnering with Zeolife in Las Vegas) shall be immediately transferred and surrendered to Pennant in partial satisfaction of the claims Pennant has asserted in this action, and Defendants shall take all steps reasonably necessary to effect such transfer;

4. All assets of ASL Pictures, LLC, Translucent Entertainment, LLC, and Alena Production, LLC shall be transferred to Pennant in partial satisfaction of the claims Pennant has asserted in this action and placed into the Receivership Estate for the purpose of securing, safeguarding, maintaining, preserving, and, to the extent requested by Pennant, marketing and selling such assets, including but not limited to, the rights of ASL Pictures, LLC in the following films: (a) "Parlor," (b) "Walking with the Dead," and (c) "Within the Dark," and Defendants shall take all steps reasonably necessary to effect such transfer; and

5. The Defendants shall use their best efforts to assist Pennant in identifying all additional assets acquired, directly or indirectly, with proceeds of the fraud Pennant alleges was perpetrated against it, and shall take all steps reasonably necessary to transfer all such assets to Pennant in partial satisfaction of the claims it has asserted in this action and for inclusion in the Receivership Estate.

6. The Defendants shall be restrained and enjoined from removing, transferring, encumbering, or otherwise disposing of the real property located at 2853 Pinelawn Drive, La Crescenta, California 91214 for 180 days from the date of this Order unless otherwise ordered by this Court.

7. Defendant Tim Fisher shall be permitted to open a new bank account funded solely through independent and new sources provided that an accounting is provided to Pennant on a monthly basis of the sources of such funds. This provision shall be without prejudice to the

right of Pennant to satisfy any judgment it may ultimately obtain against Fisher from any assets he may possess, including said account.

It is further ORDERED, by agreement of the Parties, that no bond shall be required in connection with the entry of this Preliminary Injunction.

Dated: December 17, 2014

_____
Hon. Amy J. St. Eve
United States District Judge

5