**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| PENNANT MANAGEMENT, INC., <br><br>                  Plaintiff, <br><br> vs. <br><br> FIRST FARMERS FINANCIAL, LLC, NIKESH AJAY PATEL, TRISHA N. PATEL, ALENA HOSPITALITY, LLC, ALENA LABORATORIES, LLC, ALENA AVIATION, LLC, ABLE CONNECTION, LLC, NPSSS, LLC, KUBER CAPITAL FUNDING, LLC, KUBER CONSULTING, SURI HOSPITALITY, LLC, SURI HOSPITALITY INTERNATIONAL, LLC, TRANSLUCENT ENTERTAINMENT, LLC, ALENA PRODUCTION, LLC and ASL PICTURES, LLC, <br><br>                  Defendants. | Case No. 14 CV 7581 <br><br> Hon. Amy J. St. Eve |
| ILLINOIS METROPOLITAN INVESTMENT FUND and HARVARD SAVINGS BANK, an Illinois Savings Bank, <br><br>                  Plaintiff-Intervenors, <br><br> vs. <br><br> FIRST FARMERS FINANCIAL, LLC, NIKESH AJAY PATEL, TRISHA N. PATEL, ALENA HOSPITALITY, LLC, ALENA LABORATORIES, LLC, ALENA AVIATION, LLC, ABLE CONNECTION, LLC, NPSSS, LLC, KUBER CAPITAL FUNDING, LLC, KUBER CONSULTING, SURI HOSPITALITY, LLC, SURI HOSPITALITY INTERNATIONAL, LLC, <br><br>                  Defendants. | |

**OVERALL RECEIVER'S MOTION FOR AUTHORITY TO ISSUE AND SERVE DISCOVERY AND SUBPOENAS ON PERSONS AND ENTITIES REGARDING RECEIVERSHIP ASSETS**

Patrick Cavanaugh, not individually, but solely in his capacity as Overall Receiver, pursuant to Local Rule 66.1(a) of the Local Rules of the United States District Court for the Northern District of Illinois ("Local Rule 66.1(a)") and the *Agreed Order Clarifying, Modifying and Expanding the Duties of Receiver Michael Nanosky and to Appoint an Overall Receiver and Regarding Payments to Attorneys and Other Professionals and Related Items* dated April 23, 2015 ("Amended Receiver Order")[1] [Dkt. No. 122], moves this court for the entry of an order authorizing him to issue and serve discovery and subpoenas on various persons and entities in order to obtain documents and conduct examinations relating to the acts, conduct, property, assets, liabilities and financial condition of the Defendants, or to any matter that affects the administration of the receivership estates. In support of this motion, the Overall Receiver states as follows:

**INTRODUCTION**

1.    On September 29, 2014, Pennant Management, Inc. filed its Complaint against Defendants First Farmers Financial, LLC, Nikesh Ajay Patel, Trisha N. Patel, Alena Hospitality, LLC, Alena Laboratories, LLC, Alena Aviation, LLC, Able Connection, LLC, NPSSS, LLC, Kuber Capital Funding, LLC, Kuber Consulting, Suri Hospitality, LLC, and Suri Hospitality International, LLC.

2.    On November 10, 2014, the court entered the *Agreed Order Appointing Receiver* ("Original Receiver Order") [Dkt. No. 29] appointing Michael M. Nanosky as receiver (the

---

[1]  Capitalized terms not defined herein shall have the meanings ascribed to them in the Amended Receiver Order.

"Nanosky Receiver, and together with the Overall Receiver, the "Receivers") to exercise control over the assets owned by the Defendants and to control the Entity Defendants.

3.      On April 23, 2015, the court entered the Amended Receiver Order which split the management of the Defendants' assets into two separate receivership estates for the benefit of the Distribution Participants.  (*Amended Receiver Order*, ¶ 2.)  Under the Amended Receiver Order, the Nanosky Receiver continues to exercise control over certain hospitality properties and other real property located in Florida and Illinois that he managed under the Original Receiver Order ("Nanosky Receivership Estate"). (*Id.*, ¶¶ 4-5.)  The Amended Receiver Order also appointed the Overall Receiver to take possession and control of all assets of the Defendants other than those assets entrusted to the Nanosky Receivership Estate ("Overall Receivership Estate," and together with the  Nanosky Receivership Estate, the "Estates").  (*Id.*, ¶¶ 22-24.)

