UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PENNANT MANAGEMENT, INC., <br><br>　　　　　　　　　　Plaintiff, <br>vs. <br><br>FIRST FARMERS FINANCIAL, LLC, et al. <br><br>　　　　　　　　　　Defendants. | Case No. 14 CV 7581 <br><br> Hon. Amy J. St. Eve |
| ILLINOIS METROPOLITAN INVESTMENT FUND and HARVARD SAVINGS BANK, an Illinois Savings Bank, <br><br>　　　　　　　　　　Plaintiff-Intervenors, <br>vs. <br><br>FIRST FARMERS FINANCIAL, LLC, et al. <br><br>　　　　　　　　　　Defendants. | |

**RECEIVERS' RESPONSE IN OPPOSITION TO OBJECTION OF CVC HOSPITALITY, INC. TO MOTION FOR THE ENTRY OF AN ORDER AUTHORIZING THE FREE AND CLEAR SALE OF THE HOSPITALITY PROPERTIES**

Patrick Cavanaugh, not individually, but solely in his capacity as receiver of the Overall Receivership Estate ("Overall Receiver") and Michael M. Nanosky, not individually, but solely in his capacity as receiver of the Nanosky Receivership Estate ("Nanosky Receiver," and together with the Overall Receiver, the "Receivers"), in response to the objection of CVC Hospitality, Inc. ("CVC") to the Receivers' motion to sell the Hospitality Properties free and clear of all liens, claims and encumbrances, state as follows:

1.　In response to the Receivers' motion, CVC argues that this court lacks exclusive jurisdiction over the Hospitality Properties because (i) *Eller Industries* as cited by the Receivers

is inapplicable since the proposed relief sought in the motion does not protect creditors and (ii) the court lacks jurisdiction over the applicable property because the Receivers did not comply with 28 U.S.C. § 754. Both assertions are plainly wrong.

2. Contrary to CVC's position, *Eller Industries* is applicable to this case and creditors will not lose any rights upon the sale of the Hospitality Properties. In fact, the relief requested by the Receivers in the motion and the proposed order provides for the preservation of the priority of liens. Specifically, the proposed order attached as Exhibit A to the motion, provides that all interests in the Hospitality Properties "shall attach to the Sale Proceeds with the same force and effect as currently exists." (*See* Exhibit A, ¶ 7.). Moreover, the reserve price for the property at issue is $22 million and the total of all lien claims appears to be less than $3.5 million. Clearly, the proposed sale process will adequately protect the interests of all lien claimants.

3. As acknowledged by CVC, the Receivers caused copies of the complaint to be filed in the United States District Court for the Middle District of Florida within 10 days of the entry of the Amended Receiver Order. CVC contends, however, that this court lacks jurisdiction over the property at issue because the complaint was not filed in the Middle District of Florida within 10 days of the entry of the Original Receiver Order entered on November 10, 2014. The very authority cited by CVC, *SEC v. Heartland Group, Inc.*, 2003 WL 21000363, contradicts its position. As explained in *Heartland*, a receiver can comply with § 754 by obtaining an order of reappointment and filing that order within 10 days of the appointment. *See SEC v. Heartland Group, Inc.*, 2003 WL 21000363, at *5 citing *SEC v. Vision Communications, Inc.*, 74 F.3d 287, 292-92 (D.C. Cir. 1996); *see also Terry v. Walker,* 369 F. Supp. 2d 818, 820-21 (filing order of reappointment within 10 days of entry of reappointment order complies § 754).

4. Moreover, federal courts have the inherent power to authorize the sale of property held in *custodial legis* free and clear of liens, claims and encumbrances. *See, e.g. Van Huffel v. Harkelrode*, 284 U.S. 225, 227 (1931) (noting the long standing power of a federal court in equity to allow receiver's to sell free and clear). CVC's position would effectively prevent the free and clear sale of the applicable property and result in severe prejudice to all creditors.

WHEREFORE, Receivers pray that the court enter an order overruling the objection and granting the relief requested in this motion.

          Respectfully submitted,

          Patrick Cavanaugh, not individually, but
          solely in his capacity as Overall Receiver of
          the Overall Receivership Estate

Dated: June 25, 2015           By    /s/ *Allen J. Guon*
                                                         One of his proposed attorneys

Steven B. Towbin
Allen J. Guon
Shaw Fishman Glantz & Towbin LLC
321 North Clark Street, Suite 800
Chicago, IL 60654
Phone: (312) 541-0151
stowbin@shawfishman.com
aguon@shawfishman.com

*Proposed Counsel for the Overall Receiver*