UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PENNANT MANAGEMENT, INC., <br><br> Plaintiff, <br><br> vs. <br><br> FIRST FARMERS FINANCIAL, LLC, *et al.*, <br><br> Defendants. | Case No. 14 CV 7581 <br><br> Hon. Amy J. St. Eve |
| ILLINOIS METROPOLITAN INVESTMENT FUND and HARVARD SAVINGS BANK, an Illinois Savings Bank, <br><br> Plaintiff-Intervenors, <br><br> vs. <br><br> FIRST FARMERS FINANCIAL, LLC, *et al.*, <br><br> Defendants. | |
| FOLEY & LARDNER LLP, a limited liability partnership, <br><br> Plaintiff, <br><br> vs. <br><br> NIKESH AJAY PATEL, an individual, *et al.*, <br><br> Defendants. | |
| PATRICK CAVANAUGH, not individually, but as the Receiver of the Overall Receivership Estate, <br><br> Plaintiff <br><br> vs. <br><br> TRISHA N. PATEL, *et al.* <br><br> Defendants. | |

**OVERALL RECEIVER'S MOTION FOR ENTRY OF AN ORDER
APPOINTING HIM AS RECEIVER FOR ALENA LBV
<u>AND THE HOTEL ENTITIES</u>**

{10516-002 MOT A0411866.DOCX}

Patrick Cavanaugh, not individually, but solely in his capacity as receiver of the Overall Receivership Estate ("Overall Receiver"), by and through undersigned counsel, respectfully moves this Court for entry of an Order appointing him as the Receiver for Alena Hospitality LBV, LLC ("Alena LBV"), Alena Hospitality UCF, LLC ("Alena UCF"), Alena Hospitality SSL, LLC ("Alena SSL"), 500 Hamilton Peoria, LLC ("500 Hamilton") and Alena Hospitality Saddle Brook, LLC ("Alena Saddle Brook") (Alena UCF, Alena SSL, 500 Hamilton and Alena Saddle Brook shall be collectively referred to herein as the "Hotel Entities") and granting him the same power and authority with respect to Alena LBV and the Hotel Entities as the Overall Receiver has pursuant to this Court's April 23, 2015 Order (Dkt. No. 122 in Case No. 14 cv 7581). In support of this Motion, the Overall Receiver states as follows:

## BACKGROUND

1. The facts giving rise to this action are set forth in the Overall Receiver's Complaint and in the Second Amended Complaint filed by Pennant Management, Inc. ("Pennant") in Case No. 14 cv 7581, which is a related case pending before this Court (the "Underlying Matter"). Plaintiff-Intervenor Illinois Metropolitan Investment Fund ("IMET") has also filed an Amended Complaint in the Underlying Matter setting forth a similar, if not identical, set of facts and circumstances that give rise to its claims.

2. In brief summary, this case arises out of a massive fraud perpetrated by Nikesh Patel ("Nikesh") and Timothy Fisher ("Fisher"), among others, through First Farmers Financial, LLC ("FFF" or the "Debtor"), which Nikesh and Fisher utilized to fraudulently obtain millions of dollars from the sale of fictional loans that were purportedly guaranteed either by the U.S. Small Business Administration ("SBA") or the U.S. Department of Agriculture ("USDA") Rural Development Program. After fraudulently obtaining these funds, Nikesh and Fisher directed

FFF to improperly transfer millions of dollars to Nikesh's wife, Trisha Patel, Alena LBV and the Hotel Entities, among other entities that Nikesh and/or Trisha jointly owned and/or controlled. Trisha, Alena LBV and the Hotel Entities were the very willing recipients of millions of dollars in fraudulent transfers that were used by Trisha to fund her extravagant lifestyle and used by Alena LBV and the Hotel Entities to acquire valuable hotel properties, which are known as the "Alena Hospitality Portfolio." Through his Complaint, the Overall Receiver now seeks, among other relief, to recover the fraudulent transfers, place a constructive trust on the assets of the Defendants and be appointed as the Receiver for Alena LBV and the Hotel Entities.

3. Pennant filed its original Complaint in the Underlying Matter on September 29, 2014, along with its *Ex Parte* Motion for Entry of a Temporary Restraining Order and Preliminary Injunction (the "TRO Motion"). (Dkt. Nos. 1 and 5 in the Underlying Matter.) The TRO Motion sought, *inter alia*, to enjoin the transfer or other disposition of five hospitality properties located in Orlando, Florida, Saddle Brook, New Jersey and Peoria, Illinois. As set forth in the Overall Receiver's Complaint, those five hospitality properties are owned by Alena LBV and the Hotel Entities.

