FILED
JUN 25 2015
JUDGE AMY ST. EVE
United States District Court

June 25, 2015

**VIA E-MAIL**

Honorable Amy J. St. Eve
219 South Dearborn Street
Chicago, IL 60604

RE: **Pennant Management, Inc. v. First Farmers Financial, LLC**, Civil Action File No. 14CV-7581, United States District Court for the Northern District of Illinois – Eastern Division

Dear Judge St. Eve,

Per your chambers' instructions, enclosed please find a copy of CVC Hospitality, Inc.'s ("CVC") letter to the Receiver's counsel in the above-referenced case regarding its objection to **Receiver's Motion for Entry of an Order (I) Authorizing the Sale of the Hospitality Properties Free and Clear of All Interests; (II) Approving the Terms of the Nanosky Receiver's Agreements with HREC Investment Advisors and Auction.com, LLC; (III) Authorizing the Payment of Sale Related Costs; (IV) Approving the Sale Procedures; (V) Staying Other Proceedings Adjudicating Interests in the Hospitality Properties; (VI) Setting a Bar Date in Connection Therewith; (VII) Scheduling Hearing to Approve Sale Results; and (VIII) Granting Related Relief.**

The Motion is scheduled to be heard before you tomorrow, June 26, 2015 at 8:45 a.m. CVC is currently working to obtain local counsel to attend the hearing. If CVC is unable to obtain local counsel by tomorrow morning, we request the opportunity to brief the Court on the matter before you issue an order. Thank you for your consideration of this matter.

Sincerely,

Brian Kirwin  FOR
Brian Kirwin, Esq.
Kirwin Norris, P.A.
15 W. Church Street, Suite 301
Orlando, Florida 32801
Ph: (407) 740-6600
Fax: (407) 740-6363
E-mail: bpk@kirwinnorris.com
*Counsel for CVC Hospitality, Inc.*

BPK/bb

Cc: Allen J. Guon
Steven B. Towbin
Sergio E. Acosta
Virginia B. Bensinger
Jonathan H. Claydon

Brooke E. Conner
Paul J. Ferak
Jeffrey W. Finke
Kyle L. Flynn
Paul T. Fox
Edward J. Halper
Thomas C. Hardy
Harvard Savings Bank
Randall M. Lending
Felicia V. Manno
Joseph M. Mannon
Elizabeth P. Mazzocco
Kevin A. Reck
Thomas A. Sadaka
Michael L. Shacter
Nidhi Srivastava
Peter G. Swan
James C. Vlahakis
James D. Wilson
Hilary Timbes
Chris Kersey
Chris Horihan
George Tzanetopoulos

June 25, 2015

**VIA E-MAIL**

Allen J. Guon, Esq.
Steven B. Towbin, Esq.
Shaw Fishman Glantz & Towbin LLC
321 North Clark Street, Suite 800
Chicago, IL 60654

RE: Objection to Receivers' Motion for Entry of An Order (I) Authorizing the Sale of the Hospitality Properties Free and Clear of All Interests; (II) Approving the Terms of the Nanosky Receiver's Agreements with HREC Investment Advisors and Auction.com, LLC; (III) Authorizing the Payment of Sale Related Costs; (IV) Approving the Sale Procedures; (V) Staying Other Proceedings Adjudicating Interests in the Hospitality Properties; (VI) Setting a Bar Date in Connection Therewith; (VII) Scheduling Hearing to Approve Sale Results; and (VIII) Granting Related Relief - <u>Pennant Management, Inc. v. First Farmers Financial, LLC</u>, Civil Action File No. 14CV-7581, United States District Court for the Northern District of Illinois – Eastern Division

Dear Mr. Guon,

Please be advised that this firm represents CVC Hospitality, Inc. ("CVC"). On June 24, 2015, CVC received a copy of the above-reference Motion (the "Receiver's Motion") you filed in the above-referenced case on June 23, 2015. While CVC is not a party to the above-referenced case, it would be significantly impacted by the entry of an Order granting the Receiver's Motion by the Court.

This letter constitutes our advisement to you that the case law and facts offered in support of the Receiver's Motion is **not** correct. In particular, Paragraph 6 of the Receiver's Motion ("Paragraph 6") states that

> The Receivers are informed and believe that 28 U.S.C. § 754 has been complied with, thereby perfecting the Receivers' and this court's jurisdiction over all of the Defendants' property located in . . . the Central District of Florida . . . This court, therefore, has exclusive jurisdiction over all of the property of the Receivership estates and the proceeds of such property. *See Eller Ind., Inc. v. Indian Motorcycle Mfg., Inc.*, 929 F. Supp. 369, 371-72 (D. Col. 1995), and cases cited therein.

