UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PENNANT MANAGEMENT, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FIRST FARMERS FINANCIAL, LLC., *et al.,* )<br>)<br>Defendants )<br>)<br>and )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Counter-Plaintiff, )<br>)<br>v. )<br>)<br>PENNANT MANAGEMENT, INC.; FIRST )<br>FARMERS FINANCIAL, LLC; NIKESH )<br>AJAY PATEL; TRISHA N. PATEL; ALENA )<br>HOSPITALITY, LLC; ALENA, LLC; ABLE )<br>CONNECTION, LLC; NPSSS, )<br>LABORATORIES, LLC; ALENA )<br>AVIATION, LLC; KUBER CAPITAL )<br>FUNDING, LLC; KUBER CONSULTING; )<br>SURI HOSPITALITY, LLC; and SURI )<br>HOSPITALITY INTERNATIONAL, LLC, )<br>)<br>Counter-defendants. ) | No. 14 C 7581<br><br>Judge St. Eve |

**COUNTERCLAIM OF THE UNITED STATES
OF AMERICA FOR DECLARATORY JUDGMENT**

The United States of America, by Zachary T. Fardon, United States Attorney for the

Northern District of Illinois, on behalf of the Small Business Administration ("SBA"),

counterclaims and alleges as follows:

1.     The court has jurisdiction over this counterclaim under 28 U.S.C. § 1345 (United

States as plaintiff) and under 28 U.S.C. § 2201 (Declaratory judgments).

2.  On or about September 19, 2012, Sheraton Peoria Hotel, LLC executed a promissory note ("Note"), whereby Sheraton Peoria Hotel, LLC promised to repay a $5,000,000 loan from the SBA according to the terms of the Note.  Exhibit A.

2.  As security for the Note, SBA has a perfected security interest in the property commonly known as 500 Hamilton Blvd., Peoria, Illinois, 61602 ("Subject Property") by virtue of the mortgage that was recorded with the Peoria County Recorder of Deeds on November 1, 2012 as Document Number LR 2012028971 and that was assigned to SBA.  Exhibit B.  The Assignment of Mortgage was recorded with the Peoria County Recorder of Deeds on November 1, 2012 as Document Number LR2012028972.  Exhibit C.

3.  On March 25, 2015, Noida recorded a release of its mortgage on the Subject Property. The release of mortgage was recorded with the Peoria County Recorder of Deeds as instrument number LR 2015005510 and is attached hereto as Exhibit D.

4.  The SBA's mortgage on the Subject Property is in a first lien position and all other purported liens on the Subject Property are inferior to the SBA's lien.

5.  Pursuant to 28 U.S.C. § 2410(c), a "sale to satisfy a lien inferior to one of the United States shall be made subject to and without disturbing the lien of the United States, unless the United States consents that the property may be sold free of its lien and the proceeds divided as the parties may be entitled."

6.  The United States has not consented to the Receivers' proposed sale of the Subject Property, and the Receivers do not have the authority to request a stay of the SBA's pending foreclosure action, *United States v. True Line Contracting & Remodeling Services, Inc.*, No. 15 C 1097 (C.D. Ill.), absent the consent of the United States.

7.    The outstanding principal balance due on the Note is $4,598,739.07 plus accrued interest of $61,874.45 for a total due of $4,660,613.52 as of July 8, 2015.  Interest accrues at a per diem rate of $247.58.

8.    An October 21, 2014 tract search of the Subject Property shows the owner of record of the Subject Property as Sheraton Peoria Hotel, LLC.    Pennant Management, Inc. ("Pennant") and all of the other named defendants in this case do not have an ownership interest or perfected security interest in the Subject Property.

9.    Alternatively, to the extent Pennant, or any other named defendants claim to have an ownership interest or perfected security interest in the Subject Property, Pennant's and/or the other defendants' interests are inferior and subordinate to the perfected security interest of the SBA.

WHEREFORE, the United States requests the following relief:

1.    A declaratory judgment that SBA has a perfected mortgage lien on the Subject Property superior to all parties in this case.

2.    A declaratory judgment that, pursuant to 28 U.S.C. § 2410(c), the Subject Property cannot be sold free and clear of the SBA's lien without the consent of the United States.

3.    A declaratory judgment that the SBA's foreclosure action, *United States v. True Line Contracting & Remodeling Services, Inc.*, 15 C 1097 (J. Darrow), will not be stayed absent the consent of the United States,

4.    That the court grant any additional relief it deems equitable and just, including declaratory and injunctive relief.

Respectfully submitted,

ZACHARY T. FARDON
United States Attorney

By: s/ Michael J. Kelly
     MICHAEL J. KELLY
     Assistant United States Attorney
     KATE R. O'LOUGHLIN
     Special Assistant United States Attorney
     219 South Dearborn Street
     Chicago, Illinois 60604
     (312) 353-4220
     michael.kelly@usdoj.gov
     kate.oloughlin@sba.gov

# EXHIBIT A



### U.S. Small Business Administration
### NOTE (CDC/504 Loans)

**SBA Loan Number**    5002

**SBA Loan Name** FOUR POINTS SHERATON

**Date** September 19, 2012

**Loan Amount** $5,000,000.00

**Borrower** SHERATON PEORIA HOTEL, LLC

**Operating Company** FOUR POINTS SHERATON

**CDC** 05-203 ILLINOIS BUSINESS FINANCIAL SERVICES

| | |
|---|---|
| **Funding Date** December 12, 2012 | **\* Interest Rate** 1.96515% |
| **First Payment Due**   January 01, 2013 | **\* P&I Amount** $25,196.61 |
| **Note Maturity Date** December 01, 2032 | **\* Monthly Payment** $32,123.70 |
| | (\* blank at signing) |

## 1. PROMISE TO PAY

In return for the Loan, Borrower promises to pay to the order of CDC the amount of
__$5,000,000.00__
Five Million and No/100 Dollars, interest on the unpaid principal balance, the fees specified in the
Servicing Agent Agreement, and all other amounts required by this Note.

## 2. DEFINITIONS

"Collateral" means any property taken as security for payment of this Note or any guarantee of
this Note.
"Debenture" means the debenture issued by CDC to fund the Loan.
"Guarantor" means each person or entity that signs a guarantee of payment of this Note.
"Loan" means the loan evidenced by this Note.
"Loan Documents" means the documents related to this loan signed by Borrower, Guarantor, or
anyone who pledges collateral.
"SBA" means the Small Business Adminstration, an Agency of the United States of America.
"Servicing Agent Agreement" means the agreement between the Borrower and the CDC that,
among other things, appoints a servicing agent ("Servicing Agent") for this Note.

## 3. DEBENTURE & NOTE TERMS

Date of SBA Approval: **08/15/2012**

|  | **(A) Debenture** | **(B) Note(or Lease)** |
|---|---|---|
| **A. Principal Amount \*** | $5,000,000.00 | $5,000,000.00 |
| **B.Date** | 12/12/2012 | 09/19/2012 |
| **C. Interest Rate** | 1.93000% | 1.96515% \*\* |
| **D. Maturity Date \*** | 12/01/2032 | 12/01/2032 |
| **E. Payment Amount** | $151,179.63 | $32,123.70 \*\*\* |
| **F. Payment Dates** | Semi-Annual June and December | The first of each month beginning January 01, 2013 |

\*    Item in Column A must be identical to item in Column B.

\*\*    The Note Rate is the interest rate charged on the Debenture, adjusted to reflect monthly amortization.

\*\*\*  Servicing fees are added to monthly principal and interest payments to arrive at Borrower's total monthly payment.

## 4. PAYMENT

A. Borrower agrees to:

(1) Make timely monthly payments to CSA by Automatic Clearing House (ACH) or Federal Fund wire transfer if ACH is not available, or as approved by CSA in writing.

(2) Pay all fees and closing costs owed by Borrower as described in this Agreement.

B. If the Borrower fails to make timely payments, the CDC agrees to collect and send the delinquent payments it collects from the Borrower to the CSA.

## 5. UNDERWRITERS' FEE

The offering of the Certificates to Investors through one or more Underwriters has been arranged.

The Underwriters' fee for this service is Four - Tenths of one percent (0.40000%) of the total Debenture proceeds stated in Section 6.

(For calculation of Underwriters' fee, see section B.1 of the 504 Authorization.)

## 6. DISBURSEMENT AUTHORIZATION

| (Complete all information: enter "N/A" if not applicable) | Dollar Amount<br>Please round to the nearest dollar |
|---|---|
| **Total Debenture Amount** | $5,000,000.00 |
| **A. The Underwriters' fee withheld prior to CSA receipt of funds** | $20,000.00 |
| **B. Amount received by CSA** | $4,980,000.00 |
| **C. The CSA will disburse the following:** | |
| **(1) Net Debenture Proceeds**<br>(by wire transfer) | $4,861,500.00 |
| **(2) Fees and Closing Costs**<br>(Sum of (A) through (D) below) | $117,883.75 |
| **(A) SBA Guaranty Fee**<br>(0.005 times Net Debenture Proceeds) | $24,307.50 |
| **(B) Funding Fee**<br>(0.0025 times Net Debenture Proceeds) | $12,153.75 |
| **(C) CDC Processing Fee**<br>(0.015 times net debenture proceeds) | $72,922.50 |
| **(D) CDC Closing Costs and Fees** | $8,500.00 |
| **(3) Balance, if any, to the Borrower** | $616.25 |
| **(4) Total CSA Disbursement**<br>(Sum of (1), (2) and (3)) | $4,980,000.00 |

## 7. WIRE TRANSFER INSTRUCTIONS

### A. Recipient Bank For Wire Of Net Debenture Proceeds

| Name of Recipient Bank | ENVIROCAP, LLC | City and State | TAMPA, FL | |
|---|---|---|---|---|
| **Account Name** | SHERATON PEORIA HOTEL, LLC | **Account Number** | SBA LOAN | 5002 |
| **Routing Symbol & Transaction Code**<br>( must be 9 digits ) | N/A | **Attention of:** | BRYAN MAGUIRE (813)341-3654 #1 | |

