UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PENNANT MANAGEMENT, INC.,<br><br>          Plaintiff,<br> vs.<br>FIRST FARMERS FINANCIAL, LLC, *et al.*,<br>          Defendants. | Case No. 14 CV 7581<br><br>Hon. Amy J. St. Eve |
| ILLINOIS METROPOLITAN<br>INVESTMENT FUND and HARVARD<br>SAVINGS BANK, an Illinois Savings Bank,<br>      Plaintiff-Intervenors,<br> vs.<br>FIRST FARMERS FINANCIAL, LLC, *et al.*,<br>          Defendants. | |
| PATRICK CAVANAUGH, not individually,<br>but as the Receiver of the Overall Receivership<br>Estate,<br>          Plaintiff,<br> vs.<br>TRISHA N. PATEL, *et al.*<br>          Defendants. | |

**ORDER APPOINTING THE OVERALL RECEIVER AS THE RECEIVER
FOR THE HOTEL ENTITIES**

The Court grants the Overall Receiver's Motion for Entry of an Order Appointing Him as Receiver for the Hotel Entities [192].

Plaintiff Patrick Cavanaugh, not individually, but as the Receiver of the Overall Receivership Estate[1], has filed a motion (the "Motion") requesting that the Court appoint him as the Receiver for Alena Hospitality LBV, LLC ("Alena LBV"), Alena Hospitality UCF, LLC ("Alena UCF"), Alena Hospitality SSL, LLC ("Alena SSL"), 500 Hamilton Peoria, LLC, a Delaware limited liability company ("500 Hamilton Delaware"), 500 Hamilton Peoria, LLC, an Illinois limited liability company ("500 Hamilton Illinois") and Alena Hospitality Saddle Brook, LLC ("Alena Saddle Brook") (Alena LBV, Alena UCF, Alena SSL, 500 Hamilton Delaware, 500 Hamilton Illinois and Alena Saddle Brook shall be collectively referred to herein as the "Hotel Entities").

Based on the unrebutted allegations of the Motion, the statements of the Overall Receiver and his counsel, and the statements of counsel for various parties made in open court, it appears to the Court as follows:

A. The Overall Receiver has served the Motion on all parties that have filed appearances in these proceedings and other parties in interest, including attorneys at Steptoe & Johnson, current counsel for Nikesh Patel in matters relating to these proceedings, and the NeJame Law firm, former counsel for Nikesh Patel. In addition, the Overall Receiver sent via overnight delivery a letter (the "Letter") which described the substance of the relief sought in the Motion, and stated that unless the recipient notified the Overall Receiver of its objection to the Motion by July 21, 2015, the Overall Receiver would assume that the recipient had no objection to the relief that it sought. (*See* R. 205.) The Overall Receiver delivered the Letter to the registered agent for

---

[1] Unless otherwise indicated, capitalized terms used in this Order shall have the same meaning ascribed to them in the Motion.

each of the Hotel Entities, as well as the known owners or managers of the Hotel Entities: Atulkumar G. Patel, Trisha Patel, Nikesh Patel, and William Huseman.

      B.      No party in interest or other person has filed or has otherwise made known to the Court an objection to the relief sought in the Motion.

      C.      Counsel for Trisha Patel affirmed in open court that Ms. Patel has no objection to the relief sought in the Motion.

      D.      Good cause exists to grant the relief requested in the Motion for the following reasons:

           i)      All of the Parties in the Underlying Matter supported the appointment of the Overall Receiver. Expanding the Overall Receiver's receivership to cover the Hotel Entities is simply a natural and necessary extension of his power consistent with this Court's and the parties' goals to manage, oversee and preserve all of the assets of the Defendants in the Underlying Matter and the Defendants in the Overall Receiver's Amended Complaint. (*See* R. 199.)

           ii)      If a receiver is not appointed, the value of the Hotel Entities, which are presently controlled by Nikesh and/or Trisha Patel, is at risk, as Nikesh and/or Trish Patel could attempt to sell, assign or transfer the control or ownership of those entities to another party and to the detriment of the Overall Receivership Estate. As a result, the resources and expertise of the Overall Receiver, with assistance from the Nanosky Receiver, is necessary to protect the value of the Hotel Entities and maximize the recovery from the ultimate disposition of the assets owned by these entities; and

iii) The Overall Receiver, with the assistance of the Nanosky Receiver, is already managing the assets of the Overall Receivership Estate and is uniquely positioned to serve as a receiver given the depth of the knowledge he has already obtained in connection with the Alena Hospitality Portfolio and the assets of the Defendants in the Underlying Matter. It is a natural extension of his current duties and responsibilities to commence exercising exclusive jurisdiction over the Hotel Entities as additional assets of the Overall Receivership Estate immediately.

Accordingly, the Court orders as follows:

1. The Overall Receiver has provided proper notice of the Motion to each of the Hotel Entities and their known managers and owners.

2. The Court has jurisdiction over the Hotel Entities by virtue of the filing of the Overall Receiver's Amended Complaint and service of the Amended Complaint upon them.

3. The Court grants the Overall Receiver's Motion for Entry of an Order Appointing Him as Receiver for the Hotel Entities [192]. The Court appoints Patrick D. Cavanaugh as receiver for the Hotel Entities, and he is hereby vested, with all of the powers, rights and responsibilities provided by law to a receiver in equity.

4. The *Agreed Order Clarifying, Modifying, and Expanding the Duties of Receiver Michael Nanosky and to Appoint An Overall Receiver and Regarding Payments to Attorneys and Other Professionals and Related Items* (the "Overall Receivership Order") (R. 122) is amended to include the Hotel Entities as assets that are included within the definition of the "Overall Receivership Estate," as that term is defined in the Overall Receivership Order. All other terms and provisions in the Overall Receivership Order shall remain in place and in full force and effect.

5. The Overall Receiver shall timely comply with the requirements of 28 U.S.C. § 754.

**DATED: August 4, 2015**  **ENTERED**

_____
AMY J. ST. EVE
United States District Court Judge

5