UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PENNANT MANAGEMENT, INC.,

                     Plaintiff,

vs.

FIRST FARMERS FINANCIAL, LLC, *et al.*,

                     Defendants.

Case No. 14 CV 7581

Hon. Amy J. St. Eve

## ORDER SETTING BAR DATE FOR FILING PROOFS OF CLAIM AND APPROVING THE FORM AND MANNER OF NOTICE

Upon consideration of the motion ("Motion")[1] [263] of Patrick Cavanaugh, not individually, but solely in his capacity as Overall Receiver, requesting the entry of an order, pursuant to the *Agreed Order Clarifying, Modifying and Expanding the Duties of Receiver Michael Nanosky and to Appoint an Overall Receiver and Regarding Payments to Attorneys and Other Professionals and Related Items* dated April 23, 2015 ("Amended Receiver Order") [122], requesting the entry of an order (i) fixing September 30, 2015 ("Bar Date") as the last day for creditors to file a proof of claim in the case for all entities holding a claim against any Defendant or Related Entity that arose prior to the entry of the Original Receivership Order (a "Pre-receivership Claim"); (ii) approving a proposed form and manner of notice of the Bar Date ("Bar Date Notice"); and (iii) authorizing the Overall Receiver to use funds of the receivership estates to publish notice of the Bar Date; due and proper notice of the Motion having been provided; it appearing that there is good cause to grant the relief requested; and, there being no objection to the relief requested; it is therefore ORDERED as follows:

      1.      September 30, 2015 is fixed as the Bar Date for filing proofs of Pre-receivership Claims against the Estates.

      2.      The Bar Date Notice attached as Exhibit B to the Motion is approved, and the proof of claim form attached as Exhibit 1 to the Bar Date Notice is approved.

      3.      The Overall Receiver's use of funds to publish the Bar Date Notice, or an abbreviated form thereof, in a newspaper of general circulation in Orlando, Florida, Saddle Brook, New Jersey and Southern California is approved.

      4.      All proofs of Pre-receivership Claims must be filed in substantial conformity with the proof of claim form appended to the Bar Date Notice.

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

5. For any proof of claim to be properly and validly filed, a signed original of such proof of claim, along with supporting documentation, must be filed either: (i) electronically via the Court's Electronic Case Filing System; or (ii) if the creditor does not have counsel, in person or by mail so as to be actually received by the Clerk of the District Court at the address set forth on the Bar Date Notice no later than 4:30 p.m. Central Time Prevailing on the Bar Date.

6. Any proof of claim filed in person or by mail may be submitted only by way of personal hand delivery, messenger or courier service, or U.S. mail, postage prepaid. Facsimile submissions will not be accepted.

7. All proofs of claim shall be deemed filed at the time that they are actually received by the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division.

8. The Bar Date shall apply to each and every Pre-receivership Claim, except for: (a) a claim asserted by the United States of America; (b) a Pre-receivership Claim asserted by any person or entity that has already properly filed with the Court a proof of claim against the Estates; and (c) a Pre-receivership Claim asserted by any person or entity whose Pre-receivership Claim against the Estates has previously been allowed by order of the Court.

9. Any person or entity who is required but fails to file proof of a Pre-receivership Claim in accordance with this Order on or before the Bar Date will be forever barred, estopped and enjoined from (a) asserting any such Pre-receivership Claim against the Defendants, the Related Entities or the Estates and (b) receiving a distribution on account of such claim from the Estates.

10. Notwithstanding anything in this Order to the contrary, nothing shall preclude the Overall Receiver from objecting on any grounds to any Pre-receivership Claim.

11. The investor claimants, whose claims arose through their purchase of interests in funds managed by Pennant Management, Inc., are exempt from this Bar Date Order and need not file their claims pursuant to this general creditor Bar Date Order.

**DATED: August 6, 2015**     **ENTERED**

_____
The Honorable Amy J. St. Eve

2