**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| PENNANT MANAGEMENT, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 14-cv-07581 |
| | ) | |
| v. | ) | Hon. Amy J. St. Eve |
| | ) | |
| FIRST FARMERS FINANCIAL, LLC, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**TRUE LINE CONTRACTING AND REMODELING'S OBJECTION TO
OVERALL RECEIVER'S APPLICATION TO APPOINT GREENBERG
TRAURIG AS COUNSEL FOR RECEIVER**

Now Comes True Line Contracting and Remodeling by and through its attorneys, Emalfarb, Swan & Bain, and states for its Objection to the Overall Receivers' Application to Employ Greenberg Traurig as Special Counsel (Doc 222) and in support thereof states as follows:

I.       **Background**

Generally, this action stems from the investment by numerous units of local government with Illinois Metropolitan Investment Fund ("IMET"). IMET retained Pennant Management, Inc. ("Pennant") to act as an investment advisor. Pennant recommended and facilitated a Convenience Fund investment with defendant First Farmer Financial, LLC ("FFF"). The investment was fraudulent as FFF had forged guarantees from the USDA to perpetrate the fraud. IMET alleges that its clients have lost in excess of $50 Million.

Pennant retained Greenberg Traurig ("GT") and on September 29, 2014 filed its initial complaint. According to public records found on the websites of various municipalities, on or about November 13, 2014, IMET entered into a tolling agreement

with Pennant to preserve its ability to bring a lawsuit against Pennant and to avoid having the statute of limitation run while IMET focuses its efforts on the recovery of assets.[1] (Exhibit "A", p. 4). Obviously, IMET may ultimately decide to sue Pennant or its affiliated companies for any deficiencies in recovery.

IMET itself entered into a tolling agreement with numerous entities that invested through IMET including but not limited to the Village of Glenview, Village of Oak Park, Village of Hoffman Estates, City of Highland Park, Village of Wheeling and Village of Skokie. These entities are hopeful that these proceedings will allow for recovery but if Pennant and IMET are unable to recover sufficient funds for its clients, it is apparent that these municipalities and IMET will look to Pennant for the deficiencies.

True Line Contracting and Remodeling ("True Line") is just one creditor which has not been taken under the Pennant umbrella. True Line performed work at four hospitality properties which have been deemed by this Court to be part of the receivership estate ("True Line"). As a result of non-payment, True Line filed four lien foreclosure claims *True Line Construction and Remodeling Services, Inc. v. Sheraton Peoria Hotel, LLC*, Case No. 1:15-CV-01013 (C.D. Ill.), *United States v. True Line Contracting and Remodeling, Inc. et al*., Case No. 15-CV-1097 (C.D. Ill.), *True Line Contracting and Remodeling Services, Inc. v. Alena Hospitality Saddle Brook, LLC et al*., Case No. L-20884-14 (Superior Court of Bergen County, New Jersey), *True Line Contracting and Remodeling, Inc. v. Alena Hospitality UCF, LLC et al.*, Case No. 2015-CA-000300-O (Circuit Court for the Ninth Circuit, Orange County, Florida). These actions are currently

---

[1] Exhibit "A' is part of an Agenda issued of the Village of River Forest Finance and Administration Committee, numerous municipalities have posted similar documents relating to tolling agreements.

pending in the respective jurisdictions. True Line, and presumably, other individuals and entities, are not parties to Pennant tolling agreements.

II. **GT's dual role as Counsel for Pennant and the Receiver while Pennant is Subject to Claims for Breach of Fiduciary <u>Constitutes a Conflict of Interest.</u>**

To date, IMET's clients have adhered to the tolling agreements in that it appears that they have not filed lawsuits against either IMET or Pennant. However, if Pennant does not recover sufficient funds to satisfy IMET's clients, Pennant will likely be subject to claims for liability. Even now, Pennant is the subject of a lawsuit pending in the Northern District of Texas captioned *The Administrative Committee of the American Excelsior Company Employee Stock Ownership Trust v. GreatBanc Trust Company* et al, 4:14-cv-00825-A. ("Texas Claim"). A copy of Pennant's Answer to the Texas Claim is attached as Exhibit "B". The Texas Claim alleges a claim for breach of fiduciary duty against Pennant stemming from Pennant's failure to perform due diligence before purchasing fraudulent paper from First Famers. (Ex B, pp 9-10, 18).

