UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CASE NO.: 14-CV-7581

PENNANT MANAGEMENT, INC.,

    Plaintiff,

vs.

FIRST FARMERS FINANCIAL, LLC, et al.

    Defendants.

_____

ILLONIOS METROPOLITAN INVESTMENT FUND and HARVARD SAVINGS BANK, an Illinois Savings Bank,

    Plaintiff-Intervenors

vs.

FIRST FARMERS FINANCIAL, LLC, et al.

    Defendants.

_____/

**FILED**

AUG 1 3 2015

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**PROOF OF CLAIM**

STATE OF **Florida**
COUNTY OF **Orange**

    BEFORE ME, the undersigned authority, personally appeared Prashant Patel, Third Eye Vision Corporation, Inc., a Florida Corporation, who produced a **Florida License** as identification, and after being duly sworn, states that:

1. He is the owner of Third Eye Vision Corporation, Inc. and a Defendant herein.

2. He has custody of and supervises the accounts and records which are the subject of this action including the accounts and records of the amounts owed to Third Eye Vision Corporation, Inc. which is the subject of this action.

3. He has personal knowledge of each of the facts set forth herein and is authorized to file this Proof of Claim in the above-referenced case.

4. This claim arises out of improvements to real property located in Orange County, Florida, owned by Alena Hospitality LBV, LLC ("Alena").

5. The real property at issue and the improvements which are the subject of this claim are commonly referred as Orlando Vista Crown Plaza, located at 12490 South Apopka Vineland Road, Orlando, Florida 32836 (the "Project").

6. On or about April 9, 2013, Alena, as owner, entered into a written agreement with CVC Hospitality, Inc. ("CVC") as general contractor, for improvements to the Project.

7. On or about October 24, 2013, CVC Hospitality, Inc. entered into a Construction Subcontractor Agreement with Third Eye Vision Corporation, Inc. where Third Eye Vision Corporation, Inc. was to provide labor and materials related to installing cameras, HSIA (Wifi), telephone systems, including Siamese cabling for the 1st floor and 2nd to 7th floor for the Project. A true and correct copy of the Subcontract is attached hereto as Exhibit "A".

8. Third Eye Vision Corporation, Inc. fully performed its obligations as allowable under the Subcontract and under the Subcontractor Change Orders.

9. CVC has failed to pay Third Eye Vision Corporation, Inc. for its work on the Project.

10. He has personal knowledge of each of the payments made on account of said Contract and Third Eye Vision Corporation, Inc. is owed the principal sum of $144,096.84. A

Claim of Lien was recorded on November 18, 2014 in Official Records Book 10836, Page 8984, of the Public Records of Orange County, Florida Clerk of the Circuit Court.

A true and correct copy of the Claim of Lien is attached hereto as Exhibit "B".

11. Defendant is the holder of said Claim of Lien and none of the defaults alleged in this Proof of Claim have been cured.

12. Each and every allegation of this Proof of Claim filed in this cause is true and correct.

DATED: August __, 2015.
July 31, 2015

_____
Prashant Patel

The foregoing instrument was acknowledged before me this 31 day of July, 2015 by Prashant Patel, who produced FLORIDA LIC as identification.



Notary Public, State of Florida.

WALESKA REYES-JESNER
Notary Public, State of Florida
Commission# EE 185556
My comm. expires Apr. 1, 2016

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished upon the attached service list via e-mail, federal express or the ECF/CM system, as indicted on this 7th day of August, 2015.

/s/Shivon Patel
Shivon Patel, Esq.
The Principal Law Firm, P.L.
Florida Bar No.: 72293
7025 CR 46A, Ste 1071, PMB 353
Lake Mary, FL 32746
Telephone: (407) 322-3003
Fax: (407) 322-3505
eservice@principallaw.net



# CONSTRUCTION SUBCONTRACTOR AGREEMENT

THIS AGREEMENT, made as of the 24th day of October, 2013, between Contractors: CVC Hospitality, Inc., located at: 4455 Dardanelle Drive, Suite D, Orlando, Florida 32808, (407) 299-7619; and Third Eye Vision – Security and IT, 2553 Corbyton Ct. Orlando, FL 32828 and 407-312-9006 thereafter ("Subcontractor").

