UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PENNANT MANAGEMENT, INC., <br><br> Plaintiff, <br><br> vs. <br><br> FIRST FARMERS FINANCIAL, LLC, *et al.*, <br><br> Defendants. | Case No. 14 CV 7581 <br><br> Hon. Amy J. St. Eve |

**ORDER AUTHORIZING THE SALE OF SINGH LOAN FREE AND CLEAR OF ALL INTERESTS AND GRANTING RELATED RELIEF**

This matter coming before the Court upon the motion ("Motion")[1] of Patrick Cavanaugh, not individually, but solely in his capacity as receiver of the Overall Receivership Estate (the "Overall Receiver"), pursuant to 28 U.S.C. § 2004, Local Rule 66.1(a), and the Amended Receiver Order, for the entry of an order authorizing the Overall Receiver to sell and assign First Farmer Financial, LLC's ("FFF") right, title, and interest in and to the Singh Loan to Davieca Singh pursuant to the terms and conditions of the Agreement and subject to higher and better offers, free and clear of Interests, with such Interests, if any, attaching to the proceeds of the sale with the same force and in the same priority as currently exists without further order of the Court, and approving certain procedures for the Overall Receiver to solicit competing bids for the Singh Loan; the Court having jurisdiction over the Singh Loan and the parties to this case; the Court having determined that granting the relief requested in the Motion is in the best interests of the Overall Receivership Estate; it appearing that due and proper notice of the Motion having been given and no other or further notice is necessary; IT IS HEREBY ORDERED THAT:

---

[1] Capitalized terms not defined herein shall have the meanings set forth in the Motion.

1. The Motion is granted as set forth herein.

2. The Overall Receiver is authorized to sell and assign FFF's right, title, and interest in and to the Singh Loan to Davieca Singh pursuant to the terms and conditions of the Agreement, subject to higher and better offers, and without further order of the Court, free and clear of Interests, with such Interests, if any, attaching to the proceeds of the sale with the same force and in the same priority as currently exists.

3. The Overall Receiver's sale of the Singh Loan shall be on an "as is", "where is" basis without any representations, warranties, or recourse, express or implied, of any type, kind, character, or nature.

4. Pursuant to 28 U.S.C. § 2004, the Court excuses strict compliance with the provisions of 28 U.S.C. § 2001 with respect to the Overall Receiver's sale of the Singh Loan and approves the Overall Receiver's proposed procedure to solicit competing bids for the Singh Loan, as set forth in the Motion.

5. The Overall Receiver is authorized to take any and all actions necessary or appropriate to effectuate the sale of the Singh Loan consistent with the terms of this Order.

6. If any of the provisions of this Order are hereafter reversed, modified, or vacated by a subsequent order of this court or any other court, such reversal, modification, or vacatur shall not affect the validity and enforceability of any transfer contemplated hereby or obligation or right granted pursuant to the terms of this Order (unless stayed pending appeal), and notwithstanding reversal, modification, or vacatur, shall be governed in all respects by the original provisions of this Order and any sale documents.

7. The holders of any Interests in the Singh Loan, if any, shall be prohibited from pursuing or asserting such Interests against any purchaser of the Singh Loan pursuant to this Order.

8. Nothing contained herein shall prevent the Overall Receiver from seeking additional relief from this Court relating the Sale of the Singh Loan.

9. This Order shall be effective and enforceable immediately upon entry.

10. This Court shall retain jurisdiction over any matters related to or arising from the implementation of this Order.

Dated: August 26, 2015

Chicago, Illinois

Honorable Amy J. St. Eve
United States District Court Judge