IN THEUNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | No. 14-CV-7581 |
| | ) | |
| FIRST FARMERS FINANCIAL LITIGATION | ) ) | Hon. Amy J. St. Eve |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

Plaintiff Pennant Management, Inc. ("Pennant") has moved the Court for leave to file its Third Amended Complaint (the "Complaint") against, in part, First Farmers Financial, LLC, Nikesh Ajay Patel, Trisha N. Patel, and Timothy Glenn Fisher ("Defendants"). For the following reasons, the Court grants Plaintiff's motion.

## BACKGROUND

Pennant is a "Registered Investment Advisor" in the business of acquiring loans on behalf of its clients guaranteed by the United States Department of Agriculture ("USDA") or the United States Small Business Administration ("SBA") from third party USDA and SBA approved lenders, such as First Farmers Financial, LLC ("First Farmers"). (R. 182, Second Am. Compl. ¶¶ 1, 27.) From June 2013 to August 2014, Pennant purchased the federally guaranteed portions of 26 separate loans originated by First Farmers for approximately $180 million. (*Id*. ¶¶ 30, 46.) Pennant acquired these loans on behalf of community banks, retirement plans, municipalities and government entities, and labor unions, among other entities. (*Id*. ¶ 27.) In September 2014, Pennant allegedly discovered that none of the 26 borrowers of the First Farmers' loans actually existed, and that the loans were allegedly part of a massive fraud. (*Id*. ¶¶ 37, 46.) Thus, countless investors that invested through Pennant and its clients have suffered significant potential losses.

On September 29, 2014, Pennant filed its original complaint against First Farmers and associated individuals and entities. (R. 1, Compl.) At the request of the parties, on October 14, 2014, the Court entered an agreed preliminary injunction freezing certain of Defendants' assets. (R. 22, at 2.) On November 10, 2014, the Court then entered an agreed order designating the Nanosky Receiver to exercise control over certain assets of the Defendant Entities. (R. 29, Initial Receiver Order ¶¶ 2, 4-5, 8.) On April 23, 2015, the Court entered the Amended Receiver Order, which gave Mr. Nanosky continued control over those assets. (R. 122, ¶¶ 4, 5.) The Amended Receiver Order also appointed Patrick Cavanaugh as the Receiver of the Overall Receivership Estate ("Overall Receiver"), which includes "all assets other than those assets entrusted to the Nanosky Receivership Estate." (*Id*. ¶ 24(b).) On July 8, 2015, Pennant filed its unopposed Second Amended Complaint. (R. 182.)

Now, Pennant has moved this Court for leave to file its Third Amended Complaint. (R. 525.) In relevant part, the Complaint remedies an inaccuracy from the previous complaints and inserts a direct claim accompanied by a claim on behalf of its alleged assignors. Specifically, the Complaint alters the ownership-structure of the various loans at issue, clarifying that Pennant is not a "beneficial owner" of the FFF loans. In addition, Pennant now seeks to pursue claims both "individually and on behalf of certain investor clients as assignee." (*Id*. at 1.)

The Overall Receiver objects. (R. 566, R. 668.) Defendants Nikesh and Trisha Patel also object, adopting the Overall Receiver's arguments in their entirety. (R. 670.)

**ANALYSIS**

**I.     Amended Pleadings Legal Standard**

"[T]he decision to grant or deny a motion to file an amended pleading is a matter purely within the sound discretion of the district court." *Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir.

2008) (quoting *Brunt v. Serv. Employees Int'l. Union*, 284 F.3d 715, 720 (7th Cir. 2002)). "The Federal Rules of Civil Procedure adopt a liberal standard for amending: 'The court should freely give leave when justice so requires.' " *Life Plans, Inc. v. Security Life of Denver Ins., Co.*, 800 F.3d 343, 357 (7th Cir. 2015) (quoting Fed. R. Civ. P. 15(a)(2)). "The Supreme Court has interpreted this rule to require a district court to allow amendment unless there is a good reason—futility, undue delay, undue prejudice, or bad faith—for denying leave to amend." *Id.* (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L.Ed.2d 222 (1962)). Indeed, "while a court may deny a motion for leave to file an amended complaint, such denials are disfavored." *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010). The goal of this liberal standard is "to decide cases fairly on their merits, not to debate finer points of pleading where opponents have fair notice of the claim or defense." *Id.* (citing Fed. R. Civ. P. 8(e)). Ultimately, "where [Defendant] would 'not [be] prejudiced in any legally relevant sense by the court's amendment,' and '[t]he equities . . . weigh heavily in favor of the [movant],' a court should exercise its discretion to allow an amendment." *King v. Kramer*, 763 F.3d 635, 644 (7th Cir. 2014) (quoting *Matter of Delagrange*, 820 F.2d 229, 233 (7th Cir. 1987)).

