IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| FIRST FARMERS FINANCIAL | ) | |
| LITIGATION | ) | |
| | ) | |
| PATRICK CAVANAUGH, | ) | No. 14 CV 7581 |
| not individually, but as the Receiver of the | ) | |
| Overall Receivership Estate, | ) | Hon. Amy J. St. Eve |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BCM HIGH INCOME FUND, LP and | ) | |
| HIGH INCOME GP, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

In *Defendants' Answer to Complaint* (the "Answer"), Defendants BCM High Income Fund, LP ("BCM") and BCM High Income Fund GP, LLC ("BCM GP" and collectively with BCM, "Defendants") asserted Thirteen "Affirmative and Other Defenses." (R. 1466, Defs.' Answer to Compl., 44-47.) Patrick Cavanaugh, as receiver of the Overall Receivership Estate ("Overall Receiver" or "Plaintiff"), moves to strike the First Defense, Third Defense, Fourth Defense, Fifth Defense, Sixth Defense, Seventh Defense, Eighth Defense, Ninth Defense, Tenth Defense, Eleventh Defense, Twelfth Defense, and Thirteenth Defense (collectively, the "Defenses"). (R. 1486, Mot. of Overall Receiver to Strike Defs.' Affirm. and Other Defenses.) Defendants agreed to withdraw their Thirteenth Defense, thus this aspect of the motion is moot. (R. 1491, Defs.' Mem. Law in Opp'n to Pl.'s Mot. to Strike Defs.' Affirm. and Other Defenses,

1.) For the following reasons, the Court grants in part and denies in part Plaintiff's motion to strike.

## BACKGROUND

On May 1, 2017, the Overall Receiver filed his Complaint against Defendants to recover alleged fraudulent transfers in excess of $22 million made by First Farmers and the Guaranty Fund, and to obtain additional relief against Defendants. Plaintiff's claims arise from a fraud conducted by First Farmers and its owner, Nikesh Patel, who sold millions of dollars in loans that were purportedly guaranteed by the U.S. Department of Agriculture's Rural Development Program.

In their Answer, Defendants assert thirteen affirmative defenses. (Answer, 44-47.) In the First Defense, Defendants assert that Plaintiff fails "to state a claim against Defendants upon which relief may be granted." (*Id*. at 44.) In the Second Defense, Defendants assert that Plaintiff's claims are barred because "BCM received the P&I Transfers and the Repurchase Transfer in good faith and for reasonably equivalent value." (*Id*.) In the Third Defense, Defendants claim that they "did not have actual or constructive knowledge of First Farmers' or the Guaranty Fund's fraudulent activities or insolvency." (*Id*. at 45.) In the Fourth Defense, Defendants allege that they "were not unjustly enriched by their alleged conduct." (*Id*.) In the Fifth Defense, Defendants assert that the doctrine of unclean hands bars Plaintiff's claims. (*Id*.) In the Sixth Defense, Defendants allege that the doctrine of *in pari delicto* bars Plaintiff's claims. (*Id*.) In the Seventh Defense, Defendants claim that "the doctrines of set off and/or recoupment" bar Plaintiff's claims. (*Id*. at 45-46.) In the Eight Defense, Defendants assert that Plaintiff has an adequate remedy at law and that there is "no factual or legal basis for…granting… equitable relief." (*Id*. at 46.) In the Ninth Defense, Defendants assert that Plaintiff "has incurred no

damages as a result of Defendants' alleged conduct." (*Id*. at 46-47.) In the Tenth Defense, Defendants allege that Plaintiff's claims are barred because Defendants' alleged conduct benefitted Plaintiff more than it harmed it. (*Id*. at 47.) In the Eleventh Defense, Defendants claim "an offset for the total amounts paid to" Plaintiff. (*Id*.) In the Twelfth Defense, Defendants allege that express contracts govern and bar the unjust enrichment claims. (*Id*.) In the Thirteenth Defense, Defendants "reserve and assert all affirmative and other defenses available under any applicable federal or state law," including "additional defenses, counterclaims, cross-claims, and third-party claims." (*Id*.)

For all Defenses with the exception of the Seventh Defense and the Thirteenth Defense, Defendants lay out each affirmative defense in exactly one sentence. Defendants provide factual allegations only to support the Seventh Defense. Defendants plead the Thirteenth Defense in three sentences, but do not include any facts.

