UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>FIRST FARMERS FINANCIAL LITIGATION | Case No. 14 CV 7581<br>Hon. Amy J. St. Eve |
| PATRICK CAVANAUGH, not individually, but as the Receiver of the Overall Receivership Estate,<br><br>       Plaintiff<br> vs.<br><br>DAVENPORT VENTURES II, LLC; CAPTAIN'S CAY HOTEL DAVENPORT, LLC; NIRAJ V. PATEL; AJAY G. PATEL; U.S. SMALL BUSINESS ADMINISTRATION,<br><br>       Defendants. | |

**ORDER APPROVING DAVENPORT VENTURES TRANSACTION
AND RELATED COMPROMISES**

   This matter coming before the Court for a hearing with respect to the Motion filed by Patrick D. Cavanaugh, not individually, but solely in his capacity as receiver of the Overall Receivership Estate ("Overall Receiver") seeking the entry of an order authorizing the Overall Receiver to consent to the proposed sale and release of First Farmers' mortgage on the Davenport property, approving the distribution of funds from the Davenport transaction, and approving certain compromises in connection therewith; due notice having been provided to all parties in interest; no objections having been filed; and the Court finding that the relief sought in the Motion is in the best interests of the Overall Receivership Estate; IT IS HEREBY ORDERED THAT:

   1.  The Overall Receiver's Motion is granted, as set forth herein.

   2.  The Overall Receiver is authorized to consent to the sale of the Davenport property pursuant to the contracts attached to the Motion as Group Exhibit A and to execute such documents as may be necessary to complete the transaction, including a release of First Farmers' mortgage, lis pendens and related loan documents at closing.

3. The proposed distribution of earnest money deposit as Restitution Funds and the balance of the sale proceeds from the Davenport transaction to the various holders of interests in the Davenport loan, including SBA, the Pool Originator and the Overall Receivership Estate, as set forth in the Motion, is hereby approved.

4. Upon receipt of the surplus proceeds from the Davenport sale in the approximate amount of $1.2 million, the Overall Receiver will move to dismiss the Davenport foreclosure proceeding with prejudice and the following claims of the Overall Receivership Estate shall be deemed fully satisfied and released: (i) all claims against Ajay Patel for various transfers including, but not limited to, approximately $444,000 for a house in India; (ii) the remaining $150,000 claim held by 1855 S. Ridgeway, LLC against Niranjan and Minaxi Patel; (iii) a $22,000 claim related to a transfer from a TD Bank account to an acquaintance of Nikesh Patel; (iv) a $225,000 claim against Pinu Patel, Ankur Patel, and Patel Construction, LLC; and (v) all claims against Niraj V. Patel; *provided*, *however*, that the Overall Receiver is only releasing claims that exist and are actually known to the Overall Receiver as of the date of this Order, and the continuing validity and effectiveness of the foregoing releases shall be conditioned upon the released parties' continued cooperation with the Overall Receiver to, among other things, provide available documents, truthful testimony and other information, as may be reasonably required in connection with the above-captioned receivership case.

5. The Court shall retain jurisdiction to enforce this Order.

ENTER:

Dated: October 10, 2017

Honorable Amy J. St. Eve
United States District Judge

2