UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>FIRST FARMERS FINANCIAL LITIGATION | Case No. 14 CV 7581<br>Hon. Amy J. St. Eve |
| PATRICK CAVANAUGH, not individually, but as the Receiver of the Overall Receivership Estate,<br><br>                                Plaintiff<br>    vs.<br><br>DAVENPORT VENTURES II, LLC;<br>CAPTAIN'S CAY HOTEL DAVENPORT, LLC;<br>NIRAJ V. PATEL; AJAY G. PATEL;<br>U.S. SMALL BUSINESS ADMINISTRATION,<br><br>                                Defendants. | |

**ORDER GRANTING RENEWED MOTION
TO ENFORCE SETTLEMENT AGREEMENT**

The above-captioned civil proceeding having come before the Court on the renewed motion ("Motion")[1] of Patrick Cavanaugh, the plaintiff and Overall Receiver in this case, for the entry of an order enforcing the Settlement Agreement dated as of March 3, 2016 by and between the Overall Receiver, Davenport Ventures II, LLC ("Davenport"), Ajay G. Patel ("Ajay"), Captain's Cay Hotel Davenport, LLC, and Niraj V. Patel (the "Settlement Agreement"), which was approved by the Court by Order dated March 16, 2016 (Doc. 971); due and proper notice having been provided; the Court having jurisdiction to hear and determine the Motion; and after due deliberation and consideration of the Motion, and there being good cause to grant the relief provided herein; it is **ORDERED**:

---

[1] Capitalized terms not defined herein shall carry the meaning assigned in the Motion.

1. The Motion is granted, as set forth herein.

2. Davenport and Ajay are directed to transfer the $300,000 forfeited deposit from the Diaz transaction to the Law Offices of Mark L. Horwitz immediately upon execution of the termination agreement between Davenport and Diaz, or on such other terms as may be acceptable to the Overall Receiver.

3. The Overall Receiver is hereby granted immediate access to the Property, and the right to take possession and control of the 150-room motel commonly known as the Quality Inn Maingate South, located at 44199 US Highway 27 South, Davenport, Polk County, Florida 33897 (the "Property").

4. Davenport and Ajay shall fully cooperate in the prompt and orderly turnover of the Property, including all real and personal property (tangible and intangible), and all of Davenport's books and records), and provide access to all computers in the possession or control of Davenport and computers in the possession of Ajay, if any, sufficient to provide the Overall Receiver with all files of any books and records of Davenport as soon as reasonably practicable, and further cooperate with the marketing and sale of the Property by the Overall Receiver, including but not limited to, providing information to any broker hired by the Overall Receiver and executing any and all documents as may be reasonably required to effectuate a sale of the Property.

5. Davenport and Ajay and all of their agents, affiliates and employees are hereby enjoined from (i) transferring or causing or allowing any transfer of Davenport's property, tangible, intangible or mixed, including funds in any bank or other account, unless there is prior written consent of the Overall Receiver, (ii) entering into any agreements on behalf of Davenport or otherwise affecting Davenport's property, unless there is prior written consent of the Overall

3

Receiver, or (iii) otherwise interfering with the prompt and orderly turnover of possession of the Property to the Overall Receiver, and the sale of the Property by the Overall Receiver.

6.  Nothing contained in this Order or the actions taken by the Overall Receiver pursuant to this Order shall be construed as a waiver or release of any claims or remedies available to the Overall Receiver against Davenport, Ajay or any other responsible party related to the Property.

7.  This Order shall be effective and enforceable immediately upon entry.

8.  The Court shall retain jurisdiction to enforce this order.

Dated: February 8, 2018

Chicago, Illinois

Honorable Amy J. St. Eve
United States District Court Judge