4.      In carrying out his duties, however, the Nanosky Receiver is required to confer with the Overall Receiver on how best to serve the interests of both Estates.  (*Id.*, ¶ 10.)  The Overall Receiver determines how the Nanosky Receiver will proceed in the event of a disagreement over the appropriate course of action unless otherwise directed by the court.  (*Id.*)

5.      The Receivers' duties are broadly and comprehensively defined as including "all the powers and responsibilities of a receiver as provided by law to receivers and as specifically set forth [in the Amended Receiver Order]."  (*Amended Receiver Order*, ¶¶ 9, 24(a).)  Importantly, the Amended Receiver Order authorizes the Receivers to "bring and prosecute all actions for the protections of the [Estates] or to recover assets belonging to [the Estates] or in which said Estate asserts a right or interest."  (*Id.,* ¶¶ 11(f), 26(f).)

6.      In furtherance of his duties, the Overall Receiver is investigating the acts, conduct, assets, liabilities and financial condition of the Defendants.  The Overall Receiver may

have a multitude of claims against any number of persons or entities, including, but not limited to potential fraudulent transfer and insider preference claims. *See Scholes v. Lehmann*, 56 F.3d 750, 753-55 (7th Cir. 1995)(receiver for corporations had standing to assert fraudulent conveyance claims to recover avoidable transfers made by the corporation). In order to carry out his responsibilities under the Amended Receiver Order, the Overall Receiver requires information from the parties in this case as well as third parties.

<u>**RELIEF REQUESTED**</u>

7.      By this motion, the Overall Receiver requests that the court authorize him to issue and serve discovery and subpoenas on persons or entities for the production of documents or to examine any person or entity relating to the acts, conduct, property, assets, liabilities and financial condition of the Defendants, or to any matter that affects the administration of the Estates.

8.      Although the court has broad discretion to direct the manner in which the Estates shall be administered, Local Rule 66.1(a) generally requires a receiver to administer a receivership estate in a manner similar to that of a bankruptcy case. *See* Local Rule 66.1(a). Similar procedures for compelling discovery are authorized under the Bankruptcy Code pursuant to Fed. R. Bankr. P. 2004(a) ("<u>Bankruptcy Rule 2004</u>").

9.      Under Bankruptcy Rule 2004, a bankruptcy court may order the examination of any entity on the motion of a party in interest, such as a chapter 7 trustee. The examination of an entity may relate to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate. Fed. R. Bankr. P. 2004(b). The attendance of an entity for examination and for the production of documents may be compelled by the bankruptcy court. Fed. R. Bankr. P. 2004(c).

10.     Pursuant to Fed. R. Bankr. P. 2004(a), the court may order the examination of any entity on the motion of a party in interest.

> The scope of such an examination is quite broad, relating to just about anything that deals with the debtor's actions, assets, liabilities or financial affairs, . . . or any matter affecting the administration of the bankruptcy estate. Fed. R. Bankr. P. Rule 2004(b). It can be as simple as where are the keys to the filing cabinet or as complex as what happened to the money? It may also be used to examine "creditors and third parties who have had dealings with the debtor." *Matter of Wilcher,* 56 B.R. 428, 434 (Bankr.N.D.Ill.1985).

*In re Sheetz*, 452 B.R. 746, 747-48 (Bankr. N.D. Ind. 2011)

11.     While this case is a receivership, rather than one under the Bankruptcy Code, the Overall Receiver requires discovery powers similar to Bankruptcy Rule 2004 to investigate claims and recover assets of these Estates.  For example, the Overall Receiver will need to obtain documents and conduct examinations regarding transactions with the Defendants.  The Overall Receiver will also need to serve discovery on, including interrogatories and document requests, and take examinations of, parties to this litigation.  The Overall Receiver needs these discovery tools to find out "what happened to the money?"

12.     The Overall Receiver also requests that he be authorized to serve the discovery and subpoenas by certified mail, FedEx or similar means.  *See Ott v City of Milwaukee*, 682 F.3d 552, 557 (7th Cir. 2012) (authorizing service of subpoenas pursuant to Rule 45(b) by certified mail or similar means).

13.     The Overall Receiver does not intend to duplicate the work already performed by Plaintiff.

WHEREFORE,  the  Overall  Receiver  requests  that  the  court  enter  an  order: (a) authorizing him to issue and serve discovery and subpoenas on persons or entities for the

production of documents or to examine any person or entity relating to the acts, conduct, property, assets, liabilities and financial condition of the Defendants, or to any matter that affects the administration of the Estates; and (b) granting such other relief as this court deems just and equitable.

Respectfully submitted,

Patrick Cavanaugh, not individually, but solely in his capacity as Overall Receiver of the Overall Receivership Estate

Dated: June 16, 2015

By _____/s/ *Allen J. Guon*_____
    One of his proposed attorneys

Steven B. Towbin
Allen J. Guon
Shaw Fishman Glantz & Towbin LLC
321 North Clark Street, Suite 800
Chicago, IL  60654
Phone: (312) 541-0151
stowbin@shawfishman.com
aguon@shawfishman.com

*Proposed Counsel for the Overall Receiver*