4. On September 29, 2014, this Court granted Pennant's TRO Motion. (Dkt. No. 10 in the Underlying Matter.)

5. On October 14, 2014, this Court entered an Agreed Order for a Preliminary Injunction by Consent of the Parties in the Underlying Matter. (Dkt. No. 22 in the Underlying Matter.) Pursuant to that Agreed Order, the Defendants in the Underlying Matter, *inter alia*, agreed to transfer and surrender the five hospitality properties, which are better known as: (i) Crowne Plaza Lake Buena Vista; (ii) Crown Plaza Saddle Brook; (iii) Four Points by

Sheraton; (iv) Doubletree by Hilton Hotel; and (v) Renaissance by Marriott. These five properties shall be collectively referred to herein as the "Alena Hospitality Portfolio."

6. On November 7, 2014, the parties in the Underlying Matter filed an Agreed Motion for Entry of an Order Appointing Receiver. (Dkt. No. 26 in the Underlying Matter.) The Motion sought, *inter alia*, the appointment of a receiver to manage and operate the properties within the Alena Hospitality Portfolio.

7. On November 10, 2014, this Court entered an Agreed Order Appointing Receiver pursuant to which this Court, *inter alia*, appointed Michael M. Nanosky of Janus Hotel Management Services, LLC to be the Receiver of the "Receivership Estate," which included the Alena Hospitality Portfolio. (Dkt. No. 29 in the Underlying Matter.) Mr. Nanosky's responsibilities with respect to the Alena Hospitality Portfolio included securing, safeguarding, and maintaining the five hospitality properties. Notably, however, the entities that legally own the properties within the Alena Hospitality Portfolio – namely Alena LBV and the Hotel Entities – were not named as Defendants in the Underlying Matter. As a result, Mr. Nanosky was not named as the Receiver of Alena LBV or the Hotel Entities.

8. On April 23, 2015, this Court entered an "Agreed Order Clarifying, Modifying and Expanding the Duties of Receiver Michael Nanosky and to Appoint an Overall Receiver and Regarding Payments to Attorneys and Other Professionals and Related Item." (the "Amended Receiver Order"). (Dkt. No. 122 in the Underlying Matter.) The Agreed Receiver Order, *inter alia*, served to clarify that the Alena Hospitality Portfolio was part of the "Nanosky Receivership Estate," and that the Nanosky Receiver was permitted to engage Janus Hotel Management Services, LLC to manage the day to day operations of the Alena Hospitality Portfolio. *Id.* at ¶¶ 5, 17.

9. The Amended Receiver Order also served to appoint Mr. Cavanaugh of High Ridge Partners as the Overall Receiver and establish the Overall Receivership Estate. *Id.* at ¶ 22, 24(b). Per the Amended Receiver Order, the Overall Receivership Estate consisted of all the assets of the Defendants in the Underlying Matter other than those assets entrusted to the Nanosky Receivership Estate. *Id.* at ¶ 24(b).

10. On July 9, 2015, the Overall Receiver filed his Complaint against Trisha Patel, Alena LBV and the Hotel Entities. At the heart of the Overall Receiver's Complaint are the allegations that each of the Defendants, i.e. Trisha Patel, Alena LBV and the Hotel Entities, received fraudulent transfers directly or indirectly from FFF. Further, the Overall Receiver alleges that Alena LBV and the Hotel Entities used the proceeds of the fraud to acquire the five hospitality properties.

11. While the Nanosky Receiver, through Janus Hotel Management Services, is managing and operating the five properties within the Alena Hospitality Portfolio, he does not, as a technical matter, control either Alena LBV or the Hotel Entities, which are the owners of the five hospitality properties. Accordingly, the Overall Receiver's role should be expanded so that he is also the Receiver of Alena LBA and the Hotel Entities.