Paragraph 6 is not correct for two reasons. The first reason Paragraph 6 is not correct is that the case law cited, *Eller Industries*, is not applicable in the current case. The facts in *Eller Industries* are distinguishable, and the legal proposition for which *Eller Industries* stands is not applicable in this case. *Eller Industries* involved a bankruptcy trustee's attempt to enjoin a Colorado district court from taking actions with a debtor's property the district court had placed in a receivership. The property was being held in a receivership to protect against fraudulent transfers that would adversely affect all creditors. The Colorado district court held that it had exclusive

jurisdiction over all of the property of the receivership estate, and that its jurisdiction precluded the bankruptcy trustee from enjoining the district court from taking actions with the property.

The current case does not involve a bankruptcy court attempting to enjoin a federal district court from taking action. Rather, the Receiver's Motion is asking a federal court to authorize the Receiver to collectively sell the Hospitality Properties and stay all proceedings in other jurisdictions, including Florida, seeking to adjudicate any purported interest in the Hospitality Properties. Rather than protect the interest of the creditors, which would include CVC and its 1.2 million dollar lien against the hospitality property located at 12490 South Apopka Vineland Road, Orlando, Florida 32836 (the "Florida Hospitality Property"), an Order granting the Receiver's Motion could cause a significant and severe effect on all of the creditors with an interest in the Hospitality Properties. The Receiver's Motion could force all creditors with interest in the Hospitality Properties to 1) lose any priority status they had earned over a particular hospitality property, and 2) fight with other creditors across the country to recover the money owed to them for work or materials they contributed. The Court in *Eller Industries* did not intend to set a precedent that allow a court to take actions that cause a significant and adverse effect on creditors rather than protect creditors, so the citation to *Eller Industries* in Paragraph 6 is not applicable.

The second reason that Paragraph 6 is not correct is that the facts offered in support of its conclusion are not accurate. You are hereby advised that your information and belief that "28 U.S.C. § 754 has been complied with, thereby perfecting the Receivers' and this court's jurisdiction over all of the Defendants' property" is not accurate. In particular, the Receiver did not comply with paragraph 3 of 28 U.S.C. § 754, which states that the "receiver shall, within ten days after the entry of his order of appointment, file copies of the complaint and such order of appointment in the district court for each district in which property is located."

The Receiver in this case was appointed on November 10, 2014. The Receiver did not file copies of the complaint and such order of appointment in the United States District Court for the Middle District of Florida within 10 days of such appointment, which is where the Florida Hospitality Property is located. This fact is admitted by Receiver's local Florida counsel in its "Intervenor-Defendants' Supplement to Motion to Intervene" filed in CVC's action seeking to foreclose on the Florida Hospitality Property. While Receiver's local Florida counsel has attempted to provide reasons to excuse this failure to file, the United States District Court for the Northern District of Illinois, Eastern Division, which is also considering the Receiver's Motion, has previously held in *SEC v. Heartland Group, Inc.*, 2003 WL 21000363 (N.D. Ill. 2003) that failure to strictly comply with 28 U.S.C. § 754's 10-day filing requirement precludes a Receiver from asserting *in rem* jurisdiction over property in a foreign jurisdiction. While the Receiver did file the complaint and such order of appointment within 10 days of the Court's order clarifying, modifying, and expanding the duties of the Receiver, it did not file the required documents within 10 days of the appointment of the Receiver on November 10, 2014, so any representations to the Court of compliance with 28 U.S.C. § 754 are not accurate.

In conclusion, Paragraph 6 in the Receiver's Motion is not correct because 1) the case law cited is not applicable in the current case, and 2) the facts cited regarding compliance with 28 U.S.C. § 754 are not accurate. Please withdraw the Receiver's Motion from consideration to avoid presenting incorrect facts and inapplicable legal propositions to the Court. If you have any

questions or concerns regarding the above, please do not hesitate to call or e-mail me. Thank you for your prompt attention to this matter.

Sincerely,

*Brian Kirwin* FOR
Brian Kirwin, Esq.
Kirwin Norris, P.A.
15 W. Church Street, Suite 301
Orlando, Florida 32801
Ph: (407) 740-6600
Fax: (407 740-6363
E-mail: bpk@kirwinnorris.com
*Counsel for CVC Hospitality, Inc.*

BPK/bb

Cc: Honorable Amy J. St. Eve
Sergio E. Acosta
Virginia B. Bensinger
Jonathan H. Claydon
Brooke E. Conner
Paul J. Ferak
Jeffrey W. Finke
Kyle L. Flynn
Paul T. Fox
Edward J. Halper
Thomas C. Hardy
Harvard Savings Bank
Randall M. Lending
Felicia V. Manno
Joseph M. Mannon
Elizabeth P. Mazzocco
Kevin A. Reck
Thomas A. Sadaka
Michael L. Shacter
Nidhi Srivastava
Peter G. Swan
James C. Vlahakis
James D. Wilson
Hilary Timbes
Chris Kersey
Chris Horihan
George Tzanetopoulos