**B. Correspondent Bank (Complete the following only if recipient bank is not a Fed wire member)**

| | | | |
|---|---|---|---|
| **Correspondent Bank Name** | BANK OF AMERICA | **City and State** | NEW YORK, NY |
| **Account Name** | FOR FURTHER CREDIT TO: ENVIROC | **Account Number** | 6417 |
| **Routing Symbol & Transaction Code** ( must be 9 digits ) | 9593 | **Attention of:** | CRUZE AGUILAR (301)517-3118 |

SBA Form (1506) Conformed Copy      CDC Number:05-203      Loan Number:    5002

**SBA** U.S. Small Business Administration

# NOTE
## (CDC/504 LOANS)

| | | |
|---|---|---|
| SBA Loan # | **536-159-5002** | |
| SBA Loan Name | **Four Points Sheraton** | |
| Date | **September 19, 2012** | |
| Loan Amount | **$5,000,000.00** | |
| Borrower | **Sheraton Peoria Hotel, LLC** | |
| Operating Company | | |
| CDC | **Illinois Business Financial Services** | **05-203** |

Funding Date: **December 12, 2012**

First Payment Due: **January 01, 2013**

Note Maturity Date: **December 01, 2032**

\* Interest Rate: _____ %

\* P&I Amount: $_____

\* Monthly Payment: $_____

*( \* blank at signing )*

1. PROMISE TO PAY:

In return for the Loan, Borrower promises to pay to the order of CDC the amount of
**Five Million and no/100** _____ Dollars,
interest on the unpaid principal balance, the fees specified in the Servicing Agent Agreement, and all other amounts required by this Note.

2. DEFINITIONS:

"Collateral" means any property taken as security for payment of this Note or any guarantee of this Note.

"Debenture" means the debenture issued by CDC to fund the Loan.

"Guarantor" means each person or entity that signs a guarantee of payment of this Note.

"Loan" means the loan evidenced by this Note.

"Loan Documents" means the documents related to this loan signed by Borrower, Guarantor, or anyone who pledges collateral.

"SBA" means the Small Business Administration, an Agency of the United States of America.

"Servicing Agent Agreement" means the agreement between the Borrower and the CDC that, among other things, appoints a servicing agent ("Servicing Agent") for this Note.

3. INTEREST RATE AND PAYMENTS:

The terms of the Debenture sale will establish the interest rate, P & I amount, and Monthly Payment for this Note. Borrower acknowledges that these terms are unknown when Borrower signs this Note.

    A. Once established, the interest rate is fixed. Interest begins to acrue on the Funding Date.

    B. Monthly Payments are due on the first business day of each month, beginning on the First Payment Due and continuing until the Note Maturity Date, when all unpaid amounts will be due. Borrower must pay at the place and by the method the Servicing Agent or CDC designates. The Monthly Payment includes the monthly principal and interest installment (P & I Amount), and the monthly fees in the Servicing Agent Agreement. The Servicing Agent will apply regular Monthly Payments in the following order: 1) monthly fees, 2) accrued interest, and 3) principal.

4. LATE-PAYMENT FEE:

CDC charges a late fee if the Servicing Agent receives a Monthly Payment after the fifteenth day of the month when it is due. The late fee is five percent of the payment amount, or $100.00, whichever is greater. The late fee is in addition to the regular Monthly Payment.

5. RIGHT TO PREPAY:

Borrower may prepay this Note in full on a specific date each month set by the Servicing Agent. Borrower may not make partial prepayments. Borrower must give CDC at least 45 days' prior written notice. When it receives the notice, CDC will give Borrower prepayment instructions. At least 10 days before the payment date, Borrower must wire a non-refundable deposit of $1,000 to the Servicing Agent. The Servicing Agent will apply the deposit to the prepayment if Borrower prepays. In any prepayment, Borrower must pay the sum of all of the following amounts due and owing through the date of the next semi-annual Debenture payment:

    A. Principal balance;

    B. Interest;

    C. SBA guarantee fees;

    D. Servicing agent fees;

    E. CDC servicing fees;

    F. Late fees;

    G. Expenses incurred by CDC for which Borrower is responsible; and

    H. Any prepayment premium.

6. PREPAYMENT PREMIUM:

If Borrower prepays during the first half of the Note term, Borrower must pay a prepayment premium. The formula for the prepayment premium is specified in the Debenture and may be obtained from CDC.

7. DEFAULT:

Borrower is in default under this Note if Borrower does not make a payment when due under this Note, or if Borrower or Operating Company:

    A. Fails to do anything required by this Note and other Loan Documents;

    B. Defaults on any other loan made or guaranteed by SBA;

    C. Does not preserve or account to CDC's satisfaction for any of the Collateral or its proceeds;

    D. Does not disclose, or anyone acting on their behalf does not disclose, any material fact to CDC or SBA;

    E. Makes, or anyone acting on their behalf makes, a materially false or misleading representation to CDC or SBA;

    F. Defaults on any loan or agreement with another creditor, if CDC believes the default may materially affect Borrower's ability to pay this Note;

    G. Fails to pay any taxes when due;

    H. Becomes the subject of a proceeding under any bankruptcy or insolvency law;

    I. Has a receiver or liquidator appointed for any part of their business or property;

    J. Makes an assignment for the benefit of creditors;

    K. Has any adverse change in financial condition or business operation that CDC believes may materially affect Borrower's ability to pay this Note;

L. Reorganizes, merges, consolidates, or otherwise changes ownership or business structure without CDC's prior written consent, except for ownership changes of up to 5 percent beginning six months after the Loan closes;  or

M. Becomes the subject of a civil or criminal action that CDC believes may materially affect Borrower's ability to pay this Note.

8. **CDC'S RIGHTS IF THERE IS A DEFAULT:**

Without notice or demand and without giving up any of its rights, CDC may:

A. Require immediate payment of all amounts owing under this Note;

B. Collect all amounts owing from any Borrower or Guarantor;

C. File suit and obtain judgement;

D. Take possession of any Collateral;  and

E. Sell, lease, or otherwise dispose of, any Collateral at public or private sale, with or without advertisement.

9. **CDC'S GENERAL POWERS:**

Without notice and without Borrower's consent, CDC may:

A. Bid or buy at any sale of Collateral by Lender or another lienholder, at any price it chooses;

B. Incur expenses to collect amounts due under this Note, enforce the terms of this Note or any other Loan Document, and preserve or dispose of the Collateral.  Among other things, the expenses may include payments for property taxes, prior liens, insurance, appraisals, environmental remediation costs, and reasonable attorney's fees and costs.  If CDC incurs such expenses, it may demand immediate repayment from Borrower or add the expenses to the principal balance;

C. Release anyone obligated to pay this Note;

D. Compromise, release, renew, extend or substitute any of the Collateral;  and

E. Take any action necessary to protect the Collateral or collect amounts owing on this Note.

10. **FEDERAL LAW:**

When SBA is the holder, this Note will be interpreted and enforced under federal law, including SBA regulations.  CDC or SBA may use state or local procedures for filing papers, recording documents, giving notice, foreclosing liens, and other purposes.  By using such procedures, SBA does not waive any federal immunity from state or local control, penalty, tax, or liability.  As to this Note, Borrower may not claim or assert against SBA any local or state law to deny any obligation, defeat any claim of SBA, or preempt federal law.

11. **SUCCESSORS AND ASSIGNS:**

Under this Note, Borrower and Operating Company include the successors of each, and CDC includes it successors and assigns.

12. **GENERAL PROVISIONS:**

A. All individuals and entities signing this Note are jointly and severally liable.

B. Borrower authorizes CDC, the Servicing Agent, or SBA to complete any blank terms in this Note and any other Loan Documents.  The completed terms will bind Borrower as if they were completed prior to this Note being signed.

C. Borrower waives all suretyship defenses.

D. Borrower must sign all documents necessary at any time to comply with the Loan Documents and to enable CDC to acquire, perfect, or maintain CDC's liens on Collateral.

E. CDC may exercise any of its rights separately or together, as many times and in any order it chooses.  CDC may delay or forgo enforcing any of its rights without giving any up.

F. Borrower may not use any oral statement to contradict or alter the written terms of, or raise a defense to, this Note.

G. If any part of this Note is unenforceable, all other parts remain in effect.

H. To the extent allowed by law, Borrower waives all demands and notices in connection with this Note, including presentment, demand, protest, and notice of dishonor.  Borrower also waives any defenses based upon any claim that CDC did not obtain any guarantee; did not obtain, perfect, or maintain a lien upon Collateral; impaired Collateral; or did not obtain the fair market value of Collateral at a sale.

13. STATE-SPECIFIC PROVISIONS:

**None**

14. BORROWER'S NAME(S) AN. ...IGNATURE(S):

By signing below, each individual or entity becomes obligated under this Note as Borrower.

Sheraton Peoria Hotel, LLC

By: _____
Atulkumar G. Patel, Manager/Member

**ASSIGNMENT:** CDC assigns this Note to SBA.

Illinois Business Financial Services

By: _____ Date: September 19, 2012

Typed Name: **Charles Randle, President**_____, authorized officer of CDC.