Local Rule 66.1(a) generally requires a receiver to administer a receivership estate in a manner similar to that of a bankruptcy case. The Bankruptcy Code allows a trustee to employ attorneys who do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties. 11 U.S.C.S. § 327(a). The Code, in turn, defines a "disinterested person" as one who (A) is not a creditor, an equity security holder, or an insider; (B) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor; and (C) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

See *RMB Fasteners. Ltd. v. Heads & Threads Int'l, LLC*, 2012 U.S. Dist. LEXIS 8715 (N.D. Ill. 2012). (Court explained that a conflict arises when the interest of the fiduciary in avoiding individual liability conflicts with the trust's or corporation's interest in recouping any misappropriated funds-court determined in RMB, that there was no conflict as the interests were aligned.). See also *Roncone v. Ligurotis*, No. 92 C 4054 (N.D. Ill. Nov. 18, 1992.)

In *Roncone*, the court disqualified counsel from representing both a trust fund administrator accused of fiduciary violations and a union, members of which were the beneficiaries of the trust see *McGinn v. DeSoto, Inc*., No. 90 C 4481, 1990 U.S. Dist. LEXIS 17580, 1990 WL 251753, at *3-4 (N.D. Ill. Dec. 21, 1990) (disqualifying counsel from representing both an employee benefit plan and its trustees, accused of fiduciary violations); *Wittenborn v. Pauly*, No. 87 C 5814, 1988 U.S. Dist. LEXIS 2816 at *3-4 (N.D. Ill. Apr. 1, 1988) (disqualifying counsel from representing a corporation and individual defendant officers accused of fiduciary violations in a shareholder derivative action).

Once appointed by the federal court, the receiver becomes an officer of the court who manages and operates the property according to the laws of the state where the property is located. *Scholes v. Tomlinson*, 1991 U.S. Dist. LEXIS 10486 (ND Ill. 1991). The receiver's duty is to preserve the assets of the receivership entities for the benefit of all creditors. However, in *Scholes*, counsel was disqualified because the receiver's duty as class representative was to secure the most favorable distribution possible of those same assets on behalf of a *particular class*. The court concluded that the receiver could not simultaneously exercise independent judgment as to all creditors and a particular class.

Like in *McGinn*, and unlike in *RMB Fasteners*, in the case at bar, Pennant is subject to liability for breach of fiduciary duty. In addition, like in *Scholes*, Pennant and its counsel are also working to receiver assets for a particular class-those investors currently party to tolling agreements. The receiver in this case is obligated to preserve the assets of the receivership estate for the benefit of all creditors. However, GT's job and obligation is to protect Pennant from incurring liability for breach of fiduciary duty.

III. **Conclusion**

Even in light of the appointment of an "overall receiver" represented by separate counsel, and the limited role of GT proposed in the Application, GT is an inappropriate choice as counsel for the receiver. GT's primary fiduciary is Pennant Management. GT's fiduciary obligation to Pennant is a conflict of interest precluding it from contributing to the Receiver's preservation of the assets of the estate for the benefit of all creditors. Therefore independent counsel must be appointed to represent the receiver.

WHEREFORE, True Line Contracting and Remodeling prays that this Court deny the Overall Receiver's Motion to Appoint Greenberg Traurig as counsel for the receiver.

**True Line Contracting and Remodeling, Inc.**

_____
**One of its Attorneys**

Peter Swan (6186883)
Michael Shacter (6291970)
Emalfarb, Swan & Bain
440 Central Ave.
Highland Park, IL 60035
847-432-6900