| The Project Is: | The Project Number is: |
|---|---|
| Orlando Vista Crown Plaza<br>12490 S Apopka Vineland Rd<br>Orlando, FL 32808 | # CSD # 14374 |

FOR AND IN CONSIDERATION of the covenants and conditions herein contained, the receipt and sufficiency of which is hereby acknowledged by and between the parties hereto, Contractor and Subcontractor agree as follows:

1. The "Contract Documents" consist of this Agreement, Drawings, Drawing Lists, Specifications, Scope of Work, Project Schedule and Authorizations together with other documents listed as Exhibits in this Agreement and Modifications issued after execution of this Agreement hereafter ("Contract") and are as fully a part of the Contract as if attached to this Contract or incorporated herein. The Contract represents the entire and integrated agreement between the parties hereto and supersedes all prior negotiations, representations or agreements, either written or oral. The Order of Interpretation is first the most current Change Order, Amendments to the Construction Drawings, most current memo or interpretations of Construction Drawings, Original Construction Drawings, Contract Documents and Amendments.

2. The Contractor shall pay the Subcontractor in current funds for the Subcontractor's performance the sum of $306,557.05 subject to additions and as provided in the Contract Documents. Contractor reserves the right under this paragraph to require Subcontractor to make changes in the Work, including additions thereto and deletions therefrom. Should Contractor's Prime Contract Scope of Work with Owner be reduced by way of units to be completed, the Subcontractor's contract will be reduced accordingly by a Deductive Change Order.

This Contract is entered into as of the day and year first written above and is executed as an original. Please forward executed copy to the Contractor.

| Company: | CVC Hospitality Inc. | Sub Name: | Third Eye Vision – Security and IT |
|---|---|---|---|
| Signature: | | Signature: | |
| Print Name: | Chris Callahan | Print Name: | |
| Title: | VP of Construction | Title: | |
| Witness: | | Witness: | |

4455 DARDANELLE DR. - STE D - ORLANDO, FL 32808
GC LIC. # CGC1520405 | AR LIC. # AR0011484
WWW.CVCHOSPITALITY.COM
1-800-940-7619

Initial _____
Pg 1 of 25

EXHIBIT "A"



# CONSTRUCTION SUBCONTRACTOR AGREEMENT

3. Time is of the essence in this Contract and the Subcontractor hereby specifically acknowledges and agrees that the Subcontractor's performance in completing the Scope of Work contained within Exhibit "A", including Exhibit "A-M", is time sensitive and critical to the Contractor and will cause substantial financial harm if not completed within the time scope as defined in Paragraph 5 of this Contract. Should the Subcontractor, in the sole determination of the Contractor, at any time refuse, or be unable to supply a sufficient number of properly skilled workmen, sufficient quantity of materials or proper quality, fail to perform the Scope of Work with promptness and diligence as per the Project Schedule defined in Exhibit "B", or fails in the performance in any of the agreements herein contained, fail to correct, replace, and/or re-execute faulty, non-conforming or defective work or materials, or file for or be declared bankrupt, or go into any form of receivership, or become insolvent; or should any workmen performing work by the Contract engage in a strike or other work stoppage or cease to work due to picketing; or should the Subcontractor fail to timely pay its employees, agents, suppliers, Contractor, may at its option, after twenty-four (24) hours written notice to the Subcontractor, provide any such labor and materials necessary to protect the rights and interest of the Contractor and deduct the cost thereof from any money then due and owning or thereafter to become due the Subcontractor under this Contract. Furthermore, in the event Subcontractor shall become indebted to Contractor for any and all costs, fees, expenses or claims on this project or any other projects, Contractor shall be entitled to set aside and deduct any sums owed Subcontractors under this Contract. After such corrective efforts, if the Contractor, in its sole determination, determines that the Subcontractor is still not satisfactory performing under the term of this Contract, the Contractor may immediately terminate this Contract upon written notice and any additional costs incurred because of this paragraph will be deducted from the agreed price as set forth in paragraph two (2) of this Contract. It is agreed that Subcontractor will be fully compensated for all complying and accepted work completed within the time requirements of this Contract. If any disagreement between subcontractor and Contractor arise, the work, will start or continue as ordered by the Contractor and will not be slowed down, stopped or delayed by the Subcontractor. Any claims, complaints or disputes arising out of or relating to this subcontract shall be settled under the Constriction Industry rules then in force of the American Arbitration Association and all parties agree to be bound by this arbitration. The site of the Arbitration will be in Orlando, Florida.