## II. The *Foman* Factors Do Not Preclude Pennant's Amendment

The Overall Receiver contends that Pennant's amendment would 1) be futile, 2) cause undue delay, 3) produce undue prejudice, and 4) be made in bad faith. (R. 668 at 10 ("[T]he *Foman* factors weigh decidedly against granting Pennant leave to file the [Complaint].").) The Court considers each argument in turn.

### A. Futility

The Overall Receiver argues that "the [Complaint] would be a futile amendment, as

Pennant lacks standing as to the general claims therein[.]"[1] (R. 668 at 8.) Further, asserts the Overall Receiver, "Pennant's lack of a realistic stake in the ultimate distribution of defendants' [sic] makes its direct claims futile." (*Id*.) The Court disagrees.

"An amendment is futile when it merely restates the same facts using different language, . . . reasserts a claim previously determined[,] . . . fails to state a valid theory of liability, or could not withstand a motion to dismiss." *Bower v. Jones*, 978 F.3d 1004, 1008 (7th Cir. 1992) (quotation marks and citations omitted); *see also McCoy v. Iberdrola Renewables, Inc*., 760 F.3d 674, 685 (7th Cir. 2014) ("District courts may refuse to entertain a proposed amendment on futility grounds when the new pleading would not survive a motion to dismiss.") (citing *Gandhi v. Sitara Capital Mgmt., LLC*, 721 F.3d 865, 869 (7th Cir. 2013)). Indeed, "[f]utility, in the context of Rule 15, refers to the inability to state a claim, not the inability of the plaintiff to prevail on the merits." *Serrino v. Flynn*, No. 13-cv-8841, 2015 WL 4148855, at *2 (N.D. Ill. July 8, 2015) (citing *Bower*, 978 F.3d at 1008)).

The Overall Receiver maintains that Pennant has no standing to pursue its claims, or its alleged assignors' claims, after "applying bankruptcy principles to this case" in light of Local Rule 66.1(a). (R. 566 at 10.) Local Rule 66.1(a) provides, however, that "[t]he administration of estates by receiver or other officers shall be similar to that in bankruptcy cases[.]" Local Rule 66.1(a). As discussed further below, the present motion is limited to Pennant's ability to amend its pleadings, not the actual "administration of [the] estate." Indeed, Pennant's pursuit of its direct claims and its alleged assignors' claims leave any future asset-distribution unaffected, as the Court does not in any way make creditor-superiority-determinations at this time. As a result, the Overall Receiver's reliance on the Local Rule's bankruptcy standard is misapplied. Instead,

---

[1] As the Court denies the Overall Receiver's objections outright, it need not address whether it has standing to object to Pennant's motion for leave to amend.

the Overall Receiver's standing and futility arguments are subject to traditional Article III standing analyses.

"Standing arises under the 'case or controversy' requirement, found in U.S. Const. art. III, § 2, and 'serves to identify those disputes which are appropriately resolved through the judicial process.'" *Johnson*, 719 F.3d at 606 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992)). "As a jurisdictional requirement, the plaintiff bears the burden of establishing standing." *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443 (7th Cir. 2009). The plaintiff must establish each of the following three elements:

> (1) the plaintiff must have suffered an "injury in fact"—that is, "an invasion of a legally protected interest which is (a) concrete and particularized," and (b) actual or imminent, not conjectural or hypothetical; (2) "there must be a causal connection between the injury and the conduct complained of" (*i.e.,* the injury must be fairly traceable to the challenged action of the defendant); and (3) "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision."