Plaintiff did not move to strike the Second Defense. (Mot. to Strike Defs.' Affirm. Defenses.) Defendants "agree[d] to withdraw their Thirteenth Affirmative Defense." (Defs.' Opp'n to Pl.'s Mot. to Strike, 1.) Therefore, the Court addresses below the following eleven defenses: First Defense, Third Defense, Fourth Defense, Fifth Defense, Sixth Defense, Seventh Defense, Eighth Defense, Ninth Defense, Tenth Defense, Eleventh Defense, and Twelfth Defense.

**LEGAL STANDARD**

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, the Court can strike "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f); *Delta Consulting Grp., Inc. v. R. Randle Constr., Inc.*, 554 F.3d 1133, 1141 (7th Cir. 2009). District courts have considerable discretion under Rule 12(f). *See Delta*, 554

3

F.3d at 1141-42. "Affirmative defenses will be stricken 'only when they are insufficient on the face of the pleadings.'" *Williams v. Jader Fuel Co.*, 944 F.2d 1388, 1400 (7th Cir. 1991) (quoting *Heller Fin. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989)). "Motions to strike are not favored and will not be granted unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense, and are inferable from the pleadings." *Id.* (citations and quotations omitted).

It is appropriate, however, "for the court to strike affirmative defenses that add unnecessary clutter to a case." *Davis v. Elite Mortgage Servs.*, 592 F. Supp. 2d 1052, 1058 (N.D. Ill. 2009) (citing *Heller*, 883 F.2d at 1295). "It is also true that because affirmative defenses are subject to the pleading requirements of the Federal Rules of Civil Procedure, they must set forth a 'short and plain statement' of all the material elements of the defense asserted; bare legal conclusions are not sufficient." *Id.* (citing *Heller*, 883 F.2d at 1294; Fed.R.Civ.P. 8(a); *Renalds v. S.R.G. Rest. Grp.*, 119 F. Supp. 2d 800, 802 (N.D. Ill. 2000)). According to Rule 8(a)(2), every pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a).

Again, "[a]ffirmative defenses are pleadings and, therefore, are subject to all pleading requirements of the Federal Rules of Civil Procedure." *Heller,* 883 F.2d at 1294. "An affirmative defense must include direct or inferential allegations as to all elements of the defense asserted." *LaSalle Bank Nat'l Ass'n v. Paramont Properties*, 588 F. Supp. 2d 840, 860 (N.D. Ill. 2008) (citing *Reis Robotics USA, Inc. v. Concept Indus., Inc.,* 462 F. Supp. 2d 897, 904 (N.D. Ill. 2006)). In their Answer, Defendants for the most part allege one-sentence Defenses and only develop their arguments in their Opposition to Plaintiff's Motion to Strike. Despite their efforts to later supplement their briefing, it is an "axiomatic rule that a plaintiff may not amend his

4

complaint in his response brief." *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreen Co.*, 631 F.3d 436, 448 (7th Cir. 2011) (citing *Frederico v. Home Depot,* 507 F.3d 188, 201–02 (3d Cir. 2007); *Car Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1107 (7th Cir. 1984)). The same is true for a defendant attempting to amend their answer in a later filing. Therefore, the Defenses stand alone as written in the Answer and are not amended by Defendants' later briefing.

The Court—along with many others in this District—examines affirmative defenses by reference to *Twombly*'s "plausibility" pleading standard. *See, e.g.*, *State Farm Fire & Cas. Co. v. Electrolux Home Prods., Inc.*, 2011 WL 133014 (N.D. Ill. Jan. 14, 2011) (citing *Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also Edwards v. Mack Trucks, Inc.*, 310 F.R.D. 382, 386 (N.D. Ill. 2015) ("While the Seventh Circuit has not addressed whether the *Twombly–Iqbal* standard applies to affirmative defenses, judges in this district have generally found these requirements to apply").

The Court—again along with many others in this District—assesses the sufficiency of an affirmative defense in three steps. *In re DiPiero*, 553 B.R. 122, 128 (Bankr. N.D. Ill. 2016); *Bryson v. Benchmark Mgmt. Corp.*, 2015 WL 1188524, *2 (Mar. 12, 2015); *LaSalle Bank,* 588 F. Supp. 2d at 860; *Reis Robotics*, 462 F. Supp. 2d at 905. First, the Court determines whether the matter pled actually constitutes an affirmative defense. *Reis Robotics,* 462 F. Supp. 2d at 905. Second, the Court considers whether the defense is adequately pled under the pleading standards of Rules 8 and 9. *Id.* Third, the Court evaluates the sufficiency of the defense pursuant to a standard identical to Rule 12(b)(6). *Id.* "Before granting a motion to strike an affirmative defense, the Court must be convinced that there are no unresolved questions of fact,

that any questions of law are clear, and that under no set of circumstances could the defense succeed." *Id*.