## **LEGAL STANDARDS**

12. "Federal courts have an inherent equitable power to appoint a receiver to manage a defendant's assets during the pendency of litigation." *Matter of McGaughey*, 24 F. 3d 904, 907 (7th Cir. 1994) (citations omitted); *JPMorgan Chase Bank, N.A. v. Heritage Nursing Care, Inc.*, No. 06 C 4803, 2007 WL 2608827, at *8 (N.D. Ill. Sept. 6, 2007). The appointment of a receiver is governed by Rule 66 of the Federal Rules of Civil Procedure and the decision to appoint a receiver lies within the discretion of the trial court. *Id.*; Fed. R. Civ. P. 66. "[T]he primary

consideration in determining whether to appoint a receiver is the need to protect, conserve and administer property pending final disposition of a suit;" thus the remedy is especially appropriate "in cases involving fraud and the possible dissipation of assets." *Jackson v. N'Genuity Enterprises Co.*, No. 09 C 6010, 2011 WL 4628683, at *8 (N.D. Ill. October 3, 2011) (citing *McGaughey*, 24 F. 3d at 907); *accord SEC v. Wing*, 599 F. 3d 1189, 1194 (10th Cir. 2010) ("When a district court creates a receivership, its focus is to safeguard the assets, administer the property as suitable, and to assist the district court in achieving a final, equitable, distribution of the assets if necessary."); *JPMorgan Chase Bank, N.A.*, 2007 WL 2608827, at *8 (factors supporting the appointment of a receiver include fraudulent conduct of the defendant(s), danger of the property being diminished in value, the inadequacy of legal remedies, and the harm to plaintiff by denial of the appointment compared with the injury to the parties opposing the appointment of a receiver). Federal courts are empowered to appoint receivers where all parties consent to the appointment and the appointment is necessary to protect and preserve the property at issue until final disposition of the case. *In re Resienburg*, 208 U.S. 90, 95 (1908).

## **ARGUMENT**

13. Here, as was the case with the original appointment of the Nanosky Receiver and the appointment Overall Receiver in the Underlying Matter, the facts and circumstances of this case support the appointment of the Overall Receiver as the Receiver of Alena LBV and the Hotel Entities.

    a. All of the Parties in the Underlying Matter supported the appointment of the Nanosky Receiver. Expanding the Overall Receiver's receivership to cover Alena LBA and the Hotel Entities is simply a natural and necessary extension of his power consistent with this Court's and the parties' goals

to manage, oversee and preserve all of the assets of the Defendants in the Underlying Matter and the Defendants in the Overall Receiver's Complaint;

b. If a receiver is not appointed, the value of Alena LBV and the Hotel Entities, which are presently controlled by Nikesh and/or Trisha, is at risk, as Nikesh and/or Trish could attempt to sell, assign or transfer the control or ownership of those entities to another party and to the detriment of the Overall Receivership Estate. As a result, the resources and expertise of the Overall Receiver, with assistance from the Nanosky Receiver, is necessary to protect the value of Alena LBV and the Hotel Entities and maximize the recovery from the ultimate disposition of the assets owned by these entities;

c. The Overall Receiver, with the assistance of the Nanosky Receiver, is already managing the assets of the Overall Receivership Estate and is uniquely positioned to serve as a receiver given the depth of the knowledge he has already obtained in connection with the Alena Hospitality Portfolio and the assets of the Defendants in the Underlying Matter. It is a natural extension of his current duties and responsibilities to commence exercising exclusive jurisdiction over Alena LBV and the Hotel Entities as additional assets of the Overall Receivership Estate immediately.

14. The requested expansion of the Overall Receiver's receivership can and would be properly overseen and administered by this Court in the Northern District of Illinois given this

{10516-002 MOT A0411866.DOCX}  7

Court's current oversight of the Overall Receivership Estate, the substantial connection between this district and the fraud described in the Overall Receiver's Complaint, and this Court's involvement in the matter thus far, including the exercise of control over the assets held by the Defendants in the Underlying Matter.

WHEREFORE, for all of the foregoing reasons, the Overall Receiver respectfully requests that this Court grant this Motion, appoint Patrick Cavanaugh of High Ridge Partners as the receiver for Alena LBV and the Hotel Entities, and provide the Overall Receiver with such other relief as may be appropriate in the circumstances.

Respectfully submitted,

Patrick Cavanaugh, not individually, but solely in his capacity as Overall Receiver of the Overall Receivership Estate

Dated: July 10, 2015

By    /s/ *Richard A. Saldinger*
     One of his attorneys

Steven B. Towbin
Richard A. Saldinger
Allen J. Guon
Shaw Fishman Glantz & Towbin LLC
321 North Clark Street, Suite 800
Chicago, IL 60654
Phone: (312) 541-0151
stowbin@shawfishman.com
rsaldinger@shawfishman.com
aguon@shawfishman.com

*Counsel for the Overall Receiver*