Attest:_____

SBA Form 1505 (10/98)  Previous editions obsolete

# EXHIBIT B

# Illinois Anti-Predatory Lending Database Program

## Certificate of Exemption

LR 2012028971          11/1/2012 02:13 PM

Recorded in

Peoria County Recorder of Deeds, ILLINOIS
Teste:

*Nancy K Horton*

Recorder of Deeds

**Report Mortgage Fraud**
**800-532-8785**

---

The property identified as:     PIN: 18-09-208-007

5￼

**Address:**
**Street:**     500 Hamilton Blvd.
**Street line 2:**
**City:** Peoria          **State:** IL          **ZIP Code:** 61602

**Lender:** Illinois Business Financial Services

**Borrower:** Sheraton Peoria Hotel, LLC

Date: 11-01-12
**Peoria County Recorder**
**Rental Housing Support**
**Program Fund Surcharge: $10.00**

**Loan / Mortgage Amount:** $5,000,000.00

This property is located within the program area and is exempt from the requirements of 765 ILCS 77/70 et seq. because it is commercial property.

**Certificate number:** 188AF770-3A33-43F4-BC3A-FCE0599C0803          **Execution date:** 09/19/2012

PREPARED BY AND
RETURN TO:
CHARLES RANDLE
ILLINOIS BUSINESS FINANCIAL SERVICES
411 HAMILTON BOULEVARD – SUITE 1330
PEORIA, ILLINOIS 61602

Loan # 53615950-02

# Mortgage

### (Participation)

This mortgage made and entered into this 19th day of September, 2012, by and between **Sheraton Peoria Hotel, LLC** (hereinafter referred to as Mortgagor or Borrower), and ILLINOIS BUSINESS FINANCIAL SERVICES (hereinafter referred to as Mortgagee), who maintains an office and place of business at 411 Hamilton Boulevard, Suite 1330, Peoria IL 61602.

WITNESSETH, that for the consideration hereinafter stated, receipt of which is hereby acknowledged, the mortgagor does hereby mortgage, sell, grant, assign, and convey unto the mortgagee, its successors and assigns, all of the following described property situated and being in the County of **Peoria**, State of Illinois, free from all rights and benefits under and by virtue of the homestead exemption laws. Mortgagor hereby releases and waives all rights under and by virtue of the homestead exemption laws of this state.

SEE ATTACHED LEGAL DESCRIPTION

Common address:     **500 Hamilton Boulevard, Peoria Illinois 61602**

PIN:                          **18-09-208-007**

Together with and including all buildings, all fixtures including but not limited to all plumbing, heating, lighting, ventilating, refrigerating, incinerating, air conditioning apparatus, and elevators (the mortgagor hereby declaring that it is intended that the items herein enumerated shall be deemed to have been permanently installed as part of the realty), and all improvements now or hereafter existing thereon; the hereditaments and appurtenances and all other rights thereunto belonging, or in any way appertaining, and the reversion and reversions, remainder and remainders, all rights of redemption, and the rents, issues, and profits of the above described property (provided, however, that the mortgagor shall be entitled to the possession of said property and to collect and retain the rents, issues, and profits until default hereunder). To have and to hold the same unto the mortgagee and the successors in interest of the mortgagee forever in fee simple or such other estate, if any, as is stated herein.

The mortgagor covenants that he is lawfully seized and possessed of and has the right to sell and convey said property; that the same is free from all encumbrances except as to hereinabove recited; and that he hereby binds himself and his successors in interest to warrant and defend the title aforesaid thereto and every part thereof against the claims of all persons whomsoever.

This instrument is given to secure the payment of a promissory note dated September 19, 2012, in the principal sum of **$5,000,000.00.**

Said promissory note was given to secure a loan in which the Small Business Administration, an agency of the United State of America, has participated. In compliance with section 101.1(d) of the Rules and Regulations of the Small Business Administration [13 C.F.R. 101.1(d)], this instrument is to be construed and enforced in accordance with

applicable Federal law.

1. The mortgagor covenants and agrees as follows:

   a. To promptly pay the indebtedness evidenced by said promissory note at the times and in the manner therein provided.

   b. To pay all taxes, assessments, water rates, and other governmental or municipal charges, fines, or impositions, for which provision has not been made hereinbefore, and will promptly deliver the official receipts therefore to the said mortgagee.

   c. To pay such expenses and fees as may be incurred in the protection and maintenance of said property, including the fees of any attorney employed by the mortgagees for the collection of any or all of the indebtedness hereby secured, or foreclosure by mortgagee's sale, or court proceedings, or in any other litigation or proceeding affecting said property. Attorney's fees reasonably incurred in any other way shall be paid by the mortgagor.

   d. For better security of the indebtedness hereby secured, upon the request of the mortgagee, its successors or assigns, mortgagor shall execute and deliver a supplemental mortgage or mortgages covering any additions, improvements, or betterments made to the property hereinabove described and all property acquired by it after the date hereof (all in form satisfactory to mortgagee). Furthermore, should mortgagor fail to cure any default in the payment of a prior or inferior encumbrance on the property described by this instrument, mortgagor hereby agrees to permit mortgagee to cure such default, but mortgagee is not obligated to do so; and such advances shall become part of the indebtedness secured by this instrument, subject to the same terms and conditions.

   e. The rights created by this conveyance shall remain in full force and effect during any postponement or extension of the time of the payment of the indebtedness evidenced by said promissory note or any part thereof secured hereby.

   f. To continuously maintain hazard insurance, of such type or types and in such amounts as the mortgagee may from time to time require on the improvements now or hereafter on said property, and to pay promptly when due any premiums thereof. All insurance shall be carried in companies acceptable to mortgagee and the policies and renewals thereof shall be held by mortgagee and have attached thereto loss payable clauses in favor of and in form acceptable to the mortgagee. In event of loss, mortgagor will give immediate notice in writing to mortgagee, and mortgagee may make proof of loss if not made promptly by mortgagor, and each insurance company concerned is hereby authorized and directed to make payment for such loss directly to mortgagee instead of to mortgagor and mortgagee jointly, and the insurance proceeds, or any part thereof, may be applied by mortgagee at its option either to the reduction of the indebtedness hereby secured or the restoration or repair of the property damages or destroyed property. In event of foreclosure of this mortgage, or other transfer of title to said property in extinguishment of the indebtedness secured hereby, all right, title, and interest of the mortgagor in and to any insurance policies then in force shall pass to the purchaser or mortgagee or, at the option of the mortgagee, may be surrendered for a refund.

   g. To keep all buildings and other improvements on said property in good repair and condition; will permit, commit, or suffer no waster, impairment, deterioration of said property or any part thereof; in the event of failure of the mortgagor to keep the building on said premises and those erected on said premises, or improvements thereon, in good repair, the mortgagee may make such repairs as in its discretion it may deem necessary for the proper preservation thereof; and the full amount of each and every such payment shall be immediately due and payable; and shall be secured by the lien of this mortgage.

   h. To not voluntarily create or permit to be created against the property subject to this mortgage any lien or liens inferior or superior to the lien of this mortgage without the written consent of the mortgagee; and further, that mortgagor will keep and maintain the same free from the claim of all persons supplying labor or materials for construction of any and all buildings or improvements now being erected or to be erected on said premises.

   i. To not rent or assign any part of the rent of said mortgaged property or demolish, or remove, or substantially alter any building without the written consent of the mortgagee.

   j. All awards of damages in connection with any condemnation for public use of or injury to any of the property subject to this mortgage are hereby assigned and shall be paid to mortgagee, who may apply the same to payment of the installments last due under said note, and mortgagee is hereby authorized, in the name of the mortgagor, to execute and deliver valid acquittances thereof and to appeal from any such award.

   k. The mortgagee shall have the right to inspect the mortgaged premises at any reasonable time.

2.    Default in any of the covenants and or conditions of this instrument or of the note or loan agreement secured hereby shall terminate the mortgagor's right to possession, use and enjoyment of the property, at the option of the mortgagee or his assigns (it being agreed that the mortgagor shall have such right until default). Upon any such default, the mortgagee shall become the owner of all of the rents and profits accruing after default as security for the indebtedness secured hereby, with the right to enter upon said property for the purpose of collecting such rents and profits. This instrument shall operate as an assignment of any rentals on said property to that extent.

3.    The mortgagor covenants and agrees that if he/she/it shall fail to pay said indebtedness or any part thereof when due, or shall fail to perform any covenant or agreement of this instrument or the promissory note secured hereby, the entire indebtedness hereby secured shall immediately become due, payable, and collectible without notice, at the option of the mortgagee or assigns, regardless of maturity, and the mortgagee or his assigns may before or after entry sell said property without appraisement (the mortgagor having waived and assigned to the mortgagee all rights of appraisement):

I.    at judicial sale pursuant to the provisions of 28 U.S.C. 2001 (a); or

II.   at the option of the mortgagee, either by auction or by solicitation of sealed bids, for the highest and best bid complying with the terms of sale and manner of payment specified in the published notice of sale, first giving four weeks' notice of the time, terms, and place of such sale, by advertisement not less than once during each of said four weeks' in a newspaper published or distributed in the county in which said property is situated, all other notice being hereby waived by the mortgagor (and said mortgagee, or any person on behalf of said mortgagee, may bid with the unpaid indebtedness evidenced by said note.) Said sale shall be held at or on the property to be sold or at the Federal, county or city courthouse for the county in which the property is located. The mortgagee is hereby authorized to execute for and on behalf of the mortgagor and to deliver to the purchaser at such sale a sufficient conveyance of said property, which conveyance shall contain recitals as to the happening of the default upon which the execution of the power of sale herein granted depends; and the said mortgagor hereby constitutes and appoints the mortgagee or any agent or attorney of the mortgagee, the agent and attorney in fact of said mortgagor to make such recitals and to execute said conveyance and hereby covenants and agrees that the recitals so made shall be effectual to bar all equity of right of redemption, homestead, dower, and all other exemptions of the mortgagor, all of which are hereby expressly waived and conveyed to the mortgagee; or

III.  take any other appropriate action pursuant to state or Federal statute either in state or Federal court or otherwise for the disposition of the property.

In the event of a sale as hereinbefore provided, the mortgagor or any persons in possession under the mortgagor shall then become and be tenants holding over and shall forthwith deliver possession to the purchaser at such sale or be summarily dispossessed, in accordance with the provisions of law applicable to tenants holding over. The power and agency hereby granted are coupled with an interest and are irrevocable by death or otherwise, and are granted as cumulative to the remedies for collection of said indebtedness provided by law.