4. Upon termination of this Contract for any reason by the Contractor, the Subcontractor shall immediately (a) deliver to Contractor an accounting of any Deposit, including names and addresses of all material men who received payment from the Deposit and copies of all invoices for materials which the Subcontractor claims have been paid or need to be paid from the Deposit; (b) return to the Contractor any portion of the Deposit not yet spent by the Subcontractor or owed by the Subcontractor to third-party material men, suppliers or vendors for materials ordered by the Subcontractor in connection with this Contract; (c) deliver any materials in the Subcontractor's possession paid for out of the Deposit (either prior to or out of the Deposit at the time of termination of the Contract); and (d) assign any and all rights of Subcontractor in materials paid for out of the Deposit to Contractor.

5. The date of commencement for the work as covered in this Contract shall be **October 28, 2013**, with Substantial Completion of the work not later than end of **December 20, 2013**, for the Scope of Work, subject to adjustment of this Contract Time, by fully executed Change Order and the Project Schedule.

6. The Subcontractor acknowledges that there is a Project Schedule attached to this Contract as Exhibit "B". The Project Schedule is a logical network prepared in the critical path method or other sequential network and in use within the construction industry and it shall be the Subcontractor's responsibility to use its best efforts and to act with due diligence to maintain the progress of the Scope of Work in accordance with this Project Schedule. Subcontractor will be prepared to accelerate the work as required and to work after normal working hours when needed. In the event of a delay in the completion date as per the contract schedule

Initial: _____ / _____

Pg 2 of 25



**CONSTRUCTION SUBCONTRACTOR AGREEMENT**

hereto attached as Exhibit "B" Subcontractor shall pay Liquidated damages in the amount of $1000.00 per day. The contract schedule shall be extended for any additional time or delays outside the sole control of the subcontractor.

7. Based upon Applications for Payment submitted to the Contractor by the Subcontractor, the Contractor shall make progress payments on account of the Contract Sum to the Subcontractor as provided below. Application for Payment shall be based upon the schedule of values submitted by the Subcontractor within <u>five (5) days</u> of the Contract date in accordance with the Contract Documents. The schedule of values shall allocate the entire Contract Sum among the various portions of the Work and be prepared in such form and supported by such data to substantiate its accuracy as the Contractor and/or Owner may require. Subcontractor shall submit to Contractor progress payment application showing the value of the Work installed ("Completed Work"), plus the value of the material and equipment for incorporation in the Work suitably stored and insured (to the satisfaction of Contractor) at the Project site or other approved location ("Stored Work"), as of the date submitted. Subcontractor shall also furnish to Contractor with Subcontractor's first Application for Payment, a list of all companies, entities and individuals supplying labor or materials for the performance of the Work ("Vendor/Supplier Information Schedule" attached as <u>Exhibit "G"</u>). Such Vendor/Supplier Information Schedule shall be updated with every Application for Payment submitted thereafter. Subcontractor shall submit such application for payment **per the terms listed below** utilizing the payment form herein attached as <u>Exhibit "D"</u>. Contractor shall review each Application for Payment, together with supporting documents as required by this Contract and as otherwise requested by Owner or Contractor. Contractor shall then approve, modify or reject, in whole or in part, such Application for Payment. Contractor reserves the right to advance the date of any payment (including Final Payment) due or to become due under this Contract, in its sole discretion, it becomes desirable to do so. **All applications for payment submitted by the subcontractor MUST be submitted on CVC form included as Exhibit "D". No other forms will be accepted. Applications for payment submitted on non-approved forms will be REJECTED and returned to the Subcontractor and will delay payment for same.** Subcontractor shall not be entitled to any payment until this Contract has been properly executed and all documents and/or information to be furnished by Subcontractor have been supplied to Contractor.