*Sierra Club v. EPA*, 774 F.3d 383, 388 (7th Cir. 2014) (quoting *Lujan*, 504 U.S. at 560-61, 112 S. Ct. 2130). "[E]ach element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.,* with the manner and degree of evidence required at the successive stages of the litigation." *Lac Du Flambeau Band of Lake Superior Chippewa Indians v. Norton*, 422 F.3d 490, 496 (7th Cir. 2005) (quoting *Lujan*, 504 U.S. at 561, 112 S. Ct. 2130). "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we 'presum[e] that general allegations embrace those specific facts that are necessary to support the claim.'" *Id*. Further, "'[i]n reviewing the standing question, the court must be careful not to decide the questions on the merits for or against the plaintiff, and must therefore assume that on the merits the plaintiffs would be successful in their claims.'" *Sierra Club*, 774 F.3d at 389 (quoting *City of Waukesha v.*

5

*EPA*, 320 F.3d 228, 235 (D.C. Cir. 2003)).

Pennant has established standing to move to amend its pleadings pursuant to Article III. Pennant alleges that twenty-six loans they purchased from FFF "were fraudulent; the borrowers did not exist, and neither the loans nor the guarantees were reflected in the books and records of the USDA." (R. 525-1 at 2.) Further, Pennant alleges a causal connection, asserting that "[t]his action seeks to recover for this fraud, conceived of and executed by FFF's principals, Nikesh, Trisha, and Fisher, as well as Patel Entities and Fisher Entities, to which proceeds of fraud were diverted and which were used to secret funds and acquire assets." (*Id*. at 3.) Finally, given the established Overall Receivership and recent claims-resolution process, the Complaint is likely to redress these issues. As a result, Pennant has established standing.

The Overall Receiver's contention that Pennant's amendment is futile due its allegedly unrealistic attempt to prosecute its claims meets the same fate. As noted above, Rule 15 futility arguments do not turn on the "inability of the plaintiff to prevail on the merits." *Serrino*, 2015 WL 4148855, at *2 (citing *Bower*, 978 F.3d at 1008). As such, Pennant has standing, and its amendment is not futile.

### B. Undue Delay and Undue Prejudice

The Overall Receiver also argues that "[a]llowing Pennant to pursue the claims in the [Complaint] will delay the administration of the Overall Receivership Estate." (R. 668 at 7.) Further, the Overall Receiver contends that "allowing the [Complaint] to proceed would prejudice virtually every other creditor . . . [as doing so] is unnecessary, duplicative and would only drain precious resources from the estate." (*Id*. at 9.) These concerns, however, are insufficient to preclude Pennant from filing an amended complaint.

Courts may deny a proposed amendment if the "moving party has unduly delayed in

filing the motion [or] if the opposing party would suffer undue prejudice." *Soltys*, 520 F.3d at 743. In assessing a motion for leave to amend for undue delay, "[t]he underlying concern is the prejudice to the defendant rather than simple passage of time." *McCoy*, 760 F.3d at 687; *see also Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 793 (7th Cir. 2004) ("[D]elay by itself is normally an insufficient reason to deny a motion for leave to amend. Delay must be coupled with some other reason. Typically, that reason . . . is prejudice to the non-moving party.") (citing *Perrian v. O'Grady*, 958 F.2d 192, 194 (7th Cir. 1992)). As a result, undue delay and undue prejudice are often directly proportional. *See Johnson v. Cypress Hill*, 641 F.3d 867, 872 (7th Cir. 2011) ("[T]he longer the delay, the greater the presumption against granting leave to amend."). Accordingly, "[t]he issue of undue delay generally arises when a plaintiff seeks leave to amend deep into the litigation." *Id.* (citing *Sanders v. Venture Stores, Inc.*, 56 F.3d 771, 773-74 (7th Cir. 1995) (affirming denial of leave to amend after close of discovery, as it would have required additional discovery). Indeed, "[courts] approach the concept of undue delay at the pleading stage with some skepticism," as "[u]ndue delay is unusual at the pleading stage[.]" *McCoy*, 760 F.3d at 687.