In a case premised on diversity jurisdiction, the legal and factual sufficiency of the affirmative defenses is examined with reference to state law. *Id*.; *Williams*, 944 F.2d at 1400. Plaintiff and Defendants do not to dispute that Florida law governs these issues. Neither parties' briefings address choice of law issues. "Courts do not worry about conflicts of laws unless the parties disagree on which state's law applies." *Auto–Owners Ins. Co., v. Webslov Computing, Inc.*, 580 F.3d 543, 547 (7th Cir. 2009).

## ANALYSIS

Before the Court is Plaintiff's motion to strike affirmative defenses. After reviewing both parties' submissions on the issue, the Court grants in part and denies in part Plaintiff's motion to strike. The Court strikes the First Defense, Third Defense, Fourth Defense, Fifth Defense, Sixth Defense, Eighth Defense, Ninth Defense, Tenth Defense, Eleventh Defense, and Twelfth Defense without prejudice. The Court denies Plaintiff's motion to strike with regard to the Seventh Defense. Plaintiff did not move to strike the Second Defense and Defendants withdrew the Thirteenth Defense.

### I. Affirmative Defense No. 1

Defendants' First Defense asserts: "The Complaint and each claim for relief fails, in whole or in part, to state a claim against Defendants upon which relief may be granted." (Answer, 44.) Defendants do not offer anything in support of this statement. The First Defense, while labeled as an affirmative defense, alleges a defect in Plaintiff's *prima facie* case—the assertion in Defendants' Answer is a denial of Plaintiff's claim, not an affirmative defense. *See Premium Leisure, LLC v. Gulf Coast Spa Mfrs., Inc.*, 2008 WL 3927265, *3 (M.D. Fla. Aug. 21,

6

2008) (treating a "failure to state a claim" affirmative defense as a denial and therefore not striking this defense). "In attempting to controvert an allegation in the complaint, a defendant occasionally may label his negative averment as an affirmative defense rather than as a specific denial." 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1269 (3d ed. 2004). "When this occurs, the proper remedy is not to strike the claim, but instead to treat the claim as a specific denial." *Bluewater Trading LLC v. Willmar USA, Inc.*, 2008 WL 4179861, *2 (S.D. Fla. Sept. 9, 2008) (treating a "failure to state a claim" affirmative defense as a denial and not striking this defense) (citing *Home Mgmt. Sols., Inc. v. Prescient, Inc.*, 2007 WL 2412834, *3 (S.D. Fla. Aug. 21, 2007); *Ohio Nat'l Life Assurance Corp. v. Langkau*, 2006 WL 2355571, *2 (M.D. Fla. Aug. 15, 2006)). *See Gonzalez v. Spears Holdings, Inc.*, 2009 WL 2391233, *2 (S.D. Fla. July 31, 2009) (treating a "failure to state a claim" affirmative defense as a denial and not striking this defense). Nonetheless, the First Defense is devoid of any allegation regarding the purported deficiencies in the Complaint. Accordingly, the Court strikes the First Defense without prejudice.

## II.     Affirmative Defense No. 3

Defendants' Third Defense asserts: "Defendants did not have actual or constructive knowledge of First Farmers' or the Guaranty Fund's fraudulent activities or insolvency." (Answer, 45.) Defendants do not reference any legal principles to contextualize this blanket statement and they do not include any factual allegations to make it plausible. "Actual or constructive knowledge" is likely an element of some claim, but on its face and as pleaded by Defendants, this is not an affirmative defense. Therefore, Defendants' Third Defense is stricken without prejudice.

## III.    Affirmative Defenses Nos. 4-6, 12

Defendants' Fourth Defense asserts: "Defendants were not unjustly enriched by their alleged conduct." (Answer, 45.) The Fifth Defense reads: "The Overall Receiver's claims are barred, in whole or in part, by the doctrine of unclean hands." (*Id.*) The Sixth Defense reads: "The Overall Receiver's claims against Defendants are barred, in whole or in part, by the doctrine of *in pari delicto*." (*Id.*) The Twelfth Defense reads: "The Overall Receiver's unjust enrichment claims are barred by express contracts governing the subject matter of those claims." (Answer, 47.) Defendants do not include anything more for these four defenses other than a bare-bones recitation invoking the three legal doctrines of unjust enrichment, unclean hands, and *in pari delicto*—all cognizable affirmative defenses under Florida law.