4.    The proceeds of any sale of said property in accordance with the preceding paragraphs shall be applied first to pay the costs and expenses of said sale, the expenses incurred by the mortgagee for the purpose of protecting or maintaining said property, and reasonable attorney's fees; secondly, to pay the indebtedness secured hereby; and thirdly, to pay any surplus or excess to the person or persons legally entitled thereto.

5.    In the event said property is sold at a judicial foreclosure sale or pursuant to the power of sale hereinabove granted, and the proceeds are not sufficient to pay the total indebtedness secured by this instrument and evidenced by said promissory note, the mortgagee will be entitled to a deficiency judgment for the amount of the deficiency without regard to appraisement.

6.    In the event the mortgagor fails to pay any Federal, state, or local tax assessment, income tax or other tax lien, charge, fee, or other expense charged against the property the mortgagee is hereby authorized at his option to pay the same. Any sums so paid by the mortgagee shall be added to and become a part of the principal amount of the indebtedness evidence by said note, subject to the same terms and conditions. If the mortgagor shall pay and discharge the indebtedness evidenced by said promissory note, and shall pay such sums and shall discharge all taxes and liens and the costs, fees, and expenses of making, enforcing, and executing this mortgage, then this mortgage shall be canceled and surrendered.

7.      The covenants herein contained shall bind and the benefits and advantages shall inure to the respective successors and assigns of the parties hereto. Whenever used, the singular number shall include the plural, the singular, and the use of any gender shall include all genders.

8.      No waiver of any covenant herein or of the obligation secured hereby shall at any time thereafter be held to be a waiver of the terms hereof or of the note secured hereby.

9.      A judicial decree, order, or judgment holding any provision or portion of this instrument invalid or unenforceable shall not in any way impair or preclude the enforcement of the remaining provisions or portions of this instrument.

10.      Any written notice to be issued to the mortgagor pursuant to the provisions of this instrument shall be addressed to the mortgagor at 500 Hamilton Boulevard, Peoria Illinois 61602 and any written notice to be issued to the mortgagee shall be addressed to the mortgagee at 411 HAMILTON, SUITE 1330, PEORIA IL 61602.

11.      Mortgagor on behalf of himself/herself/itself and each and every person claiming by, through or under mortgagor, hereby waives any and all rights of redemption, statutory or otherwise, without prejudice to mortgagee's right to any remedy, legal or equitable, which mortgagee may pursue to enforce payment of to effect collection of all or any part of the indebtedness secured by this mortgage, and without prejudice to mortgagee's right to a deficiency judgment or any other appropriate relief in the event of foreclosure of this mortgage.

12.      Mortgagee may, at Mortgagee's option declare immediately due and payable all sums secured by this Mortgage upon the sale or transfer, without Mortgagee's prior written consent, of all or any part of the property, or any interest in the property. A "sale or transfer" means the conveyance of the property or any right, title or interest in the property; whether voluntary or involuntary; whether by outright sale, deed or installment sale contract, land contract, or by sale, assignment, or transfer of any beneficial interest in or to any land trust holding title to the property, or by any other method of conveyance of an interest in the property. However, this option shall not be exercised by mortgagee if such exercise is prohibited by federal law or by Illinois law.

13.      The Loan secured by this lien was made under a United States Small Business Administration (SBA) nationwide program which uses tax dollars to assist small business owners. If the United States is seeking to enforce this document, then under SBA regulations:

    a) When SBA is the holder of the Note, this document and all documents evidencing or securing this Loan will be construed in accordance with federal law.

    b) CDC or SBA may use local or state procedures for purposes such as filing papers, recording documents, giving notice, foreclosing liens, and other purposes. By using these procedures, SBA does not waive any federal immunity from local or state control, penalty, tax or liability. No Borrower or Guarantor may claim or assert against SBA any local or state law to deny any obligation of Borrower, or defeat any claim of SBA with respect to this Loan.
    Any clause in this document requiring arbitration is not enforceable when SBA is the holder of the Note secured by this instrument.

    IN WITNESS WHEREOF, the mortgagor has executed this instrument and the mortgagee has accepted delivery of this instrument as of the day and year aforesaid.


**[THIS SPACE INTENTIONALLY LEFT BLANK]**


**[SIGNATURE PAGE FOLLOWS]**

MORTGAGOR:

Sheraton Peoria Hotel, LLC



_____

**Atulkumar G. Patel, Manager/Member**

State of Illinois : $\overline{\smash{\text{Florida}}}$ )
                                    ) ss.
County of Orange )

The undersigned, a Notary Public in and for said county, in the aforesaid State, does hereby certify that Atulkumar G. Patel, known to me to be the same persons whose names are subscribed to the foregoing instruments as the Manager/Member of Sheraton Peoria Hotel, LLC, appeared before me this day in person and acknowledged that they signed and delivered the said instrument as their own free and voluntary act, and as the free and voluntary act of said companies, for the uses and purposes therein set forth.

Dated: 9.19.2012 _____

_____
Notary Public

ALISHA SCHROEDER
Commission # DD 996625
Expires May 31, 2014
Bonded Thru Troy Fain Insurance 800-385-7019

5

## EXHIBIT A

## LEGAL DESCRIPTION

Parcel 1:
A part of Lot 3, all of Lots 4 through 10, (Both inclusive), and part of the vacated alley, all in Block 26 of the Original Town of Peoria in the Northeast Quarter of Section Nine (9); and part of Lot 3 in Block 26 in Hale's Addition to the City of Peoria, in the Southeast Quarter of Section Four (4), all in Township Eight (8) North, Range Eight (8) East of the Fourth Principal Meridian, more particularly described as follows:

Commencing at the most Northerly Corner of said Block 26, being at the intersection of the Southeasterly line of Monroe Street and the Southwesterly line of Fayette Street; thence Southeasterly along the Southwesterly line of Fayette Street, 182.30 feet to a point hereafter referred to as point "A", said point being the Point of Beginning of the tract to be described: FROM THE POINT OF BEGINNING, thence Southeasterly along the Southwesterly line of Fayette Street, 177.86 feet; to the Northwesterly line of Madison Street; thence Southwesterly along the Northwesterly line of Madison Street, 360.00 feet to the Northeasterly line of Hamilton Boulevard; thence Northwesterly along the Northeasterly line of Hamilton Boulevard, 361.16 feet to the Southeasterly line of Monroe Street; thence Northeasterly along the Southeasterly line of Monroe Street, 157.98 feet to a point 202.00 feet normally distant Southwesterly from the Southwesterly line of Fayette Street, said point being hereafter referred to as Point "C", thence Southeasterly, parallel to the Southwesterly line of Fayette Street, 92.00 feet; thence Northeasterly, parallel to the Southeasterly line of Monroe Street, 32.00 feet; thence Southeasterly parallel to the Southwesterly line of Fayette Street, 88.00 feet; thence Northeasterly, normal to the Southwesterly line of Fayette Street, 170.00 feet to the Point of Beginning; situated in the City of Peoria, County of Peoria and State of Illinois.

EXCEPTING THEREFROM a part of Lot 10 in Block 26 of the Original Town of Peoria in the Northeast Quarter of Section 9, Township 8 North, Range 8 East of the Fourth Principal Meridian, according to the plat thereof recorded in Book G at Page 131, Peoria County, Illinois described as follows:

Beginning at the most Easterly Corner of said Lot 10, said point being 12.128 meters (39.79 feet) normally distant Southwesterly from the proposed Baseline of Fayette Street; thence South 50 degrees 50 minutes 29 seconds West along the Southeasterly Line of said Lot 10, 4.000 meters (13.12 feet) to a point being 16.127 meters (52.91 feet) normally distant Southwesterly from said Baseline; thence North 2 degrees 53 minutes 41 seconds East, 6.012 meters (19.72 feet) to the Northeasterly Line of said Lot 10, said point being 12.133 meters (39.81 feet) normally distant Southwesterly from said Baseline; thence South 38 degrees 48 minutes 24 seconds East along said Northeasterly Line, 4.464 meters (14.65 feet) to the Point of Beginning; situated in the County of Peoria and State of Illinois.

Parcel 2:
Non-exclusive Easement for Ingress and Egress for the Benefit of Parcel 1 as created by Trustee's Deed Dated April 16, 1986 and recorded May 16, 1986 as

CONTINUED ON NEXT PAGE

## EXHIBIT A

## LEGAL DESCRIPTION

Document #86-08486 and clarified by Affidavit dated August 28, 1992 and Recorded August 31, 1992 as Document #92-25898, described as follows: Commencing at the aforementioned Point "A", thence Southwesterly, Perpendicular to the Southwesterly line of Fayette Street, 170.00 feet; Thence Northwesterly, parallel to the Southwesterly line of Fayette Street, 32.00 feet to a point hereafter referred to as point "B"; thence Southeasterly, 23.39 feet to a point 155.58 feet Normally distance Southwesterly from the Southwesterly line of Fayette Street; Thence Northeasterly, Perpendicular to the Southwesterly line of Fayette Street, 155.58 feet to the Southwesterly line of Fayette Street; Thence Southeasterly along the Southwesterly line of Fayette Street; 13.58 feet to the Point of Beginning.

Parcel 3:
Non-Exclusive Easement for Ingress and Egress for the benefit of Parcel 1 as created by Trustee's Deed Dated April 16, 1986 and recorded May 16, 1986 as Document #86-08486 and clarified by affidavit dated August 28, 1992 and recorded August 31, 1992 as document #92-25898, Described as follows; commencing at the aforementioned Point "B", thence Northwesterly, parallel to the Southwesterly line of Fayette Street, 45.30 feet; thence southeasterly on a curve to the Right having a radius of 25.00 feet, for an arc distance of 56.69 feet to the Point of Beginning.