8. **Monthly Applications for payment take 30 days for processing. Applications for payment must be received by the 10th of the month and will be processed and paid by the 10th of the following month.** The Contractor shall make payment to the Subcontractor, as required under this Contract. Contractor shall make a progress payment to Subcontractor equal to the value of Completed Work, to the extent approved by Contractor and allowed and paid by Owner on account of the Work To the fullest extent permitted by law, Contractor shall have no liability or responsibility for any amounts due or claimed to be due Subcontractor for any reason whatsoever except to the extent the Contractor has actually received funds from Owner specifically designated for disbursement to Subcontractor. **Contractor shall pay Subcontractors only after receipt of payment from Owner. Pay when paid contract supersedes all other payment terms in this contract.**

9. Each application for payment will have 10% retainage held out until such time as the Owner makes final payment to Contractor. Subcontractor will be required to furnish evidence satisfactory to Contractor that there are no claims, obligations, or liens outstanding or unsatisfied for labor, services, materials, equipment, taxes or other items performed, furnished or incurred in connection with this Contract. Upon submittal of Final Payment Application, Subcontractor acknowledges that final payment may take up to 60 days for Contractor to receive final payment from Owner.

10. Subcontractors shall, at its own expense, obtain all necessary licenses and permits pertaining to the Work and comply with all statutes, ordinances, rules, regulations and orders of any governmental authority having

4455 DARDANELLE DR. - STE D - ORLANDO, FL 32808
GC LIC. # CGC1520405 | AR LIC. # AR0011484
WWW.CVCHOSPITALITY.COM
1-800-940-7619

Initial _____
Pg 3 of 25



CONSTRUCTION
SUBCONTRACTOR AGREEMENT

jurisdiction over the Work or the performance thereof, including, but not limited to, those relating to safety, wages, discrimination and equal employment opportunity and pay any fines or penalties imposed for any violations thereof. Subcontractor shall receive and promptly respond to, and shall defend, indemnify and hold harmless Contractor and Owner, as well as anyone to whom Contractor is obligated, and their agents, from any loss, liability or expense arising from any such violations and any citations, assessments, fines or penalties resulting therefrom.

11. Subcontractor will not undertake any additional work on the project without a **signed** Change Order from the designated CVC Hospitality, Inc. Project Manager ONLY. The Project Manager is not to be confused with the onsite superintendent. The onsite superintendent is not authorized to issue change orders. If Subcontractor provides any additional work on this project without a signed change order from the designated CVC Project Manager, the Subcontractor does so at its own risk.

12. **Subcontractor is responsible for all applicable sales taxes, delivery costs, permit costs and all other charges associated with the completion of the Scope of Work.**

13. All manufactures' and subcontractors' warranties will be transferred to Owner upon payment in full for each such item. Subcontractor will warranty its work for twelve (12) months, including materials and labor, for all work completed within the Scope of Work defined in Exhibit "A". The warranty period commences upon the date of Substantial Completion. Subcontractor will respond to all requests for warranty work within three (3) business days absent an emergency affecting the safe operation of the property. In the event of an emergency, Subcontractor will respond as soon as reasonably possible.

14. To the extent permitted by law, Subcontractor on behalf of itself, its agents, and employees hereafter ("Indemnitors"), shall indemnify, protect, defend, save and hold the Contractor and their respective agents, beneficiaries, employees, shareholders, members and partners, hereafter ("Indemnities"), harmless from and against all liability, damage, loss, claims, demands, actions, and expenses of any nature whatsoever, including but not limited to, attorney's fees and costs connected with (i) the performance of the Scope of Work by the Indemnitiors; (ii) any act or omission of the Indemnitiors; (iii) any accident or occurrence which happens in or about the place where any portion of the Scope of Work is being performed by the Indemnitors.