The Overall Receiver first asserts an "undue delay" argument, claiming that Pennant's amendment will delay the claim resolution and estate administration process. (R. 668 at 7.) This argument misunderstands *Foman*'s concern. The "undue delay" analysis asks whether the amending party has "unduly delayed in filing the amendment." *Soltys* 520 F.3d at 743 (quoting *Campania Mgmt. Co., Inc. v. Rooks, Pitts & Poust*, 290 F.3d 843, 849 (7th Cir. 2002) (citing *Foman*, 371 U.S. at 181-82)). The Overall Receiver's argument, however, focuses on the potential delay the amendment will cause. As a result, the Court instead interprets this as an

7

"undue prejudice" argument.[2]

The Overall Receiver next asserts a series of arguments alleging that Pennant's amendment would be unduly prejudicial. All of them, however, go to the adjudication of the claims and the administration of the estate, not to whether Pennant is free to amend its complaint. The Overall Receiver first argues that "Pennant's claims . . . should be asserted and resolved through the proof of claim process" given the "limited resources" of the estate. (R. 566 at 8.). He then submits that the amendment would be "detrimental to the Overall Receiver's efforts to secure the cooperation of Nikesh and Trisha Patel in recovering assets for the benefit of all creditors and limiting the liabilities of the receivership estate." (*Id*. at 9.) Next, the Overall Receiver contends that prosecuting the amended complaint would be burdensome to an estate of limited resources, especially when "any remaining assets they may have are or soon will be liquidated for the benefit of all creditors" anyways. (*Id*.) Finally, the Overall Receiver alleges that Pennant is "estopped from collecting receivership funds" after the Court's April 23, 2015 Agreed Order placing all assets in a "trust for the benefit of the investor-creditors." (*Id*.)

None of these possible prejudices to the estate and other creditors will necessarily occur as a result of Pennant's amended pleadings. Instead, procedural mechanisms exist that can prevent most, if not all, of these concerns, regardless of whether Pennant pursues claims on behalf of itself and its alleged assignors. Moreover, as noted above, the Court, in allowing Pennant's amendment, in no way makes a superiority determination regarding the creditors'

---

[2] To the extent, however, the Overall Receiver intended to make an "undue delay" argument, the Court finds that it is too early to preclude Pennant's amendment on this ground. The case is far from "deep into the litigation" where "the issue of undue delay generally arises." *Johnson*, 641 F.3d at 872 (citation omitted). Indeed, the Court has not even scheduled discovery. *See, e.g., Dubicz*, 377 F.3d at 793, n. 1 (Reversing a district court's denial of a plaintiff's motion to amend, stating that "[i]t is important to emphasize that this litigation has never progressed beyond the pleadings. This is not the case where a plaintiff seeks to amend its complaint after the close of discovery[.] . . . In this case, the proceeding never progressed much beyond the filing of a complaint, and amended complaint, and [Defendant's] responses (in the form of a motion to dismiss) thereto."). Thus, Pennant's motion for leave to amend is not barred by "undue delay."

8

claims. Indeed, Pennant has explicitly admitted that "Pennant recognizes the Court will ultimately determine how the assets in the Receivership Estate are to be disbursed. Pennant will also cooperate with the development of a joint proposed discovery plan that is efficient and does not interfere with the prosecution of claims." (R. 614 at 13.) As a result, Defendants' and the Overall Receiver's proposed prejudices amount to preventable equitable concerns that do not legally bar Pennant's motion for leave to amend.

### C. Bad Faith

The Overall Receiver's final argument meets the same fate. He claims that "Pennant's bad faith is, unfortunately, manifest[,] . . . [as] it has retracted a material falsehood that it thrice foisted upon the Court—the fiction that it is the beneficial owner of the FFF loans." (R. 668 at 8.) This argument, however, also misapplies the Rule 15 inquiry. Indeed, the appropriate question is whether Pennant made the *amendment* in bad faith—not simply whether Pennant has ever acted in bad faith in the course of the litigation. *See Ferguson v. Roberts*, 11 F.3d 696, 707 (7th Cir. 1993) ("[T]he district court was concerned that [the amendment] was a tactic on the part of the plaintiffs to postpone the trial date. Given that these new allegations arose out of the same transaction or occurrence as the others, the district court questioned why the plaintiffs did not seek to amend the complaint until one month before the close of discovery. . . . We believe that the district court did not abuse its discretion in denying the plaintiffs' motion for leave to file a third amended complaint.") Here, Pennant's amendment attempts to rectify the very inaccuracy with which the Overall Receiver takes issue. If anything, "retract[ing] a material falsehood" exemplifies a *good* faith amendment. (R. 668 at 8.) Thus, Pennant's motion for leave to amend is not precluded by "bad faith."

## CONCLUSION

For the foregoing reasons, the Court grants Plaintiff's motion for leave to file an amended complaint.

**DATED: January 19, 2016**  **ENTERED**

_____
AMY J. ST. EVE
U.S. District Court Judge