Florida law recognizes unjust enrichment as an affirmative defense. *See, e.g.*, *CMH Homes, Inc. v. LSFC Co., LLC,* 118 So. 3d 964, 965 (Fla. Dist. Ct. App. 2013) (laying out the four elements of the unjust enrichment affirmative defense); *Mandell v. Fortenberry*, 290 So. 2d 3, 6–7 (Fla. 1974) (finding that the duty to plead and prove the affirmative defense of unjust enrichment rested on the defendants). Florida law also recognizes the doctrine of unclean hands as an affirmative defense. *Cong. Park Office Condos II, LLC v. First-Citizens Bank & Tr. Co.*, 105 So. 3d 602, 609 (Fla. Dist. Ct. App. 2013) ("Unclean hands is an equitable defense…"); *Quality Roof Servs., Inc. v. Intervest Nat'l Bank*, 21 So. 3d 883, 885–86 (Fla. Dist. Ct. App. 2009). Lastly, Florida law recognizes *in pari delicto* as an affirmative defense. *Earth Trades, Inc. v. T & G Corp.*, 108 So. 3d 580, 583 (Fla. 2013) ("The defense of *in pari delicto* is both an affirmative defense and an equitable defense.") (citations omitted); *see also* 22 Fla. Jur.2d *Equity* § 76 (2005).

While unjust enrichment, unclean hands and *in pari delicto* are all affirmative defenses under Florida law, Defendants did not properly plead or develop with particularity any of these

8

defenses. The Court cannot infer on the face of the pleadings which factual allegations establish the elements of these defenses and support Defendants' conclusion that they bar Plaintiff's claims. In view of these pleading defects, the Court strikes the Fourth Defense, Fifth Defense, Sixth Defense and Twelfth Defense without prejudice.

## IV. Affirmative Defenses Nos. 7, 11

Defendants' Seventh Defense asserts: "The Overall Receiver's claims against Defendants are barred, in whole or in part, by the doctrines of set off and/or recoupment." (Answer, 45.) Defendants include factual allegations in support of their conclusion. (Answer, 45-46.) The Eleventh Defense asserts that if Defendants were held liable to the Overall Receivership, "Defendants would be entitled to an offset for the total amounts paid to the Overall Receiver and the entities comprising the Overall Receivership Estate." (Answer, 47.) For this defense, Defendants yet again fail to provide any supporting facts.

In their briefings, both Defendants and Plaintiff cite to the Florida Uniform Fraudulent Transfer Act (the "FUFTA") for the premise that offsetting or recoupment are available affirmative defenses.[1] Under FUFTA, an affirmative defense also exists for transferees "who took [the assets transferred] in good faith and for a reasonably equivalent value."[2] Fla. Stat. § 726.109(1); *see Regions Bank v. Kearney*, 2015 WL 1189959, *1 (M.D. Fla. Mar. 16, 2015) (noting that good faith is an affirmative defense under FUFTA, which the defendant must prove); *S.P. Richards Co. v. Hyde Park Paper Co.*, 2015 WL 4548707, *5 (M.D. Fla. July 28, 2015)

---

[1] Fla. Stat. Ann. § 726.109(2) reads: "to the extent a transfer is voidable in an action by a creditor under s. 726.108(1)(a), the creditor may recover judgment for the value of the asset transferred, as adjusted under subsection (3), or the amount necessary to satisfy the creditor's claim, whichever is less." Fla. Stat. Ann. § 726.109(3) provides: "If the judgment under subsection (2) is based upon the value of the asset transferred, the judgment must be for an amount equal to the value of the asset at the time of the transfer, subject to adjustment as the equities may require."

[2] Defendants assert the good faith affirmative defense in the Second Defense and Plaintiff does not challenge this defense with a motion to strike.