Parcel 4:
Non-exclusive easement of Ingress and Egress for the benefit of Parcel 1 as created by Warranty Deed dated October 7, 1998 and recorded October 8, 1998 as Document #98-37871, described as follows:

Commencing at the aforementioned Point "C", thence Northeasterly along the Southeasterly line of Monroe Street, 32.00 feet; thence Southeasterly parallel to the Southwesterly line of Fayette Street, 92.00 feet; thence Southwesterly parallel to the Southeasterly line of Monroe Street, 32.00 feet; thence Northwesterly parallel to the Southwesterly line of Fayette Street, 92.00 feet to the Point of Beginning.

Common address:  500 Hamilton Boulevard, Peoria Illinois 61602

PIN#:  18-09-208-007

# EXHIBIT C

**PREPARED BY AND
RETURN TO:**
CHARLES RANDLE
ILLINOIS BUSINESS FINANCIAL SERVICES
411 HAMILTON BOULEVARD – SUITE 1330
PEORIA, ILLINOIS 61602



LR 2012028972              11/1/2012 02:14 PM

Recorded in

Peoria County Recorder of Deeds, ILLINOIS
Teste:

*Nancy K Horton*

Recorder of Deeds

Loan No. 53615950-02

# ASSIGNMENT OF MORTGAGE

IN CONSIDERATION of the guarantee by the US SMALL BUSINESS ADMINISTRATION (SBA) of a Debenture in the amount of $5,000,000.00, issued by ILLINOIS BUSINESS FINANCIAL SERVICES (IBFS) which Debenture is identified as Small Business Project # 53615950-02, said IBFS hereby assigns and transfers to the SBA all its rights, title and interest in a Mortgage, dated September 19, 2012, and recorded on _11/1/12_, 2012, as Document No. _2012028971_, by and between, **SHERATON PEORIA HOTEL, LLC**, and IBFS, mortgaging the following described property situated and being in the County of **PEORIA** and State of Illinois:

SEE ATTACHED LEGAL DESCRIPTION

Common address:      **500 Hamilton Boulevard, Peoria Illinois 61602**

PIN:                           **18-09-208-007**

Date: _11-01-12_
Peoria County Recorder
Rental Housing Support
Program Fund Surcharge: $10.00

Illinois Business Financial Services

Dated: _September 28_, 2012          By: _Charles Randle_

Charles Randle, President

State of Illinois          )
                                  )   ss:
County of Peoria       )

The undersigned, a Notary Public in the State aforesaid, DO HEREBY CERTIFY, that **Charles Randle** personally known to me as the President of **Illinois Business Financial Services** whose name is subscribed to the foregoing instrument, appeared before me this day in person, and acknowledged that he/she/they signed, sealed and delivered said instrument of writing as an officer(s) of said Corporation pursuant to the authority given by the Board of Directors of said Corporation as his/hers/their free and voluntary act and as the free and voluntary act of said Corporation, for the uses and purposes set forth.

Given under my hand and seal this _28_ day of September 2012.

Notary Public

"OFFICIAL SEAL"
Deann Burroughs
Notary Public, State of Illinois
My Commission Expires Jan. 12, 2014

## EXHIBIT A

## LEGAL DESCRIPTION

Parcel 1:
A part of Lot 3, all of Lots 4 through 10, (Both inclusive), and part of the vacated alley, all in Block 26 of the Original Town of Peoria in the Northeast Quarter of Section Nine (9); and part of Lot 3 in Block 26 in Hale's Addition to the City of Peoria, in the Southeast Quarter of Section Four (4), all in Township Eight (8) North, Range Eight (8) East of the Fourth Principal Meridian, more particularly described as follows:

Commencing at the most Northerly Corner of said Block 26, being at the intersection of the Southeasterly line of Monroe Street and the Southwesterly line of Fayette Street; thence Southeasterly along the Southwesterly line of Fayette Street, 182.30 feet to a point hereafter referred to as point "A", said point being the Point of Beginning of the tract to be described: FROM THE POINT OF BEGINNING, thence Southeasterly along the Southwesterly line of Fayette Street, 177.86 feet; to the Northwesterly line of Madison Street; thence Southwesterly along the Northwesterly line of Madison Street, 360.00 feet to the Northeasterly line of Hamilton Boulevard; thence Northwesterly along the Northeasterly line of Hamilton Boulevard, 361.16 feet to the Southeasterly line of Monroe Street; thence Northeasterly along the Southeasterly line of Monroe Street, 157.98 feet to a point 202.00 feet normally distant Southwesterly from the Southwesterly line of Fayette Street, said point being hereafter referred to as Point "C", thence Southeasterly, parallel to the Southwesterly line of Fayette Street, 92.00 feet; thence Northeasterly, parallel to the Southeasterly line of Monroe Street, 32.00 feet; thence Southeasterly parallel to the Southwesterly line of Fayette Street, 88.00 feet; thence Northeasterly, normal to the Southwesterly line of Fayette Street, 170.00 feet to the Point of Beginning; situated in the City of Peoria, County of Peoria and State of Illinois.

EXCEPTING THEREFROM a part of Lot 10 in Block 26 of the Original Town of Peoria in the Northeast Quarter of Section 9, Township 8 North, Range 8 East of the Fourth Principal Meridian, according to the plat thereof recorded in Book G at Page 131, Peoria County, Illinois described as follows:

Beginning at the most Easterly Corner of said Lot 10, said point being 12.128 meters (39.79 feet) normally distant Southwesterly from the proposed Baseline of Fayette Street; thence South 50 degrees 50 minutes 29 seconds West along the Southeasterly Line of said Lot 10, 4.000 meters (13.12 feet) to a point being 16.127 meters (52.91 feet) normally distant Southwesterly from said Baseline; thence North 2 degrees 53 minutes 41 seconds East, 6.012 meters (19.72 feet) to the Northeasterly Line of said Lot 10, said point being 12.133 meters (39.81 feet) normally distant Southwesterly from said Baseline; thence South 38 degrees 48 minutes 24 seconds East along said Northeasterly Line, 4.464 meters (14.65 feet) to the Point of Beginning; situated in the County of Peoria and State of Illinois.

Parcel 2:
Non-exclusive Easement for Ingress and Egress for the Benefit of Parcel 1 as created by Trustee's Deed Dated April 16, 1986 and recorded May 16, 1986 as

CONTINUED ON NEXT PAGE

EXHIBIT A

LEGAL DESCRIPTION

Document #86-08486 and clarified by Affidavit dated August 28, 1992 and Recorded August 31, 1992 as Document #92-25898, described as follows: Commencing at the aforementioned Point "A", thence Southwesterly, Perpendicular to the Southwesterly line of Fayette Street, 170.00 feet; Thence Northwesterly, parallel to the Southwesterly line of Fayette Street, 32.00 feet to a point hereafter referred to as point "B"; thence Southeasterly, 23.39 feet to a point 155.58 feet Normally distance Southwesterly from the Southwesterly line of Fayette Street; Thence Northeasterly, Perpendicular to the Southwesterly line of Fayette Street, 155.58 feet to the Southwesterly line of Fayette Street; Thence Southeasterly along the Southwesterly line of Fayette Street; 13.58 feet to the Point of Beginning.

Parcel 3:
Non-Exclusive Easement for Ingress and Egress for the benefit of Parcel 1 as created by Trustee's Deed Dated April 16, 1986 and recorded May 16, 1986 as Document #86-08486 and clarified by affidavit dated August 28, 1992 and recorded August 31, 1992 as document #92-25898, Described as follows; commencing at the aforementioned Point "B", thence Northwesterly, parallel to the Southwesterly line of Fayette Street, 45.30 feet; thence southeasterly on a curve to the Right having a radius of 25.00 feet, for an arc distance of 56.69 feet to the Point of Beginning.

Parcel 4:
Non-exclusive easement of Ingress and Egress for the benefit of Parcel 1 as created by Warranty Deed dated October 7, 1998 and recorded October 8, 1998 as Document #98-37871, described as follows:

Commencing at the aforementioned Point "C", thence Northeasterly along the Southeasterly line of Monroe Street, 32.00 feet; thence Southeasterly parallel to the Southwesterly line of Fayette Street, 92.00 feet; thence Southwesterly parallel to the Southeasterly line of Monroe Street, 32.00 feet; thence Northwesterly parallel to the Southwesterly line of Fayette Street, 92.00 feet to the Point of Beginning.