15. Subcontractor shall purchase and maintain, until final payment has been released, all CVC Hospitality and Owner required insurances references in Exhibit "I" as per the Owner's Insurance Requirements and must meet or exceed the amounts required of the Contractor and shall furnish Owner evidence that such insurance coverage's are currently in effect. Moreover, Subcontractor is to name Owner as additional insured's on Subcontractor's Commercial general Liability insurance and will provide Owner with a waiver of subrogation from Subcontractor's General Liability and Worker's Compensation carrier. Subcontractor shall obtain Form No.) A1-1175 or its equivalent from its Commercial General Liability Insurance Carrier. No work shall be commenced under this Contract until Contractor shall have obtained the following insurance. **NO EXCEPTIONS.** Subcontractor shall furnish Contractor copies of current, valid and binding, workmen's compensation insurance **(exemption certificates will NOT be accepted)**, liability insurance, occupational licenses and such further insurance information as Contractor will request in which Contractor and Owner will be named as additional insured with subrogation rights waived.

   a. Workmen's Compensation In accordance with the laws of the State of Florida, including a broad form, all states endorsement, and employer's liability in an amount not less than FIVE HUNDRED THOUSAND AND NO/100 ($500,000.00) DOLLARS.
   b. Comprehensive General Liability Insurance
      i. Bodily Injury Liability in an amount not less than ONE MILLION AND NO/100 DOLLARS per occurrence and TWO MILLION AND NO/100 DOLLARS aggregate.

4455 DARDANELLE DR. - STE D - ORLANDO, FL 32808
GC LIC. # CGC1520405 | AR LIC. # AR0011484
WWW.CVCHOSPITALITY.COM
1-800-940-7619

Initial: _____
Pg 4 of 25



# CONSTRUCTION SUBCONTRACTOR AGREEMENT

16. Subcontractor shall not assign this Contract, or any monies due or to become due hereunder, or subcontract any substantial part of the Work, without the prior written consent of the Contractor. If Contractor gives written consent to an assignment of this Contract, in whole or in part, Subcontractor shall not be relieved of its duties and obligations hereunder and shall be and remain fully responsible and liable for acts and omissions of its assignees. Nothing herein shall prevent Subcontractor from engaging sub-subcontractors to perform a portion of the Work hereunder. However, Subcontractor shall be and remain as fully responsible for all persons directly or indirectly employed by such sub-subcontractors as Subcontractor is for its own acts and omissions and those of its agents, servants and employees.

17. Before any sub-subcontractor or supplier is employed by Subcontractor, the name of such sub-subcontractor or supplier shall be submitted, in writing, to Contractor, and no sub-subcontractor or supplier shall be employed unless acceptable to Contractor. Each sub-subcontractor and supplier shall be bound by all Contract Documents to the same extent and with the same effect as if the sub-subcontractor or supplier were the Subcontractor.

18. Subcontractor shall, at its own expense (a) keep the premises at all times free from waste materials, packaging and other debris accumulated in connection with the Work by collecting and removing such debris from the job site on a daily or other basis requested by the Contractor; (b) at the completion of the Work in each area, sweep and otherwise make the Work and its immediate vicinity "broom-clean"; (c) remove all of its tools, equipment, scaffolds, temporary structures and surplus materials as directed by Contractor at the completion of the Work; and (d) at final inspection clean and prepare the Work for acceptance by Owner. The subcontractor shall participate in a walking punch when turning over property back to the owner.

19. A condition of accepting this Contract is that the undersigned will not perform work for the Owner of the location or site of this project, for a period of one (1) year from the day last work is performed without the written consent from Contractor. At any such time that Owner makes contact or attempts to make contact with Subcontractor, it is Subcontractor's responsibility to make Contractor aware of the situation immediately.

20. Dispute Resolution (Binding Arbitration): The parties agree that ALL DISPUTES, CLAIMS, OR CONTROVERSIES ARISING OUT OF OR IN ANY WAY RELATED TO THIS CONTRACT, ANY WORK PERFORMED UNDER THIS CONTRACT, OR ANY OTHER DEALINGS BETWEENS THE PARTIES IN CONNECTION WITH THIS CONTRACT SHALL BE RESOLVED BY BINDING ARBITRATION CONDUCTED IN ACCORDANCE WITH THE CONSTRUCTION INDUSTRY ARBITRATION RULES OF THE AMERICAN ARBITRATION ASSOCIATION (AAA) AND ADMINISTERED BY AAA. Binding arbitration shall be the sole and exclusive remedy of the parties regardless of whether any dispute, claim, or controversy is expressed in terms of contract, warranty, tort, or any other legal, equitable, or statutory theory. The decision and award of the arbitrator shall be binding and conclusive, and judgment in conformity with the decision and award may be entered and enforced in any court of competent jurisdiction. Any issue as to whether a dispute, claim, or controversy is subject to this arbitration requirement shall be decided by the arbitrator. The parties agree that the arbitration provision in this contract are governed and controlled by the Federal Arbitration Act. Subcontractor agrees that the Owner of the project is an intended third-party beneficiary of the arbitration provisions contained in this contract and shall have the right, but not the obligation, to compel arbitration of any claims asserted by or on behalf of Subcontractor. In the event of any dispute initiated by either party to enforce the provisions of this Contract, the prevailing party shall be entitled to reasonable attorney's fees and costs. The parties agree that jurisdiction and proper venue for any dispute resolution will be Orange County, Florida.