(recognizing the affirmative defense of good faith under FUFTA). *See also In re First Farmers Fin. Litig.*, 2017 WL 3478813, *6 (N.D. Ill. Aug. 14, 2017). Additionally, Florida law recognizes setoff as an affirmative defense. *Perlman v. Wells Fargo Bank, N.A.*, 2014 WL 4449602, *2 (S.D. Fla. Sept. 10, 2014) (finding that a setoff was an affirmative defense); *In re Old Naples Sec., Inc.*, 343 B.R. 310, 314 (Bankr. M.D. Fla. 2006) (finding that setoff was an affirmative defense under F.R.Civ.P. 8(c) as adopted by F.R.B.P. 7008(c)).

Defendants have pled their Seventh Defense adequately because Defendants state specific, plausible factual allegations in support of the affirmative defense of offset/recoupment, as recognized by FUFTA and Florida case law. The Court thus denies the motion to strike the Seventh Defense. The Court, however, strikes the Eleventh Defense without prejudice as inadequately pleaded under the Federal Rules of Civil Procedure.

## V. Affirmative Defense No. 8

Defendants' Eighth Defense asserts: "The Overall Receiver has an adequate remedy at law and no factual or legal basis for the granting of equitable relief." (Answer, 46.) Defendants do not offer any basis in support of this statement. Florida courts recognize as an affirmative defense that a party has "a sufficient and adequate remedy at law," and can therefore not be entitled to equitable relief. *Lennar Homes, Inc. v. Dorta-Duque*, 972 So. 2d 872, 880 (Fla. Dist. Ct. App. 2007) (finding that plaintiff had an adequate remedy at law and was therefore not entitled to specific performance). Defendants, however, have not successfully pleaded this affirmative defense with their one-sentence argument. The Court strikes the Eighth Defense without prejudice.

## VI. Affirmative Defenses Nos. 9-10

Defendants' Ninth Defense asserts: "The Overall Receiver's claims against Defendants are barred, in whole or in part, because the Overall Receiver and/or the Overall Receivership Estate has incurred no damages as a result of Defendants' alleged conduct." (Answer, 46-47.) The Tenth Defense reads: "The Overall Receiver's claims are barred, in whole or in part, because the Overall Receiver and/or the Overall Receivership Estate was benefitted more than harmed by Defendants' alleged conduct." (Answer, 47.) Defendants do not offer any basis, whether factual or legal, in support of either statement.

Some courts operating under Florida law recognize a "no damage/injury/harm" affirmative defense. *See, e.g.*, *Madura v. BAC Home Loans Servicing L.P.*, 2012 WL 366925 (M.D. Fla. Feb. 3, 2012) (finding that a "no injury or damages" affirmative defense was proper and denying to strike this defense). Some courts find that a "no damage/injury/harm" argument is not an affirmative defense. *See, e.g.*, *Perlman v. Bank of Am., N.A.*, 2014 WL 12279513, *2 (S.D. Fla. Sept. 19, 2014) (While the defendant may later assert that the plaintiff has suffered no injury, the court did not find that this theory was properly categorized as an affirmative defense and struck the "no injury" defense with prejudice.) (citing *Branch Banking & Trust Co. v. Nat'l Fin. Servs., LLC*, 2014 WL 2019301, *4 (M.D. Fla. May 16, 2014)). Other courts find that a "no damage/injury/harm" argument is a specific denial. *See, e.g.*, *Disability Law Claims, P.A. v. IM Sols., LLC*, 2015 WL 12745546, *2 (S.D. Fla. Sept. 18, 2015) (finding that a "no harm" affirmative defense was a mere denial of the plaintiff's *prima facie* case and could be construed as a specific denial, but choosing to strike the defense because it was redundant with arguments in the answer).

Regardless of whether the "no damage/injury/harm" argument is or is not an affirmative defense under Florida law, Defendants have not pleaded these defenses in any meaningful way. The Court strikes the Ninth Defense and Tenth Defense without prejudice.

## CONCLUSION

For the foregoing reasons, the Court grants in part and denies in part Plaintiff's motion to strike affirmative defenses. The Court strikes the First Defense, Third Defense, Fourth Defense, Fifth Defense, Sixth Defense, Eighth Defense, Ninth Defense, Tenth Defense, Eleventh Defense, and Twelfth Defense without prejudice. The Court denies Plaintiff's motion to strike with regard to the Seventh Defense. Plaintiff did not move to strike the Second Defense and Defendants withdrew the Thirteenth Defense.

**Dated:** September 6, 2017　　　　　　　　　　　　**ENTERED**

_____
AMY J. ST. EVE
United States District Court Judge