Common address:     500 Hamilton Boulevard, Peoria Illinois 61602

PIN#:     18-09-208-007

RECEIVED

IL SECRETARY OF STATE
UNIFORM COMMERCIAL CODE

10/25/12   08:10

$20.00   Electronic

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**17705164**                    **FS**

| A. NAME & PHONE OF CONTACT AT FILER [optional] | |
|---|---|
| CHARLES RANDLE | 309-495-5976 |

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

```
ILLINOIS BUSINESS FINANCIAL SERVICES

411 HAMILTON BOULEVARD - SUITE 1330

PEORIA, IL, 61602
```

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**1. DEBTOR'S EXACT FULL LEGAL NAME** - insert only <u>one</u> debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|
| SHERATON PEORIA HOTEL, LLC | | | | | |
| OR 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | | MIDDLE NAME | | SUFFIX |
| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | | COUNTRY |
| 500 HAMILTON BOULEVARD | PEORIA | IL | 61602 | | USA |
| 1d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATION ID #, if any | |
| | | LLC | ILLINOIS | 04033965 | ☐ NONE |

**2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME** - insert only <u>one</u> debtor name (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|
| OR 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | | MIDDLE NAME | | SUFFIX |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | | COUNTRY |
| 2d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATION ID #, if any | ☐ NONE |

**3. SECURED PARTY'S NAME** (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only <u>one</u> secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|
| U.S. SMALL BUSINESS ADMINISTRATION | | | | | |
| OR 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | | MIDDLE NAME | | SUFFIX |
| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | | COUNTRY |
| 500 W. MADISON ST. - SUITE 1150 | CHICAGO | IL | 60661 | | USA |

**4. This FINANCING STATEMENT covers the following collateral:**

ALL ASSETS, INCLUDING ALL PROCEEDS AND PRODUCTS, ACQUIRED WITH LOAN OR PROJECT PROCEEDS, INCLUDING ALL REPLACEMENTS AND SUBSTITUTIONS, WHEREVER LOCATED.

| 5. ALTERNATIVE DESIGNATION [if applicable]: | ☐ LESSEE/LESSOR | ☐ CONSIGNEE/CONSIGNOR | ☐ BAILEE/BAILOR | ☐ SELLER/BUYER | ☐ AG. LIEN | ☐ NON-UCC FILING |
|---|---|---|---|---|---|---|
| 6. ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS.   Attach Addendum [if applicable] | | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [optional] | ☐ ALL DEBTORS | ☐ DEBTOR 1 | ☐ DEBTOR 2 |
| 8. OPTIONAL FILER REFERENCE DATA | | | | | |
| SBA LOAN # 53615950-02 | | | | | |

FILING OFFICE COPY - UCC FINANCING STATEMENT (FORM UCC1) (REV. 05/22/02)

# UCC FINANCING STATEMENT ADDENDUM

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**RECEIVED**

IL SECRETARY OF STATE
UNIFORM COMMERCIAL CODE

10/25/12    08:10

$20.00    Electronic

**17705164**          FS

9. NAME OF FIRST DEBTOR (1a or 1b) ON RELATED FINANCING STATEMENT

9a. ORGANIZATION'S NAME
SHERATON PEORIA HOTEL, LLC

| 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME,SUFFIX |
|---|---|---|
| | | |

10. MISCELLANEOUS

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

11. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only <u>one</u> debtor name (11a or 11b) - do not abbreviate or combine names

| | 11a. ORGANIZATION'S NAME | | | |
|---|---|---|---|---|
| OR | 11b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

| 11c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

| 11d. <u>SEE INSRUCTIONS</u> | ADD'L INFO RE ORGANIZATION DEBTOR | 11e. TYPE OF ORGANIZATION | 11f. JURISDICTION OF ORGANIZATION | 11g. ORGANIZATION ID #, if any |
|---|---|---|---|---|
| | | | | ☐ NONE |

12. ☑ ADDITIONAL SECURED PARTY'S <u>or</u> ☐ ASSIGNOR S/P'S NAME - insert only <u>one</u> secured party name (12a or 12b)

| | 12a. ORGANIZATION'S NAME | | | |
|---|---|---|---|---|
| OR | ILLINOIS BUSINESS FINANCIAL SERVICES | | | |
| | 12b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

| 12c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 411 HAMILTON BLVD. - SUITE 1330 | PEORIA | IL | 61602 | USA |

13. This FINANCING STATEMENT covers ☐ timber to be cut or ☐ as-extracted collateral, or is filled as a ☐ fixture filing.

14. Description of real estate:

16. Additional collateral description:

15. Name and address of a RECORD OWNER of above-described real estate (if Debtor does not have a record interest):

17. Check <u>only</u> if applicable and check <u>only</u> one box.

Debtor is a ☐ Trust, or ☐ Trustee acting with respect to property held in trust, or ☐ Decedent's Estate

18. Check <u>only</u> if applicable and check <u>only</u> one box.

☐ Debtor is a TRANSMITTING UTILITY

☐ Filed in connection with a Manufactured-Home Transaction

☐ Filed in connection with a Public-Finance Transaction

RECEIVED

IL SECRETARY OF STATE
UNIFORM COMMERCIAL CODE

10/25/12    08:10

$20.00    Electronic

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

17705164                    FS

**A. NAME & PHONE OF CONTACT AT FILER [optional]**
CHARLES RANDLE                    309-495-5976

**B. SEND ACKNOWLEDGMENT TO: (Name and Address)**

ILLINOIS BUSINESS FINANCIALSERVICES

411 HAMILTON BOULEVARD - SUITE 1330

PEORIA, IL, 61602

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**1. DEBTOR'S EXACT FULL LEGAL NAME** - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| SHERATON PEORIA HOTEL, LLC | | | | |
| 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |
| | | | | |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 500 HAMILTON BOULEVARD | PEORIA | IL | 61602 | USA |

| 1d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATION ID #, if any | |
|---|---|---|---|---|---|
| | | LLC | ILLINOIS | 04033965 | ☐ NONE |

**2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME** - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| | | | | |
| 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |
| | | | | |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

| 2d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATION ID #, if any | |
|---|---|---|---|---|---|
| | | | | | ☐ NONE |

**3. SECURED PARTY'S NAME** (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| U.S. SMALL BUSINESS ADMINISTRATION | | | | |
| 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |
| | | | | |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 500 W. MADISON ST. - SUITE 1150 | CHICAGO | IL | 60661 | USA |

**4. This FINANCING STATEMENT covers the following collateral:**

ALL ASSETS, INCLUDING ALL PROCEEDS AND PRODUCTS, ACQUIRED WITH LOAN OR PROJECT PROCEEDS, INCLUDING ALL REPLACEMENTS AND SUBSTITUTIONS, WHEREVER LOCATED.

**5.** ALTERNATIVE DESIGNATION [if applicable]: ☐ LESSEE/LESSOR ☐ CONSIGNEE/CONSIGNOR ☐ BAILEE/BAILOR ☐ SELLER/BUYER ☐ AG. LIEN ☐ NON-UCC FILING

**6.** ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. Attach Addendum [if applicable] **7.** Check to REQUEST SEARCH REPORT(S) on Debtor(s) [optional] ☐ ALL DEBTORS ☐ DEBTOR 1 ☐ DEBTOR 2

**8.** OPTIONAL FILER REFERENCE DATA

SBA LOAN # 53615950-02

FILING OFFICE COPY - UCC FINANCING STATEMENT (FORM UCC1)  (REV. 05/22/02)

# UCC FINANCING STATEMENT ADDENDUM
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

RECEIVED

IL SECRETARY OF STATE
UNIFORM COMMERCIAL CODE

10/25/12     08:10

$20.00    Electronic

**17705164**                    FS

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**9. NAME OF FIRST DEBTOR (1a or 1b) ON RELATED FINANCING STATEMENT**

| | |
|---|---|
| 9a. ORGANIZATION'S NAME | |
| SHERATON PEORIA HOTEL, LLC | |
| 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME,SUFFIX |

**10. MISCELLANEOUS**

**11. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME** - insert only <u>one</u> debtor name (11a or 11b) - do not abbreviate or combine names

| | | | | |
|---|---|---|---|---|
| OR | 11a. ORGANIZATION'S NAME | | | |
| | 11b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| 11c. MAILING ADDRESS | | CITY | STATE | POSTAL CODE | COUNTRY |

| 11d. <u>SEE INSRUCTIONS</u> | ADD'L INFO RE ORGANIZATION DEBTOR | 11e. TYPE OF ORGANIZATION | 11f. JURISDICTION OF ORGANIZATION | 11g. ORGANIZATION ID #, if any | ☐ NONE |

**12.** ☑ ADDITIONAL SECURED PARTY'S <u>or</u> ☐ ASSIGNOR S/P'S NAME - insert only <u>one</u> secured party name (12a or 12b)

| | | | | |
|---|---|---|---|---|
| OR | 12a. ORGANIZATION'S NAME | | | |
| | ILLINOIS BUSINESS FINANCIAL SERVICES | | | |
| | 12b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| 12c. MAILING ADDRESS | | CITY | STATE | POSTAL CODE | COUNTRY |
| 411 HAMILTON BLVD. - SUITE 1330 | | PEORIA | IL | 61602 | USA |

**13.** This FINANCING STATEMENT covers ☐ timber to be cut or ☐ as-extracted collateral, or is filled as a ☐ fixture filing.

**14.** Description of real estate:

**16.** Additional collateral description:

**15.** Name and address of a RECORD OWNER of above-described real estate (if Debtor does not have a record interest):

**17.** Check <u>only</u> if applicable and check <u>only</u> one box.

Debtor is a ☐ Trust, or ☐ Trustee acting with respect to property help in trust, or ☐ Decedent's Estate

**18.** Check <u>only</u> if applicable and check <u>only</u> one box.

☐ Debtor is a TRANSMITTING UTILITY
☐ Filed in connection with a Manufactured-Home Transaction
☐ Filed in connection with a Public-Finance Transaction

FILING OFFICE COPY - UCC FINANCING STATEMENT ADDENDUM (FORM UCC1Ad) (REV. 05/21/09)

FS 0001017574    11/1/2012 02:14 PM

## UCC FINANCING STATEMENT
FOLLOW  INSTRUCTIONS (front and back) CAREFULLY

| A. NAME & PHONE OF CONTACT AT FILER [optional] |
|---|

| B. SEND ACKNOWLEDGMENT TO:  (Name and Address) |
|---|
| ⌐ILLINOIS BUSINESS FINANCIAL <br> SERVICES <br> 411 HAMILTON BLVD. - SUITE 1330 <br> PEORIA, IL 61602 ⌐ |

Recorded in

Peoria County Recorder of Deeds, ILLINOIS
Teste:

*Nancy K Horton*

Recorder of Deeds

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| SHERATON PEORIA HOTEL, LLC | | | | |
| 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |
| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 500 HAMILTON BLVD. | PEORIA | IL | 61602 | USA |
| 1d. TAX ID #:   SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID #, if any |
| | | LLC | ILLINOIS | 04033965    ☐NONE |

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 2d. TAX ID #:   SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any ☐NONE |