4455 DARDANELLE DR. - STE D - ORLANDO, FL 32808
GC LIC. # CGC1520405 | AR LIC. # AR0011484
WWW.CVCHOSPITALITY.COM
1-800-940-7619

initial _____
Pg 5 of 25



# CONSTRUCTION
# SUBCONTRACTOR AGREEMENT

21. Subcontractor has inspected the property and respective project at least one (1) time prior to submitting their respective proposal and agrees the plans and specifications and site conditions are adequate to perform the Scope of Work required by this Contract.

22. If any term or provision of the Contract Documents shall be found by a court of competent jurisdiction to be invalid, unenforceable or in violation of the laws, statutes, ordinances or regulations of any public authority having jurisdiction thereof, then, notwithstanding such term or provision(s), this Contract shall be and remain in full force and effect and such term shall be deemed stricken.

4455 DARDANELLE DR. - STE D - ORLANDO, FL 32808
GC LIC. # CGC1520405 | AR LIC. # AR0011484
WWW.CVCHOSPITALITY.COM
1-800-940-7619

Pg 6 of 25



**CONSTRUCTION SUBCONTRACTOR AGREEMENT**

# Contract Documents Index

1. Exhibit "A" – Scope of Work
2. Exhibit "B" – Schedule
3. Exhibit "C" – Instructions for Submitting Payment
4. Exhibit "D" – CVC Application for Payment (Approved Form)
5. Exhibit "E" – Subcontractor Waiver
6. Exhibit "F" – Subcontractor Final Waiver
7. Exhibit "G" – Vendor/Supplier Information Schedule
8. Exhibit "H" – CVC Job Site Rules and Requirements
9. Exhibit "I" – Instructions for Submitting Insurance.
10. Exhibit "J" – Labor Rate Sheet
11. Exhibit "K" – Subcontractor Warranty
12. Exhibit "L" – Subcontractor Guarantee
13. Exhibit "M" – W-9

4455 DARDANELLE DR. - STE D - ORLANDO, FL 32808
GC LIC. # CGC1520405 | AR LIC. # AR0011484
WWW.CVCHOSPITALITY.COM
1-800-940-7619

Initial _____
Pg 7 of 25

# CVC HOSPITALITY, INC.

## SUBCONTRACTOR CHANGE ORDER

| TO | Third Eye Vision – Security and IT<br>2553 Corbyton Ct<br>Orlando, FL 32828 |
|---|---|

| JOB NAME | Orlando Vista Crowne |
|---|---|
| JOB #. CSD | 14374 |
| CHANGE ORDER # | 3 |
| DATE: | 9/2/14 |

Reason: ☐ Backcharge to Owner   ☐ Backcharge to Subctr.     ☐ Not billable to owner   ☐ Billable to owner

| DESCRIPTION | | |
|---|---|---|
| Additional Ports | $ | 3,500.00 |
| | | |
| | | |
| | | |
| | | |
| | | |
| TOTAL | $ | 3,500.00 |

*Includes all travel, fuel and lodging expenses.

| ORIGINAL CONTRACT AMOUNT | $ | 306,557.05 |
|---|---|---|
| NET CHANGES BY PREVIOUS CHANGE ORDERS | $ | 39,380.58 |
| TOTAL CONTRACT AMOUNT PRIOR TO THIS CHANGE ORDER | $ | 345,937.63 |
| TOTAL CONTRACT AMOUNT WILL BE IN**CREASED** | $ | 3,500.00 |
| NEW TOTAL CONTRACT AMOUNT INCLUDING THIS CHANGE | $ | 349,437.63 |