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| U.S. SMALL BUSINESS ADMINISTRATION | | | | |
| 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |
| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 500 W. MADISON ST. - SUITE 1150 | CHICAGO | IL | 60661 | USA |

4. This FINANCING STATEMENT covers the following collateral:

ALL ASSETS, INCLUDING ALL PROCEEDS AND PRODUCTS, ACQUIRED WITH
LOAN OR PROJECT PROCEEDS, INCLUDING ALL REPLACEMENTS AND
SUBSTITUTIONS, WHEREVER LOCATED.

| 5. ALTERNATIVE DESIGNATION [if applicable]: | LESSEE/LESSOR | CONSIGNEE/CONSIGNOR | BAILEE/BAILOR | SELLER/BUYER | AG. LIEN | NON-UCC FILING |
|---|---|---|---|---|---|---|
| 6. ☑ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS.    Attach Addendum [if applicable] | | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE]    [optional] | | S All Debtors | Debtor 1 | Debtor 2 |
| 8. OPTIONAL FILER REFERENCE DATA | | | | | | |
| SBA LOAN # 53615950-02 | | | | | | |

**FILING OFFICE COPY** — NATIONAL UCC FINANCING STATEMENT (FORM UCC1) (REV. 07/29/98)

## UCC FINANCING STATEMENT ADDENDUM
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

9. NAME OF FIRST DEBTOR (1a or 1b) ON RELATED FINANCING STATEMENT

| | 9a. ORGANIZATION'S NAME |
|---|---|
| OR | SHERATON PEORIA HOTEL, LLC |

| 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME,SUFFIX |
|---|---|---|
| | | |

10. MISCELLANEOUS:

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

11. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one name (11a or 11b) - do not abbreviate or combine names

| | 11a. ORGANIZATION'S NAME |
|---|---|
| OR | |

| 11b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

| 11c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

| 11d. TAX ID #:   SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 11e. TYPE OF ORGANIZATION | 11f. JURISDICTION OF ORGANIZATION | 11g. ORGANIZATIONAL ID #, if any | | NONE |
|---|---|---|---|---|---|---|
| | | | | | | |

12. ☐ ADDITIONAL SECURED PARTY'S or ☒ ASSIGNOR S/P'S NAME - insert only one name (12a or 12b)

| | 12a. ORGANIZATION'S NAME |
|---|---|
| OR | ILLINOIS BUSINESS FINANCIAL SERVICES |

| 12b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

| 12c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 411 HMILTON BLVD. - SUITE 1330 | PEORIA | IL | 61602 | USA |

13. This FINANCING STATEMENT covers ☐ timber to be cut or ☐ as-extracted collateral, or is filed as a ☒ fixture filing.

14. Description of real estate:

16. Additional collateral description:

15. Name and address of a RECORD OWNER of above-described real estate (if Debtor does not have a record interest):

17. Check only if applicable and check only one box.
Debtor is a ☐ Trust or ☐ Trustee acting with respect to property held in trust or ☐ Decedent's Estate

18. Check only if applicable and check only one box.
☐ Debtor is a TRANSMITTING UTILITY
☐ Filed in connection with a Manufactured-Home Transaction — effective 30 years
☐ Filed in connection with a Public-Finance Transaction — effective 30 years

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT ADDENDUM (FORM UCC1Ad) (REV. 07/29/98)

EXHIBIT A

LEGAL DESCRIPTION

Parcel 1:
A part of Lot 3, all of Lots 4 through 10, (Both inclusive), and part of the
vacated alley, all in Block 26 of the Original Town of Peoria in the Northeast
Quarter of Section Nine (9); and part of Lot 3 in Block 26 in Hale's Addition to
the City of Peoria, in the Southeast Quarter of Section Four (4), all in Township
Eight (8) North, Range Eight (8) East of the Fourth Principal Meridian, more
particularly described as follows:

Commencing at the most Northerly Corner of said Block 26, being at the intersection
of the Southeasterly line of Monroe Street and the Southwesterly line of Fayette
Street; thence Southeasterly along the Southwesterly line of Fayette Street, 182.30
feet to a point hereafter referred to as point "A", said point being the Point of
Beginning of the tract to be described: FROM THE POINT OF BEGINNING, thence
Southeasterly along the Southwesterly line of Fayette Street, 177.86 feet; to the
Northwesterly line of Madison Street; thence Southwesterly along the Northwesterly
line of Madison Street, 360.00 feet to the Northeasterly line of Hamilton
Boulevard; thence Northwesterly along the Northeasterly line of Hamilton Boulevard,
361.16 feet to the Southeasterly line of Monroe Street; thence Northeasterly along
the Southeasterly line of Monroe Street, 157.98 feet to a point 202.00 feet
normally distant Southwesterly from the Southwesterly line of Fayette Street, said
point being hereafter referred to as Point "C", thence Southeasterly, parallel to
the Southwesterly line of Fayette Street, 92.00 feet; thence Northeasterly,
parallel to the Southeasterly line of Monroe Street, 32.00 feet; thence
Southeasterly parallel to the Southwesterly line of Fayette Street, 88.00 feet;
thence Northeasterly, normal to the Southwesterly line of Fayette Street, 170.00
feet to the Point of Beginning; situated in the City of Peoria, County of Peoria
and State of Illinois.

EXCEPTING THEREFROM a part of Lot 10 in Block 26 of the Original Town of Peoria in
the Northeast Quarter of Section 9, Township 8 North, Range 8 East of the Fourth
Principal Meridian, according to the plat thereof recorded in Book G at Page 131,
Peoria County, Illinois described as follows:

Beginning at the most Easterly Corner of said Lot 10, said point being 12.128
meters (39.79 feet) normally distant Southwesterly from the proposed Baseline of
Fayette Street; thence South 50 degrees 50 minutes 29 seconds West along the
Southeasterly Line of said Lot 10, 4.000 meters (13.12 feet) to a point being
16.127 meters (52.91 feet) normally distant Southwesterly from said Baseline;
thence North 2 degrees 53 minutes 41 seconds East, 6.012 meters (19.72 feet) to the
Northeasterly Line of said Lot 10, said point being 12.133 meters (39.81 feet)
normally distant Southwesterly from said Baseline; thence South 38 degrees 48
minutes 24 seconds East along said Northeasterly Line, 4.464 meters (14.65 feet) to
the Point of Beginning; situated in the County of Peoria and State of Illinois.

Parcel 2:
Non-exclusive Easement for Ingress and Egress for the Benefit of Parcel 1 as
created by Trustee's Deed Dated April 16, 1986 and recorded May 16, 1986 as

CONTINUED ON NEXT PAGE

EXHIBIT A

LEGAL DESCRIPTION

Document #86-08486 and clarified by Affidavit dated August 28, 1992 and Recorded August 31, 1992 as Document #92-25898, described as follows:  Commencing at the aforementioned Point "A", thence Southwesterly, Perpendicular to the Southwesterly line of Fayette Street, 170.00 feet; Thence Northwesterly, parallel to the Southwesterly line of Fayette Street, 32.00 feet to a point hereafter referred to as point "B"; thence Southeasterly, 23.39 feet to a point 155.58 feet Normally distance Southwesterly from the Southwesterly line of Fayette Street; Thence Northeasterly, Perpendicular to the Southwesterly line of Fayette Street, 155.58 feet to the Southwesterly line of Fayette Street; Thence Southeasterly along the Southwesterly line of Fayette Street; 13.58 feet to the Point of Beginning.

Parcel 3:
Non-Exclusive Easement for Ingress and Egress for the benefit of Parcel 1 as created by Trustee's Deed Dated April 16, 1986 and recorded May 16, 1986 as Document #86-08486 and clarified by affidavit dated August 28, 1992 and recorded August 31, 1992 as document #92-25898, Described as follows; commencing at the aforementioned Point "B", thence Northwesterly, parallel to the Southwesterly line of Fayette Street, 45.30 feet; thence southeasterly on a curve to the Right having a radius of 25.00 feet, for an arc distance of 56.69 feet to the Point of Beginning.

Parcel 4:
Non-exclusive easement of Ingress and Egress for the benefit of Parcel 1 as created by Warranty Deed dated October 7, 1998 and recorded October 8, 1998 as Document #98-37871, described as follows:

Commencing at the aforementioned Point "C", thence Northeasterly along the Southeasterly line of Monroe Street, 32.00 feet; thence Southeasterly parallel to the Southwesterly line of Fayette Street, 92.00 feet; thence Southwesterly parallel to the Southeasterly line of Monroe Street, 32.00 feet; thence Northwesterly parallel to the Southwesterly line of Fayette Street, 92.00 feet to the Point of Beginning.

Common address:      500 Hamilton Boulevard, Peoria Illinois 61602

PIN#:                18-09-208-007

# EXHIBIT D

Instrument# 2015005510  Page 1



LR 2015005510                              3/25/2015 04:26 PM

Recorded in
Peoria County Recorder of Deeds, ILLINOIS
Teste:

*Jason K. Hauer*

Recorder of Deeds

This document prepared by,
and after recording, return to:

**Greenberg Traurig LLP**
**77 West Wacker Drive**
**Suite 3100**
**Chicago, Illinois 60601**
**Attn: Paul Fox, Esq.**

63

Above space for Recorder's Use Only

### RELEASE OF MORTGAGE

KNOW ALL MEN BY THESE PRESENTS, that **NOIDA Capital, LLC**, a Florida limited liability company (together with its successors and assigns, the "**Holder**"), having an office at 12701 South John Young Parkway, Suite 201, Orlando, Florida, 32837, the owner and holder of that certain Mortgage, Assignment of Leases and Rents and Fixture Filing, executed by **SHERATON PEORIA HOTEL, LLC**, an Illinois limited liability company ("**Sheraton Peoria**"), having an office at 1021 Koelle Blvd., Suite A, Secaucus, New Jersey, 07904, dated August 23, 2012, and recorded with the Peoria County Recorder's Office on October 9, 2012, as Document Number LR 2012026495 (as it may have been modified or amended, the "**Mortgage**"), for and in consideration of Ten Dollars ($10.00), and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, does hereby REMISE, CONVEY, RELEASE AND QUIT CLAIM unto Sheraton Peoria, and its heirs, legal representatives and assigns, all the right, title, interest, claim or demand, whatsoever which Holder may have acquired in, through or by the Mortgage, to the premises described in **Exhibit A** attached hereto, situated in the County of Peoria, State of Illinois, together with all the appurtenances and privileges thereunto belonging or appertaining.