CVC HOSPITALITY, INC.                Third Eye Vision – Security and IT

_Chris Callahan_                         _[signature]_
SIGNATURE                                SIGNATURE

DATE: _September 2, 2014_       DATE: _Sept 4th, 2014_

4455 Dardanelle Drive
Orlando, Florida 32808
407-299-7619
Fax 407-299-2627

Permit Number: B13902787
Folio/Parcel ID #: _____
Prepared by: MARIO WILSON (PROJECT MANAGER)

Return to: 4455 DARDANELLE DRIVE (ATTN: MF)
ORLANDO, FLORIDA 32808

DOC# 20130434461 B: 10619 P: 2930
08/14/2013 01:43:15 PM Page 1 of 1
Rec Fee: $10.00
Martha O. Haynie, Comptroller
Orange County, FL
MB - Ret To: CVC HOSPITALITY

# NOTICE OF COMMENCEMENT

State of Florida, County of Orange

The undersigned hereby gives notice that improvement will be made to certain real property, and in accordance with Chapter 713, Florida Statutes, the following information is provided in this Notice of Commencement.

1. **Description of property** (legal description of the property, and street address if available)
   Please see attached. (12490 APOPKA VINELAND ROAD, ORLANDO, FL.)

2. **General description of improvement**
   Interior and Exterior renovations

3. **Owner information or Lessee information if the Lessee contracted for the improvement**
   Name: Alena Hospitality LBV, LLC
   Address: 7385 W Sand Lake Rd Ste 390, Orlando, Fl 32819
   Interest in Property: _____
   **Name and address of fee simple titleholder (if different from Owner listed above)**
   Name: _____
   Address: _____

4. **Contractor**
   Name: CVC Hospitality          Telephone Number: 407-299-7019
   Address: 4455 Dardanelle Dr

5. **Surety** (if applicable, a copy of the payment bond is attached)
   Name: _____       Telephone Number: _____
   Address: _____    Amount of Bond $ _____

6. **Lender**
   Name: _____       Telephone Number: _____
   Address: _____

7. **Persons within the State of Florida designated by Owner upon whom notices or other documents may be served as provided by §713.13(1)(a)7, Florida Statutes.**
   Name: _____       Telephone Number: _____
   Address: _____

8. **In addition to himself or herself, Owner designates the following to receive a copy of the Lienor's Notice as provided in §713.13(1)(b), Florida Statutes.**
   Name: _____       Telephone Number: _____
   Address: _____

9. **Expiration date of notice of commencement** (the expiration date may not be before the completion of construction and final payment to the contractor, but will be 1 year from the date of recording unless a different date is specified) _____

WARNING TO OWNER: ANY PAYMENTS MADE BY THE OWNER AFTER THE EXPIRATION OF THE NOTICE OF COMMENCEMENT ARE CONSIDERED IMPROPER PAYMENTS UNDER CHAPTER 713, PART I, SECTION 713.13, FLORIDA STATUTES, AND CAN RESULT IN YOUR PAYING TWICE FOR IMPROVEMENTS TO YOUR PROPERTY. A NOTICE OF COMMENCEMENT MUST BE RECORDED AND POSTED ON THE JOB SITE BEFORE THE FIRST INSPECTION. IF YOU INTEND TO OBTAIN FINANCING, CONSULT WITH YOUR LENDER OR AN ATTORNEY BEFORE COMMENCING WORK OR RECORDING YOUR NOTICE OF COMMENCEMENT.