*[No Further Text, Signature Page to Follow]*

MAR 2 5 2015

Date:_____
Peoria County Recorder
Rental Housing Support
Program Fund Surcharges $9.00

*500 Hamilton Blvd., Peoria, Peoria County, Illinois 61602*

*Error! Unknown document property name.*

Instrument# 2015005510 Page 2

In Witness Whereof, the Holder has executed this Release of Mortgage the _6th_ day of _March_
_____, 2015.

<div style="margin-left:40%;">

NOIDA Capital, LLC

By: _____

Nikesh Patel,
Duly Authorized Representative of
NOIDA Capital, LLC

</div>

## ACKNOWLEDGMENT

State of _Florida_                )
                                 )          ss.
County of _Orange_                )

On _3/6/15_ before me, _JASON CarpenTer_, a Notary
Public, personally appeared _Nikesh Patel_,
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are
subscribed to the within instrument and acknowledged to me that he/she/they executed the same
in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument
the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of _Florida_
that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

[Affix seal here]

JASON ANDREW CARPENTER
Notary Public, State of Florida
Commission# FF 170159
My comm. expires Oct. 20, 2018

_____
Signature of Notary Public

*500 Hamilton Blvd., Peoria, Peoria County, Illinois 61602*

*Error! Unknown document property name.*

EXHIBIT A

**Legal Description**

See Legal Description Attached.

PIN NUMBER:

1809208007

STREET ADDRESS:

500 Hamilton Boulevard
Peoria, Illinois 61602

*500 Hamilton Blvd., Peoria, Peoria County, Illinois 61602*

Instrument# 2015005510 Page 4

Instrument# 2012026495 Page 27

**STREET ADDRESS:** 500 Hamilton Blvd
**CITY:** Peoria     **COUNTY:** Peoria
**TAX NUMBER:** 18-09-208-007

**LEGAL DESCRIPTION:**
Parcel 1:
A part of Lot 3, all of Lots 4 through 10, (Both inclusive), and part of the vacated alley, all in Block 26 of the Original Town of Peoria in the Northeast Quarter of Section Nine (9); and part of Lot 3 in Block 26 in Hale's Addition to the City of Peoria, in the Southeast Quarter of Section Four (4), all in Township Eight (8) North, Range Eight (8) East of the Fourth Principal Meridian, more particularly described as follows:

Commencing at the most Northerly Corner of said Block 26, being at the intersection of the Southeasterly line of Monroe Street and the Southwesterly line of Fayette Street; thence Southeasterly along the Southwesterly line of Fayette Street, 182.30 feet to a point hereafter referred to as point "A", said point being the Point of Beginning of the tract to be described: FROM THE POINT OF BEGINNING, thence Southeasterly along the Southwesterly line of Fayette Street, 177.86 feet; to the Northwesterly line of Madison Street; thence Southwesterly along the Northwesterly line of Madison Street, 360.00 feet to the Northeasterly line of Hamilton Boulevard; thence Northwesterly along the Northeasterly line of Hamilton Boulevard, 361.16 feet to the Southeasterly line of Monroe Street; thence Northeasterly along the Southeasterly line of Monroe Street, 157.98 feet to a point 202.00 feet normally distant Southwesterly from the Southwesterly line of Fayette Street, said point being hereafter referred to as Point "C", thence Southeasterly, parallel to the Southwesterly line of Fayette Street, 92.00 feet; thence Northeasterly, parallel to the Southeasterly line of Monroe Street, 32.00 feet; thence Southeasterly parallel to the Southwesterly line of Fayette Street, 88.00 feet; thence Northeasterly, normal to the Southwesterly line of Fayette Street, 170.00 feet to the Point of Beginning; situated in the City of Peoria, County of Peoria and State of Illinois.

EXCEPTING THEREFROM a part of Lot 10 in Block 26 of the Original Town of Peoria in the Northeast Quarter of Section 9, Township 8 North, Range 8 East of the Fourth Principal Meridian, according to the plat thereof recorded in Book G at Page 131, Peoria County, Illinois described as follows:

Beginning at the most Easterly Corner of said Lot 10, said point being 12.128 meters (39.79 feet) normally distant Southwesterly from the proposed Baseline of Fayette Street; thence South 50 degrees 50 minutes 29 seconds West along the Southeasterly Line of said Lot 10, 4.000 meters (13.12 feet) to a point being 16.127 meters (52.91 feet) normally distant Southwesterly from said Baseline; thence North 2 degrees 53 minutes 41 seconds East, 6.012 meters (19.72 feet) to the Northeasterly Line of said Lot 10, said point being 12.133 meters (39.81 feet) normally distant Southwesterly from said Baseline; thence South 38 degrees 48 minutes 24 seconds East along said Northeasterly Line, 4.464 meters (14.65 feet) to the Point of Beginning; situated in the County of Peoria and State of Illinois.

Parcel 2:
Non-exclusive Easement for Ingress and Egress for the Benefit of Parcel 1 as created by Trustee's Deed Dated April 16, 1986 and recorded May 16, 1986 as Document #86-08486 and clarified by Affidavit dated August 28, 1992 and Recorded August 31, 1992 as Document #92-25898, described as follows: Commencing at the aformentioned Point "A", thence Southwesterly, Perpendicular to the Southwesterly line of Fayette Street, 170.00 feet; Thence Northwesterly, parallel to the Southwesterly line of Fayette Street, 32.00 feet to a point hereafter referred to as point "B"; thence Southeasterly, 23.39 feet to a point 155.58 feet Normally distance Southwesterly from the Southwesterly line of Fayette Street; Thence Northeasterly, Perpendicular to the Southwesterly line of Fayette Street, 155.58 feet to the Southwesterly line of Fayette Street; Thence Southeasterly along the Southwesterly line of Fayette Street; 13.58 feet to the Point of Beginning.

CLPSGALD



EXHIBIT

A

Instrument# 2015005510 Page 5

Instrument# 2012026495 Page 28

Parcel 3:
Non-Exclusive Easement for Ingress and Egress for the benefit of Parcel 1 as created by Trustee's Deed Dated April 16, 1986 and recorded May 16, 1986 as Document #86-08486 and clarified by affidavit dated August 28, 1992 and recorded August 31, 1992 as document #92-25898, Described as follows; commencing at the aforementioned Point "B", thence Northwesterly, parallel to the Southwesterly line of Fayette Street, 45.30 feet; thence southeasterly on a curve to the Right having a radius of 25.00 feet, for an arc distance of 56.69 feet to the Point of Beginning.

Parcel 4:
Non-exclusive easement of Ingress and Egress for the benefit of Parcel 1 as created by Warranty Deed dated October 7, 1998 and recorded October 8, 1998 as Document #98-37871, described as follows:

Commencing at the aforementioned Point "C", thence Northeasterly along the Southeasterly line of Monroe Street, 32.00 feet; thence Southeasterly parallel to the Southwesterly line of Fayette Street, 92.00 feet; thence Southwesterly parallel to the Southeasterly line of Monroe Street, 32.00 feet; thence Northwesterly parallel to the Southwesterly line of Fayette Street, 92.00 feet to the Point of Beginning.

Parcel 5:
A leasehold estate (said leasehold estate being defined in paragraph 1(h) of the conditions and stipulations of the policy as shown on attached endorsement), created by the instrument herein referred to as the lease, executed by: Mathews Progress Group, Inc., an Illinois corporation, as lessor, and Peoria Hotel Associates, L.C., an Iowa limited liability company, as lessee, dated October 7, 1998, a memorandum of which lease was recorded October 8, 1998 as document 98-37874, which lease demises the land for a term of years beginning October 7, 1998 and ending October 7, 2003; Assignment of Lease recorded October 9, 2012 as document no. 20120 2643 to Sheraton Peoria Hotel, LLC, an Illinois limited liability company; affecting the land described as follows; Lots 1, 2 and part of Lot 3 in Block 26, in Hale's Addition to the City of Peoria, in Southeast 1/4 of Section 4; and a part of Lots 1, 2 and 3 and a part of the vacated alley in Block 26 of the Original Town of Peoria, in the Northeast 1/4 of Section 9; all in Township 8 North, Range 8 East of the Fourth Principal Meridian, more particularly described as follows: Commencing at the most Northerly Corner of said Lot 1, in Block 26, in Hale's Addition to the City of Peoria, being at the intersection of the Southeasterly line of Monroe Street and the Southwesterly line of Fayette Street, being the Point of Beginning of the tract to be described: FROM THE POINT OF THE BEGINNING, thence Southeasterly along the Southwesterly line of Fayette Street, 182.30 feet; thence Southwesterly, perpendicular to the Southwesterly line of Fayette Street, 170.00 feet; thence Northwesterly, parallel to the Southwesterly line of Fayette Street, 88.00 feet; thence Southwesterly, parallel to the Southeasterly line of Monroe Street, 32.00 feet; thence Northwesterly, parallel to the Southwesterly line of Fayette Street, 92.00 feet to a point on the Southeasterly line of Monroe Street, said point being hereafter referred to as Point "C"; thence Northeasterly, along the Southeasterly line of Monroe Street, 202.02 feet to the Point of Beginning, situated in the City of Peoria, County of Peoria and State of Illinois.

LHTCTI2