_____                    Managing Member
Signature of Owner or Lessee, or Owner's or Lessee's Authorized Officer/Director/Partner/Manager      Signatory's Title/Office

The foregoing instrument was acknowledged before me this 13 day of 8/13 by Nikesh A. Patel
                                                                month/year    name of person
as Managing Member                          for Alena Hospital + LBV, LLC
Type of authority, e.g., officer, trustee, attorney in fact    Name of party on behalf of whom instrument was executed

Signature of Notary Public – State of Florida       Print, type or stamp commissioned name of Notary Public

Personally Known ✓ OR Produced ID ___
Type of ID Produced ___

WILLIAM R. HUSEMAN
Commission # DD 997186
Expires July 29, 2014
Bonded Thru Troy Fain Insurance 800-385-7019

Form content revised: 10/17/12

```
DOC# 20140589214 B: 10836 P: 8984
11/18/2014 02:40:44 PM Page 1 of 1
Rec Fee: $10.00
Martha O. Haynie, Comptroller
Orange County, FL
MB - Ret To: PRASHANT PATEL
```

THIS INSTRUMENT PREPARED BY
& RETURN TO:
Shivon Patel, Esq.
The Principal Law Firm, P.L.
7025 CR 46A, Ste. 1071, PMB 353
Lake Mary, Florida 32746

## WARNING!

THIS LEGAL DOCUMENT REFLECTS THAT A CONSTRUCTION LIEN HAS BEEN PLACED ON THE REAL PROPERTY LISTED HEREIN. UNLESS THE OWNER OF SUCH PROPERTY TAKES ACTION TO SHORTEN THE TIME PERIOD, THIS LIEN MAY REMAIN VALID FOR ONE YEAR FROM THE DATE OF RECORDING, AND SHALL EXPIRE AND BECOME NULL AND VOID THEREAFTER UNLESS LEGAL PROCEEDINGS HAVE BEEN COMMENCED TO FORECLOSE OR TO DISCHARGE THIS LIEN.

## CLAIM OF LIEN

**STATE OF FLORIDA**
**COUNTY OF ORANGE**

BEFORE ME, the undersigned notary public, personally appeared Prashant Patel on behalf of Third Eye Vision – IT & Security Systems, who was duly sworn and says that he is the lienor herein, whose address is 2553 Corbyton Court, Orlando, Florida 32828, and that in accordance with a contract with CVC Hospitality, Inc., lienor furnished labor, services or materials consisting of installing security cameras, HSIA (Wifi), telephone systems, including Siamese cabling for the 1st floor and 2nd to 7th floor on the following described real property in Orange County, Florida:

That portion of Tract 2 of Livengood Park, a subdivision according to the plat thereof as recorded in Plat Book Q, Page 64, of the Public Records of Orange County, Florida, more particularly described as follows:

Commence at the Southwest corner of the Northwest ¼ of Section 22, Township 24 South, Range 28 East and run North 0°06'27" West 30 feet to an iron pipe on the North line of Bronson Road for a Point of Beginning (said Point of Beginning being the Southwest corner of Tract 2, of Livengood Park); thence continue North 0°06'27" West along the West boundary of said Tract 2 of Livengood Park a distance of 299.40 feet; thence North 89°48'10" East, 300.17 feet; run thence South 10°07'12" East, 60.58 feet to an iron pipe; thence run South 87°35'05" East, 225.00 feet to an iron pipe on the Westerly right-of-way line if State Road 535, said line also being the East boundary line of Tract 2 of Livengood Park; thence run South 10°07'12" East, along said Westerly right-of-way line 233.06 feet to an iron pipe on the North line of Bronson Road (said point also being the Southeast corner of Tract 2 of Livengood Park); thence run South 89°48'10" West, along said North line of Bronson Road (said line being the South boundary of Tract 2, Livengood Park), a distance of 576.54 feet to the Point of Beginning.

ALSO:

The Northerly 30 feet of that portion of Bronson Road lying along and adjacent to the Southerly line of Tract 2 of Livengood Park, a subdivision according to the plat thereof as recorded in Plat Book Q, Page 64 of the Public Records of Orange County, Florida.

owned by Alena Hospitality LBV, LLC of a total value of $498,544.30, of which there remains unpaid $144,096.84, and furnished the first of the items on November 13, 2013.

Prashant Patel, Lienor

Sworn to and subscribed before me this 18 day of November, 2014, by Prashant Patel, who has produced a Drivers License as identification.

Notary Public, State of Florida

EMMA BUENROSTRO
Notary Public, State of Florida
Commission # FF 139985
My comm. expires July 8, 2018

EXHIBIT "B"